ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
MICHELLE RAPOPORT, Bar No. 247459
mrapoport@littler.com
BROOKE DEARDURFF, Bar No. 292433
bdeardurff@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendants
THE GEO GROUP, INC. and GEO
CORRECTIONS AND DETENTION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL SANTIAGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC., a Florida Corporation dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC; DOES 1 - 10, individuals, and DOES, 11 - 20, business entities inclusive,<br><br>Defendants. | Case No. 5:16-CV-02263 – DOC - KK<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Michelle Rapoport; Compendium of Evidence; [Proposed] Order Granting Defendants' Motion]*<br><br>**Date: December 18, 2017**<br>**Time: 8:30 a.m.**<br>**Courtroom: 9D – 9th Floor**<br><br>Trial Date: January 23, 2018 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS                    1.

In accordance with Local Rule 56-1, Defendants THE GEO GROUP, INC. and GEO Corrections and Detention, LLC (hereafter as "GEO"), hereby submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion For Summary Judgment, or in the alternative, Partial Summary Judgment against Plaintiff Emanuel Santiago ("Plaintiff").

## UNCONTROVERTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 1. GEO operates corrections and detentions facilities, including the Adelanto Detention Facility. GEO Corrections and Detentions, LLC hired Plaintiff to work as a Detention Officer at the Adelanto Facility in March 2013. | (Declaration of James Janecka, Exhibit 1 to Compendium of Evidence ("Janecka Decl.") ¶¶ 2, 4.) |
| 2. On August 5, 2015, Plaintiff escorted a detainee from his cell to the shower. Once the detainee was in the shower, Plaintiff did not secure the shower door. Plaintiff left the detainee with the shower door unlocked, and left to attend to other duties. | (Janecka Decl., ¶¶ 7-8.) |
| 3. With Plaintiff away performing other functions, the unattended detainee exited the shower, walked | (Janecka Decl., ¶¶ 7-8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

2.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| towards the exit from the Restricted Housing Unit, and pushed a button seeking access through a locked door leading out of the unit.   Officer Elizabeth Marquez, hired on July 9, 2012, was stationed in Central Control and tasked with ensuring only authorized personnel gain access through locked doors. | |
| 4.    When the detainee pushed the button, Officer Marquez unlocked the door remotely from Central Control for him, and the detainee passed through the door.    The detainee continued on, gaining access through four doors monitored by Officer Marquez, until he was apprehended and returned to the Restricted Housing Unit. | (Janecka Decl., ¶¶ 7-8.) |
| 5.    Plaintiff submitted a report in connection with the incident.   In the report, he described the incident: "On 8.5.15, shortly before the 1630 count, I placed D/T Irias into a lower tier shower.    Plaintiff's report included additional details about the activities | (Janecka Decl., ¶ 8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS                              3.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| he engaged in after placing the detainee in the shower, including "counting" detainees, and delivering dinner trays to detainees, first on the lower tier, and then on the upper tier, as the detainee remained in the lower tier shower.   Plaintiff's report states, "I had not secured the shower door when placing D/T Irias in it due to administrative segregation now being an open dayroom and I believe he exited segregation while I was feeding the top tier with the porters." | |
| 6.    GEO made the decision to terminate both Plaintiff and Officer Marquez for their respective roles in the escape attempt.  Plaintiff was placed on administrative leave immediately after the incident and ultimately terminated. | (Janecka Decl., ¶ 9.) |
| 7.    Plaintiff's termination notice states: "On 8-5-2015, Officer E. Santiago was assigned as the 2nd Watch West Administrative Segregation Housing Unit Officer. He was given specific direction from | (Janecka Decl., ¶ 9, Ex. B.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Lt. Duran [a supervisor] to ensure two officers are present when escorting Detainee Irias …from in cell in Administrative Segregation to the shower.  At approximately 1623 hours Officer Santiago conducted a single officer escort of detainee Irias to the shower area, where he failed to lock and secure the shower door.  Officer Santiago then proceeded to retrieve two detainee porters to facilitate distribution of meal trays.   Formal count commenced at 1630 and was conducted by Officer Santiago and Officer Patterson.   Once count was completed Officer Patterson departed the unit to facilitate a lunch break for another officer.    Officer Santiago failed to get supervisory authorization to outcount detainee Irias in the shower area and further authorization to bring out two detained porters prior to the facility formal count clearing. While supervising detainee porters as they handed out meal trays on the far upper tier, detainee Irias completed | |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

5.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| his shower and pushed open the unsecure shower door at 1653 hours. Detainee Irias departed the Segregation housing unit unsupervised and unrestrained at approximately 1653 hours." | |
| 8.    The reason stated on Plaintiff's termination notice was "inability to perform job." | (Janecka Decl., ¶ 9, Ex. B.) |
| 9.    Officer Marquez was pregnant when the August 5, 2015 incident occurred.  She began her maternity leave pursuant to the Family Medical Leave Act immediately following the incident, on August 6, 2015. | (Janecka Decl., ¶ 10.) |
| 10.    GEO paid her no compensation during her leave.  Like Plaintiff, she performed no work for GEO at any time following the August 5, 2015 incident. | (Janecka Decl., ¶ 10.) |
| 11.    Following her FMLA leave, Officer Marquez extended her protected leave for her pregnancy related condition.    In all, Officer Marquez was on a leave of absence from August 5, 2015 until April 5, | (Janecka Decl., ¶ 10.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 2016. | |
| 12.   Shortly after she began her leave, GEO notified her that GEO was investigating the August 5, 2015 incident and would take appropriate action upon her return from leave. | (Janecka Decl., ¶ 11, Ex. E.) |
| 13.   When she attempted to return, the Warden at Adelanto, as he previously stated he would do, placed a request for her termination.   The termination request states:<br><br>     Ms.   Marquez   had   been   on FMLA/PFL from 8/6/2015 through 4/5/2016.     Prior   to   going   on FMLA/PFL Ms. Marquez accessed 4 doors from Central Control to allow a detainee house[d] in Administrative Segregation to exit Segregation.  The day that she was going to be placed on Administrative   Leave   without   pay (8/6/2015), Ms. Marquez did not return   back   to   work   but   instead indicated that she was going to be off on FMLA.  The letter was mailed to her notifying her that she was under | (Janecka Decl., ¶ 11, Ex. E.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| investigation due to the incident on August 5, 2015 and due to being out on FMLA the matter being investigated prior to her FMLA will remain open, but will need to close out upon her [return]…. [W]e are recommending termination of the following employee for inability to perform job. | |
| 14.   GEO terminated Officer Marquez's employment upon completion of her protected leave of absence. | (Janecka Decl., ¶ 11.) |
| 15.   In his verified response to GEO's interrogatory asking Plaintiff to state all facts that support his claim for gender discrimination, Plaintiff stated the following:<br><br>Officer Marquez was terminated related to the August 2015 incident with detainee Irias.   Geo terminated her at a different time than Officer Santiago because at the time that this happened Officer Marquez was pregnant and she went out on | (Declaration of Michelle Rapoport, Exhibit 2 to Compendium of Evidence ("Rapoport Decl.") ¶ 3, Ex. I.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| maternity leave the following day. When she returned after having her baby in May, she was terminated… | |
| 16.   In November 2013, a detainee scaled a fence in Adelanto's recreation yard, while supervised by a female Detention Officer. The female Officer was placed on administrative leave without pay, and following an investigation, GEO terminated the Officer for inattention to duty. There have been no other incidents at Adelanto in which a detainee attempted to escape. | (Janecka Decl., ¶ 13.) |
| 17.   In compliance with federal and state law, GEO provides employees with various types of protected leaves of absence.   Among them is the Family Medical Leave Act, which entitles eligible employees to take 12 weeks off every calendar year for a qualifying condition.   Qualifying conditions are defined by statute and include, but are not limited to, the birth of a child, or due to the employee's own serious health | (Janecka Decl., ¶ 10, Ex. D.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| condition. | |
| 18. GEO provides employees, in compliance with state and federal legal requirements, other types of leave, including Pregnancy Disability Leave, which entitles employees to time off due to a disability caused by pregnancy or childbirth. And, GEO provides leaves of absence under the Americans with Disabilities Act, and its state equivalents, where required and appropriate for employees who need accommodations. | (Janecka Decl., ¶ 16.) |
| 19. GEO's leave policy covers any qualifying condition, as required by law. GEO administers its leave of absence equally to eligible employees with a qualifying condition, regardless of the qualifying reason for the leave. GEO typically does not terminate employees during a legally protected leave of absence, regardless of the qualifying reason for the leave of absence. | (Janecka Decl., ¶ 16.) |
| 20. GEO would have waited until the conclusion of Officer Marquez's | (Janecka Decl., ¶ 17.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| leave of absence to terminate her employment had she taken the leave for any protected reason other than childbirth and related medical conditions. | |
| 21.    Had Plaintiff requested and qualified for a protected leave of absence immediately after the August 5, 2015 incident, GEO likely would have waited to terminate his employment until his return from leave. | (Janecka Decl., ¶ 17.) |
| 22.    GEO's policy is to "provide equal employment opportunity to all qualified individuals without regard to race, religion, color, sex, sexual orientation, age, national origin, disability, veteran status, marital status, gender discrimination, military status, medical condition or any other category protected by law…."<br><br>The policy contains a complaint procedure, which encourages employees to report incidents that are believed to violate the policy. The | (Janecka Decl., ¶ 18, Ex. F.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| policy further prohibits retaliation against any employee who files a charge of discrimination, cooperates with a governmental investigation of a charge, or exercises any right protected by federal or state law requiring equal opportunity. | |
| 23.  In his verified response to GEO's interrogatory asking Plaintiff to state all facts that support his claim for retaliation in violation of Labor Code section 1102.5, Plaintiff stated the following:<br><br>Defendants, made, adopted, and enforced a rule, regulation, and policy requiring Plaintiff to comply with Defendant's procedures, yet due to their under-staffing the facility, and forcing Defendant [sic] to be the only officer in a two officer post.  Upon learning Plaintiff was the only officer on duty in a two officer post, while the second officer was required to be elsewhere by the defendant, when their policies resulted in a detainee's | (Rapoport Decl., ¶ 3, Ex. I.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| near escape from the facility, Defendants retaliated against Plaintiff by terminating his employment, while not terminating or disciplining the other employee officer who had left her post, or the other employee from Control Center who allowed detainee Irias to exit through four security points.  Furthermore, when plaintiff made disclosures for what happened regarding the attempted scape [sic] by Orias [sic] Defendants retaliated against him by engaging in the adverse employment actions described hearing, which adversely and materially affected Plaintiff's employment. | |
| 24.  The contract between GEO and the Union provides the following meal and rest break policy:<br><br>   "Each Officer will be given a thirty (30) minute unpaid off-duty meal period.  The Office will not be required to perform any duties, whether active or inactive, while | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

13.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| eating.  Should the officer be required to perform any duties, whether active or inactive, the affected Officer will be paid for the meal period at the appropriate rate.  The meal period shall commence after the start of the second (2) hour and before the start of the sixth (6) hour.  Officers shall be allowed to leave the facility during their meal period after notification to their supervisor." | |
| 25.    The CBA further states,<br><br>"Each Officer will be given two (2) ten (10) minute paid rest periods per shift.  The Company will provide rest periods as close to practical to the center of each four (4) hour portion of a shift." | (Janecka Decl., ¶ 19, Ex. G.) |
| 26.    The CBA in effect from April 25, 2011 until July 2, 2015 provided for wages ranging from $15.59 per hour to $18.19 per hour. The CBA in effect from July 3, 2015 provided for wages ranging from $16.54 per hour to $19.30. | (Janecka Decl., ¶ 19, Ex. G.) |
| 27.    The CBA states, in relevant | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| part, "No Officer shall be disciplined or discharged without Just Cause. The Company shall provide the Officer and the Union with a copy of all disciplinary action forms…" The CBA also provides a representative list of reasons that constitute Just Cause for immediate dismissal, which includes inattention to one's post. | |
| 28. The CBA includes a grievance procedure, which requires covered employees (and GEO) to resolve covered disputes through arbitration. | (Janecka Decl., ¶ 19, Ex. G.) |
| 29. GEO maintains an active private patrol operator branch license in Adelanto. | (Janecka Decl., ¶ 2.) |

## UNCONTROVERTED FACTS IN SUPPORT OF GEO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**Issue No. 1:** GEO is entitled to summary adjudication in its favor and against Plaintiff on the first cause of action for "Failure to Prevent Discrimination and Retaliation in Violation of Government Code Section 12940(K)," because it fails as a matter of law.

**Issue No. 2:** GEO is entitled to summary adjudication in its favor and against Plaintiff on the second cause of action for "Discrimination Based On Gender In

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

15.

Violation of Government Code Section 12940," because it fails as a matter of law.

**Issue No. 3:** GEO is entitled to summary adjudication in its favor and against Plaintiff on the third cause of action for "Wrongful Termination In Violation of Public Policy," because it fails as a matter of law.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.     GEO operates corrections and detentions facilities, including the Adelanto Detention Facility.     GEO Corrections and Detentions, LLC hired Plaintiff to work as a Detention Officer at the Adelanto Facility in March 2013. | (Declaration of James Janecka, Exhibit 1 to Compendium of Evidence ("Janecka Decl.") ¶¶ 2, 4.) |
| 2.     On August 5, 2015, Plaintiff escorted a detainee from his cell to the shower.  Once the detainee was in the shower, Plaintiff did not secure the shower door.     Plaintiff left the detainee with the shower door unlocked, and left to attend to other duties. | (Janecka Decl., ¶¶ 7-8.) |
| 3.     With Plaintiff away performing other functions, the unattended detainee exited the shower, walked towards the exit from the Restricted Housing Unit, and pushed a button seeking access through a locked door leading out of the unit.     Officer | (Janecka Decl., ¶¶ 7-8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| Elizabeth Marquez, hired on July 9, 2012, was stationed in Central Control and tasked with ensuring only authorized personnel gain access through locked doors. | |
| 4.    When the detainee pushed the button, Officer Marquez unlocked the door remotely from Central Control for him, and the detainee passed through the door.  The detainee continued on, gaining access through four doors monitored by Officer Marquez, until he was apprehended and returned to the Restricted Housing Unit. | (Janecka Decl., ¶¶ 7-8.) |
| 5.    Plaintiff submitted a report in connection with the incident.  In the report, he described the incident: "On 8.5.15, shortly before the 1630 count, I placed D/T Irias into a lower tier shower.   Plaintiff's report included additional details about the activities he engaged in after placing the detainee in the shower, including "counting" detainees, and delivering dinner trays to detainees, first on the | (Janecka Decl., ¶ 8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS                    17.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| lower tier, and then on the upper tier, as the detainee remained in the lower tier shower.   Plaintiff's report states, "I had not secured the shower door when placing D/T Irias in it due to administrative segregation now being an open dayroom and I believe he exited segregation while I was feeding the top tier with the porters." | |
| 6.     GEO made the decision to terminate both Plaintiff and Officer Marquez for their respective roles in the escape attempt. Plaintiff was placed on administrative leave immediately after the incident and ultimately terminated. | (Janecka Decl., ¶ 9.) |
| 7.     Plaintiff's termination notice states: "On 8-5-2015, Officer E. Santiago was assigned as the 2nd Watch West Administrative Segregation Housing Unit Officer. He was given specific direction from Lt. Duran [a supervisor] to ensure two officers are present when escorting Detainee Irias …from in cell in Administrative Segregation to the | (Janecka Decl., ¶ 9, Ex. B.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

18.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| shower.  At approximately 1623 hours Officer Santiago conducted a single officer escort of detainee Irias to the shower area, where he failed to lock and secure the shower door.  Officer Santiago then proceeded to retrieve two detainee porters to facilitate distribution of meal trays.  Formal count commenced at 1630 and was conducted by Officer Santiago and Officer Patterson.  Once count was completed Officer Patterson departed the unit to facilitate a lunch break for another officer.  Officer Santiago failed to get supervisory authorization to outcount detainee Irias in the shower area and further authorization to bring out two detained porters prior to the facility formal count clearing. While supervising detainee porters as they handed out meal trays on the far upper tier, detainee Irias completed his shower and pushed open the unsecure shower door at 1653 hours. Detainee Irias departed the Segregation housing unit | |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

19.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| unsupervised and unrestrained at approximately 1653 hours." | |
| 8.    The reason stated on Plaintiff's termination notice was "inability to perform job." | (Janecka Decl., ¶ 9, Ex. B.) |
| 9.    Officer Marquez was pregnant when the August 5, 2015 incident occurred.  She began her maternity leave pursuant to the Family Medical Leave Act immediately following the incident, on August 6, 2015. | (Janecka Decl., ¶ 10.) |
| 10.   GEO paid her no compensation during her leave.  Like Plaintiff, she performed no work for GEO at any time following the August 5, 2015 incident. | (Janecka Decl., ¶ 10.) |
| 11.   Following her FMLA leave, Officer Marquez extended her protected leave for her pregnancy related condition.  In all, Officer Marquez was on a leave of absence from August 5, 2015 until April 5, 2016. | (Janecka Decl., ¶ 10.) |
| 12.   Shortly after she began her leave, GEO notified her that GEO was investigating the August 5, 2015 | (Janecka Decl., ¶ 11, Ex. E.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

20.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| incident and would take appropriate action upon her return from leave. | |
| 13.   When she attempted to return, the Warden at Adelanto, as he previously stated he would do, placed a request for her termination.   The termination request states:<br><br>        Ms. Marquez had been on FMLA/PFL from 8/6/2015 through 4/5/2016.   Prior to going on FMLA/PFL Ms. Marquez accessed 4 doors from Central Control to allow a detainee house[d] in Administrative Segregation to exit Segregation.   The day that she was going to be placed on Administrative Leave without pay (8/6/2015), Ms. Marquez did not return back to work but instead indicated that she was going to be off on FMLA.   The letter was mailed to her notifying her that she was under investigation due to the incident on August 5, 2015 and due to being out on FMLA the matter being investigated prior to her FMLA will remain open, but will need to close | (Janecka Decl., ¶ 11, Ex. E.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| out upon her [return].… [W]e are recommending termination of the following employee for inability to perform job. | |
| 14.   GEO   terminated   Officer Marquez's   employment   upon completion of her protected leave of absence. | (Janecka Decl., ¶ 11.) |
| 15.   In his verified response to GEO's interrogatory asking Plaintiff to state all facts that support his claim for gender discrimination, Plaintiff stated the following:<br><br>    Officer Marquez was terminated related to the August 2015 incident with detainee Irias.   Geo terminated her at a different time than Officer Santiago because at the time that this happened Officer Marquez was pregnant and she went out on maternity leave the following day. When she returned after having her baby in May, she was terminated… | (Declaration of Michelle Rapoport, Exhibit 2 to Compendium of Evidence ("Rapoport Decl.") ¶ 3, Ex. I.) |
| 16.   In November 2013, a detainee scaled   a   fence   in   Adelanto's | (Janecka Decl., ¶ 13.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

22.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| recreation yard, while supervised by a female Detention Officer. The female Officer was placed on administrative leave without pay, and following an investigation, GEO terminated the Officer for inattention to duty. There have been no other incidents at Adelanto in which a detainee attempted to escape. | |
| 17.   In compliance with federal and state law, GEO provides employees with various types of protected leaves of absence.   Among them is the Family Medical Leave Act, which entitles eligible employees to take 12 weeks off every calendar year for a qualifying condition.   Qualifying conditions are defined by statute and include, but are not limited to, the birth of a child, or due to the employee's own serious health condition. | (Janecka Decl., ¶ 10, Ex. D.) |
| 18.   GEO provides employees, in compliance with state and federal legal requirements, other types of leave, including Pregnancy Disability | (Janecka Decl., ¶ 16.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

23.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Leave, which entitles employees to time off due to a disability caused by pregnancy or childbirth. And, GEO provides leaves of absence under the Americans with Disabilities Act, and its state equivalents, where required and appropriate for employees who need accommodations. | |
| 19.    GEO's leave policy covers any qualifying condition, as required by law. GEO administers its leave of absence equally to eligible employees with a qualifying condition, regardless of the qualifying reason for the leave. GEO typically does not terminate employees during a legally protected leave of absence, regardless of the qualifying reason for the leave of absence. | (Janecka Decl., ¶ 16.) |
| 20.    GEO would have waited until the conclusion of Officer Marquez's leave of absence to terminate her employment had she taken the leave for any protected reason other than childbirth and related medical conditions. | (Janecka Decl., ¶ 17.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 21.   Had Plaintiff requested and qualified for a protected leave of absence immediately after the August 5, 2015 incident, GEO likely would have waited to terminate his employment until his return from leave. | (Janecka Decl., ¶ 17.) |
| 22.   GEO's policy is to "provide equal employment opportunity to all qualified individuals without regard to race, religion, color, sex, sexual orientation, age, national origin, disability, veteran status, marital status, gender discrimination, military status, medical condition or any other category protected by law…."  The policy contains a complaint procedure, which encourages employees to report incidents that are believed to violate the policy.   The policy further prohibits retaliation against any employee who files a charge of discrimination, cooperates with a governmental investigation of a charge, or exercises any right | (Janecka Decl., ¶ 18, Ex. F.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| protected by federal or state law requiring equal opportunity. | |
| 25.    The CBA further states, "Each Officer will be given two (2) ten (10) minute paid rest periods per shift.  The Company will provide rest periods as close to practical to the center of each four (4) hour portion of a shift." | (Janecka Decl., ¶ 19, Ex. G.) |
| 26.    The CBA in effect from April 25, 2011 until July 2, 2015 provided for wages ranging from $15.59 per hour to $18.19 per hour. The CBA in effect from July 3, 2015 provided for wages ranging from $16.54 per hour to $19.30. | (Janecka Decl., ¶ 19, Ex. G.) |
| 27.    The CBA states, in relevant part, "No Officer shall be disciplined or discharged without Just Cause.  The Company shall provide the Officer and the Union with a copy of all disciplinary action forms…" The CBA also provides a representative list of reasons that constitute Just Cause for immediate dismissal, which includes inattention to one's post. | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

26.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 28. The CBA includes a grievance procedure, which requires covered employees (and GEO) to resolve covered disputes through arbitration. | (Janecka Decl., ¶ 19, Ex. G.) |

**Issue No. 5:** GEO is entitled to summary adjudication in its favor and against Plaintiff on the fifth cause of action for "Retaliation in Violation of Labor Code Section 1102.5," because it fails as a matter of law.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. GEO operates corrections and detentions facilities, including the Adelanto Detention Facility. GEO Corrections and Detentions, LLC hired Plaintiff to work as a Detention Officer at the Adelanto Facility in March 2013. | (Declaration of James Janecka, Exhibit 1 to Compendium of Evidence ("Janecka Decl.") ¶¶ 2, 4.) |
| 2. On August 5, 2015, Plaintiff escorted a detainee from his cell to the shower. Once the detainee was in the shower, Plaintiff did not secure the shower door. Plaintiff left the detainee with the shower door unlocked, and left to attend to other duties. | (Janecka Decl., ¶¶ 7-8.) |
| 3. With Plaintiff away performing other functions, the unattended | (Janecka Decl., ¶¶ 7-8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

27.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| detainee exited the shower, walked towards the exit from the Restricted Housing Unit, and pushed a button seeking access through a locked door leading out of the unit.   Officer Elizabeth Marquez, hired on July 9, 2012, was stationed in Central Control and tasked with ensuring only authorized personnel gain access through locked doors. | |
| 4.     When the detainee pushed the button, Officer Marquez unlocked the door remotely from Central Control for him, and the detainee passed through the door.   The detainee continued on, gaining access through four doors monitored by Officer Marquez, until he was apprehended and returned to the Restricted Housing Unit. | (Janecka Decl., ¶¶ 7-8.) |
| 5.     Plaintiff submitted a report in connection with the incident.   In the report, he described the incident: "On 8.5.15, shortly before the 1630 count, I placed D/T Irias into a lower tier shower.     Plaintiff's report included | (Janecka Decl., ¶ 8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

28.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| additional details about the activities he engaged in after placing the detainee in the shower, including "counting" detainees, and delivering dinner trays to detainees, first on the lower tier, and then on the upper tier, as the detainee remained in the lower tier shower.   Plaintiff's report states, "I had not secured the shower door when placing D/T Irias in it due to administrative segregation now being an open dayroom and I believe he exited segregation while I was feeding the top tier with the porters." | |
| 6.    GEO made the decision to terminate both Plaintiff and Officer Marquez for their respective roles in the escape attempt. Plaintiff was placed on administrative leave immediately after the incident and ultimately terminated. | (Janecka Decl., ¶ 9.) |
| 7.    Plaintiff's termination notice states: "On 8-5-2015, Officer E. Santiago was assigned as the 2nd Watch West Administrative Segregation Housing Unit Officer. | (Janecka Decl., ¶ 9, Ex. B.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

29.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| He was given specific direction from Lt. Duran [a supervisor] to ensure two officers are present when escorting Detainee Irias …from in cell in Administrative Segregation to the shower. At approximately 1623 hours Officer Santiago conducted a single officer escort of detainee Irias to the shower area, where he failed to lock and secure the shower door.  Officer Santiago then proceeded to retrieve two detainee porters to facilitate distribution of meal trays.  Formal count commenced at 1630 and was conducted by Officer Santiago and Officer Patterson.  Once count was completed Officer Patterson departed the unit to facilitate a lunch break for another officer.  Officer Santiago failed to get supervisory authorization to outcount detainee Irias in the shower area and further authorization to bring out two detained porters prior to the facility formal count clearing. While supervising detainee porters as they handed out meal trays on the far | |

STATEMENT OF
UNCONTROVERTED FACTS

30.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| upper tier, detainee Irias completed his shower and pushed open the unsecure shower door at 1653 hours. Detainee Irias departed the Segregation housing unit unsupervised and unrestrained at approximately 1653 hours." | |
| 8.    The reason stated on Plaintiff's termination notice was "inability to perform job." | (Janecka Decl., ¶ 9, Ex. B.) |
| 9.    Officer Marquez was pregnant when the August 5, 2015 incident occurred.  She began her maternity leave pursuant to the Family Medical Leave Act immediately following the incident, on August 6, 2015. | (Janecka Decl., ¶ 10.) |
| 10.   GEO paid her no compensation during her leave.  Like Plaintiff, she performed no work for GEO at any time following the August 5, 2015 incident. | (Janecka Decl., ¶ 10.) |
| 11.   Following her FMLA leave, Officer Marquez extended her protected leave for her pregnancy related condition.   In all, Officer Marquez was on a leave of absence | (Janecka Decl., ¶ 10.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| from August 5, 2015 until April 5, 2016. | |
| 12.   Shortly after she began her leave, GEO notified her that GEO was investigating the August 5, 2015 incident and would take appropriate action upon her return from leave. | (Janecka Decl., ¶ 11, Ex. E.) |
| 13.   When she attempted to return, the Warden at Adelanto, as he previously stated he would do, placed a request for her termination.   The termination request states:<br><br>      Ms. Marquez had been on FMLA/PFL from 8/6/2015 through 4/5/2016.   Prior to going on FMLA/PFL Ms. Marquez accessed 4 doors from Central Control to allow a detainee house[d] in Administrative Segregation to exit Segregation.   The day that she was going to be placed on Administrative Leave without pay (8/6/2015), Ms. Marquez did not return back to work but instead indicated that she was going to be off on FMLA.   The letter was mailed to her notifying her that she was under | (Janecka Decl., ¶ 11, Ex. E.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| investigation due to the incident on August 5, 2015 and due to being out on FMLA the matter being investigated prior to her FMLA will remain open, but will need to close out upon her [return]…. [W]e are recommending termination of the following employee for inability to perform job. | |
| 14.   GEO   terminated   Officer Marquez's   employment   upon completion of her protected leave of absence. | (Janecka Decl., ¶ 11.) |
| 15.   In   his   verified   response   to GEO's interrogatory asking Plaintiff to state all facts that support his claim for gender discrimination, Plaintiff stated the following:<br><br>Officer Marquez was terminated related to the August 2015 incident with detainee Irias.   Geo terminated her at a different time than Officer Santiago because at the time that this happened   Officer   Marquez   was pregnant   and   she   went   out   on | (Declaration of Michelle Rapoport, Exhibit 2 to Compendium of Evidence ("Rapoport Decl.") ¶ 3, Ex. I.) |

33.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| maternity leave the following day. When she returned after having her baby in May, she was terminated… | |
| 16.   In November 2013, a detainee scaled a fence in Adelanto's recreation yard, while supervised by a female Detention Officer. The female Officer was placed on administrative leave without pay, and following an investigation, GEO terminated the Officer for inattention to duty. There have been no other incidents at Adelanto in which a detainee attempted to escape. | (Janecka Decl., ¶ 13.) |
| 17.   In compliance with federal and state law, GEO provides employees with various types of protected leaves of absence.   Among them is the Family Medical Leave Act, which entitles eligible employees to take 12 weeks off every calendar year for a qualifying condition.   Qualifying conditions are defined by statute and include, but are not limited to, the birth of a child, or due to the employee's own serious health | (Janecka Decl., ¶ 10, Ex. D.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| condition. | |
| 18.   GEO provides employees, in compliance with state and federal legal requirements, other types of leave, including Pregnancy Disability Leave, which entitles employees to time off due to a disability caused by pregnancy or childbirth. And, GEO provides leaves of absence under the Americans with Disabilities Act, and its state equivalents, where required and appropriate for employees who need accommodations. | (Janecka Decl., ¶ 16.) |
| 19.   GEO's leave policy covers any qualifying condition, as required by law. GEO administers its leave of absence equally to eligible employees with a qualifying condition, regardless of the qualifying reason for the leave. GEO typically does not terminate employees during a legally protected leave of absence, regardless of the qualifying reason for the leave of absence. | (Janecka Decl., ¶ 16.) |
| 20.   GEO would have waited until the conclusion of Officer Marquez's | (Janecka Decl., ¶ 17.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

35.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| leave of absence to terminate her employment had she taken the leave for any protected reason other than childbirth and related medical conditions. | |
| 21.   Had Plaintiff requested and qualified for a protected leave of absence immediately after the August 5, 2015 incident, GEO likely would have waited to terminate his employment until his return from leave. | (Janecka Decl., ¶ 17.) |
| 22.   GEO's policy is to "provide equal employment opportunity to all qualified individuals without regard to race, religion, color, sex, sexual orientation, age, national origin, disability, veteran status, marital status, gender discrimination, military status, medical condition or any other category protected by law…."  The policy contains a complaint procedure, which encourages employees to report incidents that are believed to violate the policy.  The | (Janecka Decl., ¶ 18, Ex. F.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| policy further prohibits retaliation against any employee who files a charge of discrimination, cooperates with a governmental investigation of a charge, or exercises any right protected by federal or state law requiring equal opportunity. | |
| 23.   In his verified response to GEO's interrogatory asking Plaintiff to state all facts that support his claim for retaliation in violation of Labor Code section 1102.5, Plaintiff stated the following:<br><br>    Defendants, made, adopted, and enforced a rule, regulation, and policy requiring Plaintiff to comply with Defendant's procedures, yet due to their under-staffing the facility, and forcing Defendant [sic] to be the only officer in a two officer post.  Upon learning Plaintiff was the only officer on duty in a two officer post, while the second officer was required to be elsewhere by the defendant, when their policies resulted in a detainee's | (Rapoport Decl., ¶ 3, Ex. I.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| near escape from the facility, Defendants retaliated against Plaintiff by terminating his employment, while not terminating or disciplining the other employee officer who had left her post, or the other employee from Control Center who allowed detainee Irias to exit through four security points. Furthermore, when plaintiff made disclosures for what happened regarding the attempted scape [sic] by Orias [sic] Defendants retaliated against him by engaging in the adverse employment actions described hearing, which adversely and materially affected Plaintiff's employment. | |
| 27.    The CBA states, in relevant part, "No Officer shall be disciplined or discharged without Just Cause.  The Company shall provide the Officer and the Union with a copy of all disciplinary action forms…" The CBA also provides a representative list of reasons that constitute Just Cause for immediate dismissal, which includes | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| inattention to one's post. | |
| 28.   The CBA includes a grievance procedure, which requires covered employees (and GEO) to resolve covered disputes through arbitration. | (Janecka Decl., ¶ 19, Ex. G.) |

**Issue No. 6**: GEO is entitled to summary adjudication in its favor and against Plaintiff on the sixth cause of action for "Failure To Provide Rest & Meal Periods," because it fails as a matter of law.

**Issue No. 7**: GEO is entitled to summary adjudication in its favor and against Plaintiff on the seventh cause of action for "Failure to Pay State Overtime Compensation Under California Labor Code Sections 510 and 1194," because it fails as a matter of law.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.     GEO operates corrections and detentions facilities, including the Adelanto Detention Facility.    GEO Corrections and Detentions, LLC hired Plaintiff to work as a Detention Officer at the Adelanto Facility in March 2013. | (Declaration of James Janecka, Exhibit 1 to Compendium of Evidence ("Janecka Decl.") ¶¶ 2, 4.) |
| 24.    The contract between GEO and the Union provides the following meal and rest break policy:<br><br>    "Each Officer will be given a | (Janecka Decl., ¶ 19, Ex. G.) |

STATEMENT OF
UNCONTROVERTED FACTS

39.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| thirty (30) minute unpaid off-duty meal period.  The Office will not be required to perform any duties, whether active or inactive, while eating.  Should the officer be required to perform any duties, whether active or inactive, the affected Officer will be paid for the meal period at the appropriate rate.  The meal period shall commence after the start of the second (2) hour and before the start of the sixth (6) hour.  Officers shall be allowed to leave the facility during their meal period after notification to their supervisor." | |
| 25.   The CBA further states, "Each Officer will be given two (2) ten (10) minute paid rest periods per shift.  The Company will provide rest periods as close to practical to the center of each four (4) hour portion of a shift." | (Janecka Decl., ¶ 19, Ex. G.) |
| 26.   The CBA in effect from April 25, 2011 until July 2, 2015 provided for wages ranging from $15.59 per hour to $18.19 per hour. The CBA in | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| effect from July 3, 2015 provided for wages ranging from $16.54 per hour to $19.30. | |
| 27.    The CBA states, in relevant part, "No Officer shall be disciplined or discharged without Just Cause.  The Company shall provide the Officer and the Union with a copy of all disciplinary action forms…" The CBA also provides a representative list of reasons that constitute Just Cause for immediate dismissal, which includes inattention to one's post. | (Janecka Decl., ¶ 19, Ex. G.) |
| 28.   The CBA includes a grievance procedure, which requires covered employees (and GEO) to resolve covered disputes through arbitration. | (Janecka Decl., ¶ 19, Ex. G.) |

**Issue No. 8**: GEO is entitled to summary adjudication in its favor and against Plaintiff on the eighth cause of action for "Failure to Provide Accurate Wage Statements," because it fails as a matter of law.

**Issue No. 9**:  GEO is entitled to summary adjudication in its favor and against Plaintiff on the ninth cause of action for "Failure to Pay Wages Timely Upon Termination Under Labor Code Section 203," because it fails as a matter of law.

**Issue No. 10**: GEO is entitled to summary adjudication in its favor and against Plaintiff on the tenth cause of action for "Failure to Pay Wages On Regularly

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS                     41.

Established Paydays," because it fails as a matter of law.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. GEO operates corrections and detentions facilities, including the Adelanto Detention Facility. GEO Corrections and Detentions, LLC hired Plaintiff to work as a Detention Officer at the Adelanto Facility in March 2013. | (Declaration of James Janecka, Exhibit 1 to Compendium of Evidence ("Janecka Decl.") ¶¶ 2, 4.) |
| 24. The contract between GEO and the Union provides the following meal and rest break policy: "Each Officer will be given a thirty (30) minute unpaid off-duty meal period. The Office will not be required to perform any duties, whether active or inactive, while eating. Should the officer be required to perform any duties, whether active or inactive, the affected Officer will be paid for the meal period at the appropriate rate. The meal period shall commence after the start of the second (2) hour and before the start of the sixth (6) hour. Officers shall be allowed to leave the facility during their meal period after notification to | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

42.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| their supervisor." | |
| 25.   The CBA further states, "Each Officer will be given two (2) ten (10) minute paid rest periods per shift.  The Company will provide rest periods as close to practical to the center of each four (4) hour portion of a shift." | (Janecka Decl., ¶ 19, Ex. G.) |
| 26.   The CBA in effect from April 25, 2011 until July 2, 2015 provided for wages ranging from $15.59 per hour to $18.19 per hour. The CBA in effect from July 3, 2015 provided for wages ranging from $16.54 per hour to $19.30. | (Janecka Decl., ¶ 19, Ex. G.) |
| 27.   The CBA states, in relevant part, "No Officer shall be disciplined or discharged without Just Cause.  The Company shall provide the Officer and the Union with a copy of all disciplinary action forms…" The CBA also provides a representative list of reasons that constitute Just Cause for immediate dismissal, which includes inattention to one's post. | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 28.   The CBA includes a grievance procedure, which requires covered employees (and GEO) to resolve covered disputes through arbitration. | (Janecka Decl., ¶ 19, Ex. G.) |

**Issue No. 4**:  GEO is entitled to summary adjudication in its favor and against Plaintiff on the fourth cause of action for "Unfair Business Practices in Violation of Business and Professions Code Section 17200, Et Seq.," because it fails as a matter of law.

**Issue No. 11**: GEO is entitled to summary adjudication in its favor and against Plaintiff on his prayer for punitive damages because it fails as a matter of law.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.     GEO operates corrections and detentions facilities, including the Adelanto Detention Facility.   GEO Corrections and Detentions, LLC hired Plaintiff to work as a Detention Officer at the Adelanto Facility in March 2013. | (Declaration of James Janecka, Exhibit 1 to Compendium of Evidence ("Janecka Decl.") ¶¶ 2, 4.) |
| 2.     On August 5, 2015, Plaintiff escorted a detainee from his cell to the shower.  Once the detainee was in the shower, Plaintiff did not secure the shower door.   Plaintiff left the detainee with the shower door unlocked, and left to attend to other | (Janecka Decl., ¶¶ 7-8.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

44.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| duties. | |
| 3.     With Plaintiff away performing other functions, the unattended detainee exited the shower, walked towards the exit from the Restricted Housing Unit, and pushed a button seeking access through a locked door leading out of the unit.     Officer Elizabeth Marquez, hired on July 9, 2012, was stationed in Central Control and tasked with ensuring only authorized personnel gain access through locked doors. | (Janecka Decl., ¶¶ 7-8, Ex. A.) |
| 4.     When the detainee pushed the button, Officer Marquez unlocked the door remotely from Central Control for him, and the detainee passed through the door.     The detainee continued on, gaining access through four doors monitored by Officer Marquez, until he was apprehended and returned to the Restricted Housing Unit. | (Janecka Decl., ¶¶ 7-8.) |
| 5.     Plaintiff submitted a report in connection with the incident.   In the report, he described the incident: "On | (Janecka Decl., ¶ 8, Ex. A.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

45.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 8.5.15, shortly before the 1630 count, I placed D/T Irias into a lower tier shower.   Plaintiff's report included additional details about the activities he engaged in after placing the detainee in the shower, including "counting" detainees, and delivering dinner trays to detainees, first on the lower tier, and then on the upper tier, as the detainee remained in the lower tier shower.   Plaintiff's report states, "I had not secured the shower door when placing D/T Irias in it due to administrative segregation now being an open dayroom and I believe he exited segregation while I was feeding the top tier with the porters." | |
| 6.    GEO made the decision to terminate both Plaintiff and Officer Marquez for their respective roles in the escape attempt. Plaintiff was placed on administrative leave immediately after the incident and ultimately terminated. | (Janecka Decl., ¶ 9.) |
| 7.    Plaintiff's termination notice states: "On 8-5-2015, Officer E. | (Janecka Decl., ¶ 9, Ex. B.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Santiago was assigned as the 2nd Watch West Administrative Segregation Housing Unit Officer. He was given specific direction from Lt. Duran [a supervisor] to ensure two officers are present when escorting Detainee Irias …from in cell in Administrative Segregation to the shower. At approximately 1623 hours Officer Santiago conducted a single officer escort of detainee Irias to the shower area, where he failed to lock and secure the shower door. Officer Santiago then proceeded to retrieve two detainee porters to facilitate distribution of meal trays. Formal count commenced at 1630 and was conducted by Officer Santiago and Officer Patterson. Once count was completed Officer Patterson departed the unit to facilitate a lunch break for another officer. Officer Santiago failed to get supervisory authorization to outcount detainee Irias in the shower area and further authorization to bring out two detained porters prior | |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| to the facility formal count clearing. While supervising detainee porters as they handed out meal trays on the far upper tier, detainee Irias completed his shower and pushed open the unsecure shower door at 1653 hours. Detainee Irias departed the Segregation housing unit unsupervised and unrestrained at approximately 1653 hours." | |
| 8.    The reason stated on Plaintiff's termination notice was "inability to perform job." | (Janecka Decl., ¶ 9, Ex. B.) |
| 9.    Officer Marquez was pregnant when the August 5, 2015 incident occurred.  She began her maternity leave pursuant to the Family Medical Leave Act immediately following the incident, on August 6, 2015. | (Janecka Decl., ¶ 10.) |
| 10.    GEO paid her no compensation during her leave.  Like Plaintiff, she performed no work for GEO at any time following the August 5, 2015 incident. | (Janecka Decl., ¶ 10.) |
| 11.    Following her FMLA leave, Officer Marquez extended her | (Janecka Decl., ¶ 10.) |

STATEMENT OF
UNCONTROVERTED FACTS

48.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| protected leave for her pregnancy related condition. In all, Officer Marquez was on a leave of absence from August 5, 2015 until April 5, 2016. | |
| 12. Shortly after she began her leave, GEO notified her that GEO was investigating the August 5, 2015 incident and would take appropriate action upon her return from leave. | (Janecka Decl., ¶ 11, Ex. E.) |
| 13. When she attempted to return, the Warden at Adelanto, as he previously stated he would do, placed a request for her termination. The termination request states: Ms. Marquez had been on FMLA/PFL from 8/6/2015 through 4/5/2016. Prior to going on FMLA/PFL Ms. Marquez accessed 4 doors from Central Control to allow a detainee house[d] in Administrative Segregation to exit Segregation. The day that she was going to be placed on Administrative Leave without pay (8/6/2015), Ms. Marquez did not return back to work but instead | (Janecka Decl., ¶ 11, Ex. E.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

49.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| indicated that she was going to be off on FMLA.  The letter was mailed to her notifying her that she was under investigation due to the incident on August 5, 2015 and due to being out on FMLA the matter being investigated prior to her FMLA will remain open, but will need to close out upon her [return]…. [W]e are recommending termination of the following employee for inability to perform job. | |
| 14.   GEO   terminated   Officer Marquez's   employment   upon completion of her protected leave of absence. | (Janecka Decl., ¶ 11.) |
| 15.   In   his   verified   response   to GEO's interrogatory asking Plaintiff to state all facts that support his claim for gender discrimination, Plaintiff stated the following:<br><br>Officer Marquez was terminated related to the August 2015 incident with detainee Irias.   Geo terminated her at a different time than Officer | (Declaration of Michelle Rapoport, Exhibit 2 to Compendium of Evidence ("Rapoport Decl.") ¶ 3, Ex. I.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

50.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Santiago because at the time that this happened Officer Marquez was pregnant and she went out on maternity leave the following day. When she returned after having her baby in May, she was terminated… | |
| 16.   In November 2013, a detainee scaled a fence in Adelanto's recreation yard, while supervised by a female Detention Officer. The female Officer was placed on administrative leave without pay, and following an investigation, GEO terminated the Officer for inattention to duty. There have been no other incidents at Adelanto in which a detainee attempted to escape. | (Janecka Decl., ¶ 13.) |
| 17.   In compliance with federal and state law, GEO provides employees with various types of protected leaves of absence.   Among them is the Family Medical Leave Act, which entitles eligible employees to take 12 weeks off every calendar year for a qualifying condition.   Qualifying conditions are defined by statute and | (Janecka Decl., ¶ 10, Ex. D.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| include, but are not limited to, the birth of a child, or due to the employee's own serious health condition. | |
| 18.   GEO provides employees, in compliance with state and federal legal requirements, other types of leave, including Pregnancy Disability Leave, which entitles employees to time off due to a disability caused by pregnancy or childbirth. And, GEO provides leaves of absence under the Americans with Disabilities Act, and its state equivalents, where required and appropriate for employees who need accommodations. | (Janecka Decl., ¶ 16.) |
| 19.   GEO's leave policy covers any qualifying condition, as required by law. GEO administers its leave of absence equally to eligible employees with a qualifying condition, regardless of the qualifying reason for the leave. GEO typically does not terminate employees during a legally protected leave of absence, regardless of the qualifying reason for the leave of | (Janecka Decl., ¶ 16.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| absence. | |
| 20.   GEO would have waited until the conclusion of Officer Marquez's leave of absence to terminate her employment had she taken the leave for any protected reason other than childbirth and related medical conditions. | (Janecka Decl., ¶ 17.) |
| 21.   Had Plaintiff requested and qualified for a protected leave of absence immediately after the August 5, 2015 incident, GEO likely would have waited to terminate his employment until his return from leave. | (Janecka Decl., ¶ 17.) |
| 22.   GEO's policy is to "provide equal employment opportunity to all qualified individuals without regard to race, religion, color, sex, sexual orientation, age, national origin, disability, veteran status, marital status, gender discrimination, military status, medical condition or any other category protected by law…."<br><br>       The policy contains a complaint | (Janecka Decl., ¶ 18, Ex. F.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

53.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| procedure, which encourages employees to report incidents that are believed to violate the policy. The policy further prohibits retaliation against any employee who files a charge of discrimination, cooperates with a governmental investigation of a charge, or exercises any right protected by federal or state law requiring equal opportunity. | |
| 23. In his verified response to GEO's interrogatory asking Plaintiff to state all facts that support his claim for retaliation in violation of Labor Code section 1102.5, Plaintiff stated the following:<br><br>Defendants, made, adopted, and enforced a rule, regulation, and policy requiring Plaintiff to comply with Defendant's procedures, yet due to their under-staffing the facility, and forcing Defendant [sic] to be the only officer in a two officer post. Upon learning Plaintiff was the only officer on duty in a two officer post, while | (Rapoport Decl., ¶ 3, Ex. I.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| the second officer was required to be elsewhere by the defendant, when their policies resulted in a detainee's near escape from the facility, Defendants retaliated against Plaintiff by terminating his employment, while not terminating or disciplining the other employee officer who had left her post, or the other employee from Control Center who allowed detainee Irias to exit through four security points. Furthermore, when plaintiff made disclosures for what happened regarding the attempted scape [sic] by Orias [sic] Defendants retaliated against him by engaging in the adverse employment actions described hearing, which adversely and materially affected Plaintiff's employment. | |
| 24.   The contract between GEO and the Union provides the following meal and rest break policy:<br><br>"Each Officer will be given a thirty (30) minute unpaid off-duty | (Janecka Decl., ¶ 19, Ex. G.) |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS

55.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| meal period.  The Office will not be required to perform any duties, whether active or inactive, while eating.  Should the officer be required to perform any duties, whether active or inactive, the affected Officer will be paid for the meal period at the appropriate rate.  The meal period shall commence after the start of the second (2) hour and before the start of the sixth (6) hour.  Officers shall be allowed to leave the facility during their meal period after notification to their supervisor." | |
| 25.    The CBA further states, <br><br> "Each Officer will be given two (2) ten (10) minute paid rest periods per shift.  The Company will provide rest periods as close to practical to the center of each four (4) hour portion of a shift." | (Janecka Decl., ¶ 19, Ex. G.) |
| 26.    The CBA in effect from April 25, 2011 until July 2, 2015 provided for wages ranging from $15.59 per hour to $18.19 per hour. The CBA in effect from July 3, 2015 provided for | (Janecka Decl., ¶ 19, Ex. G.) |

STATEMENT OF
UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| wages ranging from $16.54 per hour to $19.30. | |
| 27.    The CBA states, in relevant part, "No Officer shall be disciplined or discharged without Just Cause.  The Company shall provide the Officer and the Union with a copy of all disciplinary action forms…" The CBA also provides a representative list of reasons that constitute Just Cause for immediate dismissal, which includes inattention to one's post. | (Janecka Decl., ¶ 19, Ex. G.) |
| 28.    The CBA includes a grievance procedure, which requires covered employees (and GEO) to resolve covered disputes through arbitration. | (Janecka Decl., ¶ 19, Ex. G.) |

Dated:   November 20, 2017

                                   /s/ Michelle Rapoport
                                   ELIZABETH STAGGS WILSON
                                   MICHELLE RAPOPORT
                                   BROOKE DEARDURFF
                                   LITTLER MENDELSON, P.C.
                                   Attorneys for Defendants
                                   THE GEO GROUP, INC. and GEO
                                   CORRECTIONS AND DETENTION,
                                   LLC

Firmwide:150588598.2 059218.1286

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

STATEMENT OF
UNCONTROVERTED FACTS                    57.