ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
MICHELLE RAPOPORT, Bar No. 247459
mrapoport@littler.com
BROOKE DEARDURFF, Bar No. 292433
bdeardurff@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:  213.443.4300
Facsimile:  213.443.4299

Attorneys for Defendants
THE GEO GROUP, INC. and GEO
CORRECTIONS AND DETENTION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SANTA ANA COURTHOUSE)

| | |
|---|---|
| EMANUEL SANTIAGO, an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>THE GEO GROUP, INC., a Florida Corporation dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC; DOES 1 - 10, individuals, and DOES, 11 - 20, business entities inclusive,<br><br>              Defendants. | Case No.  5:16-CV-02263 – DOC – KK<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO AMEND THE COURT'S SCHEDULING ORDER, REQUIRE THE ATTENDANCE OF PLAINTIFF AT DEPOSITION PRIOR TO TRIAL, AND SANCTION PLAINTIFF AND HIS COUNSEL**<br><br>Date:    December 7, 2017<br>Time:   8:30 a.m.<br>Place:   Courtroom 9D<br>            Ronald Reagan Federal Building<br><br>Discovery Cut-off:       October 30, 2017<br>Pretrial Conference:    January  8, 2018<br>Trial:                             January 23, 2018 |

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER                    1

## I. SUMMARY OF REPLY

Plaintiff does not deny, nor could he, the efforts made by Defendants to depose Plaintiff. He also does not deny Plaintiff's "unavailability" prior to the deposition cutoff. In fact, Plaintiff does not even address the issue of his repeated sudden "unavailability" for deposition when Defendants tried to confirm dates, which is the very reason Defendants had to file this Motion when they did.

Instead, the foundation for Plaintiff's opposition is two arguments, and with them Plaintiff contradicts himself, demonstrating his lack of candor with the Court (to say the least) and the need for sanctions against Plaintiff and his counsel.

First, Plaintiff claims that he provided six available dates for deposition to Defendants, which were his only available dates. He argues that Defendants did not proceed with Plaintiff's deposition on those dates, and thus, they were not diligent.

Second, Plaintiff claims that instead of seeking his deposition prior to the deposition cutoff, Defendants "continuously tried to create a trap for Plaintiff" by attempting to schedule it after the cutoff, in violation of the Scheduling Order, giving him "fear of being held in contempt."

But the deposition cutoff was October 23, 2017. That means Plaintiff only offered ***two dates for deposition prior to the cutoff***. Every other date offered by Plaintiff was on or after the cutoff, the exact opposite of what Plaintiff's counsel bases his opposition on. Plaintiff was the one gaming Defendants and his scheduling efforts were a sham, designed only to prevent the deposition of Plaintiff prior to the cutoff.

Even the pre-cutoff October 18 and 19 dates were not viable dates for Plaintiff. Instead, when Defendants tried to confirm them, Plaintiff was suddenly "unavailable," yet again.

Plaintiff's conduct has been deplorable, and his opposition and supporting declaration prove it. Moreover, if Plaintiff's position was legitimately based on an availability issue, as he argues, then why did he require, and oppose, this Motion? The parties could have resolved the issue and simply requested Court approval.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER

1

Instead, Plaintiff brazenly claims that Defendants perpetrated *his misconduct*, forcing Defendants to incur the costs of policing his violations of very simple rules of civil procedure. The Court should grant Defendants' motion in its entirety and sanction Plaintiff and his counsel accordingly.

## II.   ARGUMENT

### A. Plaintiff Does Not and Cannot Deny that Defendants Attempted on Many Occasions to Depose Plaintiff, and Plaintiff Resisted.

Plaintiff does not dispute most of the factual detail in the Motion and supporting evidence as to Defendants' efforts to schedule Plaintiff's deposition. The factual detail demonstrates Defendants' exhaustive efforts to schedule the deposition of Plaintiff, in spite of Plaintiff's dilatory efforts to schedule his own 14 "imperative" depositions, even though Plaintiff waited until the last few weeks of discovery to even serve his 14 deposition notices. (*See* Motion MPA, 4:4 – 5:7.)

Similarly, Plaintiff does not dispute the repeated, sudden "unavailability" he claimed when Defendants attempted to confirm Plaintiff's deposition on a date *Plaintiff had stated he was available* to depose defense witnesses. (*See* Motion MPA, 5:8-19.) And he does not dispute, nor could he, that he told defense counsel that he was not available to defend Plaintiff's deposition on any proposed date because he *might* have a deposition, *might* have a court appearance, or *might even be going on vacation*, while not confirming he actually had any of those simultaneous, alternative conflicts. (*See* Motion MPA, 5:20 – 6:2.)

In fact, he ignores his "unavailability" altogether, even though it is the only reason the Motion was not filed sooner. Had Plaintiff simply been honest about his intention to refuse Plaintiff's deposition, Defendants would have requested assistance from the Court sooner. But he did not, and Defendants continued their good faith efforts to try to resolve the scheduling issue without involving the Court.

Moreover, Plaintiff concedes the very issue that was the motivating reason for his misconduct and violation of the Scheduling Order in refusing Plaintiff's

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER   2.

1  deposition.  ***Plaintiff wants to "ambush" Defendants when they file their anticipated
2  summary judgment motion, by opposing it with a non-cross-examined declaration
3  from Plaintiff***.  As to this issue, Plaintiff oddly states that "Plaintiff is unsure what
4  more information Defendant [sic] may be seeking [by taking Plaintiff's deposition],"
5  as if he actually believes the deposition of a plaintiff is unusual or inappropriate.
6  (Opp., 11:16.)   He then states that "Plaintiff's deposition may lead to relevant
7  evidence. . . .  [but] Defendant [sic] wants the deposition transcript of Plaintiff's
8  deposition for the sole reason of including it in their Motion for Summary Judgment,"
9  as if that was somehow improper or not done in *every case* in which a summary
10 judgment motion is filed.  (Opp., 11:10-11, 18-20.)

11    Plaintiff does not dispute the reason for this Motion, and it should be granted in
12 its entirety.

13    **B.    Plaintiff Argues that He Provided Available Dates for Plaintiff's
14            Deposition, But Only Two Were Before the Deposition Cutoff.**

15    Arguing that Defendants were not diligent, Plaintiff claims he provided
16 "multiple dates for depositions" and Defendants did not take them.  (Opp., 10:24-27.)
17 In support, Plaintiff relies on three paragraphs in his counsel's declaration, in which
18 he states that on September 19, 2017, he "provided October 26 and 27 as available
19 dates for Plaintiff's cancelled deposition," on October 4, 2017, he "offered October
20 18, 2017 as a date for the deposition of Plaintiff," and on October 6, 2017, he "offered
21 October 19, 23, 25, and 27 as available dates."  (Mostafavi Decl., ¶¶ 7, 11, 13; *see*
22 Opp., 4:8-10, 5:1-4.)  Those six were dates the only ones Plaintiff offered Defendants
23 because those were "all the dates to which he … would be available for the entire
24 month of October . . . ."  (Opp., 5:1-4.)

25    The deposition cutoff was October 23, 2017, and thus only two dates offered by
26 Plaintiff (October 18 and 19) were before the cutoff.  One other date was on the cutoff
27 (October 23), and the rest were after the cutoff.

28 ///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER      3.

Yet, Plaintiff has the audacity to claim Defendants "attempted to push Plaintiff into this trap of requesting dates from Plaintiff to depose Plaintiff after the deadlines." (Opp., 12:23-24.) ***Plaintiff flips the entire scenario upside down, arguing that Defendants engaged in the deceptive gamesmanship that Plaintiff's counsel actually admits with his declaration***. That is the game of Plaintiff's counsel in this case, which he boldly further embellished with the following:

> It is Defendant who has continuously tried to create a trap for Plaintiff. Defendant on numerous occasions have [sic] tried to get Plaintiff to violate the scheduling order by conducting Plaintiff's deposition after the deadline. Plaintiff has on numerous occasions indicated to Defendant that Plaintiff will not violate any court orders.

(Opp., 12:14-17.)

***That is exactly the opposite of what happened.*** Defendants attempted to obtain deposition dates prior to the deposition cutoff, and Plaintiff claimed he was not available. Of the six "available" dates Plaintiff said he had, only two were prior to the cutoff. Defendants repeatedly asked for earlier dates to comply with the Scheduling Order, and Plaintiff refused.

Moreover, Plaintiff's purported "availability" on October 18, 19, and 23 was not true at all. When Defendants went forward with Plaintiff's deposition on October 18, Plaintiff did not appear. (Motion MPA, 4:24 – 5:7.). And when Defendants attempted to confirm October 19 and 23, Plaintiff's counsel was suddenly "***unavailable***." (*Id.,* 5:8-14.)

Similarly, Plaintiff claims that he "has been more than willing to provide dates" but "has refused to be deposed after the discovery cut-off for fear of being held in contempt." (Opp., 10:6-7, 9:26-27.) If that statement is true, then Plaintiff concedes he did not attempt to schedule Plaintiff's deposition at all, except for the date of October 19, when he also claimed he was "unavailable."[1]

---

[1] In addition, Plaintiff's statement that "Defendant ***continued to cancel dates*** set for depositions" (Opp., 8:14-15, emphasis added) is not true. In support, he relies on a single cancellation, communicated on September 14, 2017, which Defendants clearly

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER

4.

1    Plaintiff's counsel is so caught up in trying to conceal the truth that his own
2    statements reveal that his opposition is supported by nothing other than blatant
3    misrepresentations.  And if his position was legitimately an availability issue, then
4    why does he oppose this Motion?  And why did he force the Motion to be filed in the
5    first place?  If the issue truly does ***not*** arise out of his misconduct in preventing
6    Plaintiff's deposition and violating the Scheduling Order, the entire matter could have
7    been resolved without this Motion.  This Court has to sanction Plaintiff accordingly.

   **C.   Defendants Tried to Put Together a Plan for All of the Depositions, But Plaintiff Refused Any Plan that Included Plaintiff's Deposition.**

10   Plaintiff claims that "Defendant in bad faith withheld witnesses from being
11   deposed in order to force Plaintiff into a deposition on a dates [sic] that he nor his
12   counsel is [sic] available." (Opp., 9:15-17.)  But that is not true, and as with his other
13   Opposition statements, the exact ***opposite*** is what actually occurred.

14   Defendants attempted to obtain a deposition schedule allowing for Plaintiff's
15   deposition and multiple defense witness depositions.  But Plaintiff refused, and tried
16   to only schedule defense depositions.  Plaintiff would offer deposition dates, but only
17   for the purpose of taking defense depositions, not Plaintiff's deposition, because
18   according to counsel, Plaintiff "has a life" and was "unavailable" on all days prior to
19   the deposition cutoff. (Motion MPA, 5:15-19.)

20   Defendants initially tried to schedule Plaintiff's deposition first, as it had been
21   scheduled first several times in preceding months.  In fact, Plaintiff did not even serve
22   a single deposition notice until Defendants attempted to reschedule Plaintiff's
23   September 2017.  At that point, only a few weeks prior to the cutoff, Plaintiff held his
24   deposition hostage to the 14 depositions he wanted. (Motion MPA, 4:4-10.)

25   Soon thereafter, Defendants agreed to any order of depositions, just so they
26   could go forward.  But Plaintiff resisted and even the deposition schedule Defendants
27
28   identified in their Motion. (Motion MPA, 3:28 – 4:3.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO AMEND SCHEDULING ORDER           5.

1  attempted to coordinate to complete depositions prior to the cutoff was rejected by
2  Plaintiff.  One of the defense witnesses (Lt. Duran) was set for October 17, 2017,
3  while Plaintiff's deposition was set for October 18, 2017.  But Plaintiff did not
4  proceed with the October 17 deposition, and he failed to appear for his October 18
5  deposition.  (*See* Opp. to Plaintiff's Motion to Amend Scheduling Order, Dkt. No. 34,
6  3:20 – 6:2.)

7  As a result, Plaintiff's argument that "[i]t would be unfair for the court to allow
8  Defendant to depose its witnesses [sic] but prevent Plaintiff from deposing its [sic]
9  witnesses" is absurd.  (Opp., 8:27 – 9:1.)  Defendants wanted Plaintiff's deposition,
10 and not only did Plaintiff refuse it, but Plaintiff specifically refused to proceed with
11 the defense witness depositions the parties had scheduled.  It makes no sense to allow
12 Plaintiff to conduct depositions after the discovery cutoff when he specifically refused
13 to proceed with them prior to the discovery cutoff.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' motion in its entirely by amending the Scheduling Order for the sole purpose of allowing Plaintiff's deposition to proceed after the discovery cut-off, requiring Plaintiff to attend deposition prior to trial, and awarding monetary sanctions against Plaintiff and his counsel for an amount of no less than $4,800.

Dated: November 20, 2017

*/s/ Michelle Rapoport*
MICHELLE RAPOPORT
BROOKE DEARDURFF
LITTLER MENDELSON, P.C.
Attorneys for Defendants
THE GEO GROUP, INC. and GEO CORRECTIONS AND DETENTION, LLC

Firmwide:151297685.1 059218.1286

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

6.