1   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
2   MICHELLE RAPOPORT, Bar No. 247459
    mrapoport@littler.com
3   BROOKE DEARDURFF, Bar No. 292433
    bdeardurff@littler.com
4   LITTLER MENDELSON, P.C.
    633 West 5th Street
5   63rd Floor
    Los Angeles, CA  90071
6   Telephone:  213.443.4300
    Facsimile:   213.443.4299
7
    Attorneys for Defendants
8   THE GEO GROUP, INC. and GEO
    CORRECTIONS AND DETENTION, LLC
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12              (SANTA ANA COURTHOUSE)

13

14  EMANUEL SANTIAGO, an              Case No.  5:16-CV-02263 – DOC – KK
    individual,
15
                                      **DEFENDANTS' OPPOSITION TO
16          Plaintiff,                PLAINTIFF'S *EX PARTE*
                                      APPLICATION TO EXTEND
17      v.                            BRIEFING ON DEFENDANTS'
                                      MOTION FOR SUMMARY
18  THE GEO GROUP, INC., a Florida    JUDGMENT**
    Corporation dba GEO CALIFORNIA,
19  INC.; GEO Corrections and Detention,
    LLC; DOES 1 - 10, individuals, and
20  DOES, 11 - 20, business entities
    inclusive,
21
                                      Discovery Cut-off:    October 30, 2017
22          Defendants.               Pretrial Conference:  January  8, 2018
                                      Trial:                January 23, 2018
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'        1
MOTION FOR SUMMARY JUDGMENT

1

2

**TABLE OF CONTENTS**

**PAGE**

I.    SUMMARY OF OPPOSITION ............................................................. 1

II.   ARGUMENT ..................................................................................... 2

A.   Plaintiff Has Been Aware of the Timing of Defendants' Motion for Summary Judgment Since January 2017, and Defendants' Intent to File It Since May 2017 .................................................................... 2

B.   To Justify His Request for Ex Parte Relief, Plaintiff Misrepresents His Prior Statements and Ignores His Violations of Local Rules ............ 3

1.   Magistrate Kato Did Not "Allow" Plaintiff to File a Noticed Motion to Compel Further Written Discovery; Plaintiff Filed His Motion in Violation of Local Rules ........................................ 3

2.   Plaintiff's Pending Motion to Amend the Scheduling Order Is Not a Basis for Relief; Plaintiff Filed the Copycat Motion in Violation of Local Rules ................................................................ 5

C.   Plaintiff Devotes Much of His Application to Arguing the Merits of Defendants' Motion for Summary Judgment ..................................... 6

1.   Plaintiff Disputes the Purpose and Timing of a Summary Judgment Motion ..................................................................... 6

2.   Plaintiff Omits Critical Facts Concerning His Prior Knowledge of Defendants' Intent to File a Summary Judgment Motion ..................................................................... 7

3.   Plaintiff Demonstrates How Prepared He Believes He Is to Oppose the Motion for Summary Judgment ................................. 8

4.   Plaintiff Argues that the Evidence in this Case Is Sufficient for Him to Prevail, Revealing that He Does Not Believe He Needs Additional Discovery ............................................................. 9

III.  CONCLUSION ................................................................................. 9

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
   883 F. Supp. 488 (C.D. Cal. 1995) ............................................................. 3

## Other Authorities

Local Rule 7-3 ............................................................................................. 5, 6

Local Rule 7-9 ................................................................................................. 7

Local Rule 37 .................................................................................................. 4

Local Rule 37-2.2 ............................................................................................ 4

Rule 11 ........................................................................................................ 6, 9

Rule 56 ............................................................................................................. 7

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

## I.    SUMMARY OF OPPOSITION

Defendants are forced to respond, again, to an issue manufactured by Plaintiff, after the fact, to reverse the strategic course Plaintiff so brazenly pursued. The *ex parte* application to delay briefing on Defendants' Motion for Summary Judgment, and thus the entire case, is improper and unsupported, and it should be denied.

There is no basis for *ex parte* relief to delay briefing on the motion.  Plaintiff has known about the time deadlines since January 2017, as well as Defendants' intent to file the motion since May 2017.  Nothing in his application warrants *ex parte* relief, particularly when he waited until Defendants' summary judgment motion to file it.

The only purported basis for the application is Plaintiff's misrepresentations about this case and the pending motions before the Court.  Plaintiff has caused the delay leading to his request by specifically violating Local Rule 37 to have his discovery dispute heard by Magistrate Kato later than it should have been.  Similarly, Plaintiff's motion to amend the scheduling order was filed in violation of Local Rule 7-3, in response to Defendants' legitimate motion to amend without any prior notice. The application itself is also focused on the merits of the summary judgment motion, which not only demonstrates Plaintiff's preparedness, but reveals how ***he does not actually believe*** he needs further discovery to oppose Defendants' motion.

Most troubling about Plaintiff's application is the path he took to prepare it.  As addressed in multiple pending motions, Plaintiff has orchestrated each of his pleadings with the Court to reverse his course and derail Defendants' compliant conduct. Violating the Court's rules as he pleases, and misrepresenting prior statements to suit new objectives, Plaintiff obstructs Defendants' legitimate efforts in ambush, and then when Defendants move, he attacks or chooses a new contradictory path, by filing a copycat motion or *ex parte* application to masquerade his gamesmanship.

In this case, Plaintiff refused to appear for deposition, claiming "unavailability," but when Defendants sought Court invention, Plaintiff claimed he was the one who was not permitted to take depositions.   Yet, Plaintiff specifically elected not to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

1

1    proceed with the four depositions he now claims he needs, in spite of Defendants'

2    urging and repeated reminders.  Plaintiff then forced Defendants to file their Motion

3    for Summary Judgment without Plaintiff's deposition testimony.  Defendants did so

4    timely, following the Scheduling Order Plaintiff thinks does not apply to him.

5         Yet, after refusing to take the depositions *he scheduled*, Plaintiff now seeks *ex*

6    *parte* relief to obtain them before responding to Defendants' motion.  Conveniently,

7    Plaintiff did not address the briefing issue prior to the motion being filed; of course

8    not, he waited in ambush to see what Defendants filed, and then brought his *ex parte*

9    application.  Plaintiff has fabricated the *ex parte* application to relieve him of his

10   decision not to proceed with discovery, after Defendants were forced to file their

11   motion with Plaintiff's refusal to appear for deposition.

12        Plaintiff's conduct and should not be condoned by this Court.  The Court should

13   deny Plaintiff's *ex parte* application in its entirety.

## II.   ARGUMENT

### A.   <u>Plaintiff Has Been Aware of the Timing of Defendants' Motion for Summary Judgment Since January 2017, and Defendants' Intent to File It Since May 2017.</u>

17        The Court's Scheduling Order, dated January 13, 2017, set the motion cut-off

18   date for December 18, 2017, and provides that "[t]he motion cut-off date is the day

19   that the Court will hear motions for summary judgement."  (Dkt. No. 16 (Scheduling

20   Order & Order Re Pretrial and Trial Procedures), at 4:24-26.)

21        Defendants have conferred with Plaintiff on numerous occasions about the facts

22   and allegations in this action and Defendants' intent to dispose of them via summary

23   adjudication. Those discussions began in May 2017, following the receipt of

24   Plaintiff's verified self-defeating responses to written discovery requests.  Those

25   discussions continued through the end of discovery in this case when Defendants

26   attempted to depose Plaintiff and proceed with the defense witness depositions

27   Plaintiff previously claimed he wanted. (*See* Dkt No. 40-2 (Compendium of Evidence

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

2.

1   in Support of Defendants' Motion for Summary Judgment), at p. 213, ¶ 5.)[1]

2   There is no emergency here, and *ex parte* relief is neither appropriate nor

3   warranted.   Defendants' Motion for Summary Judgment was filed in the normal

4   course, pursuant to the specific guidelines of the Scheduling Order.   There simply

5   cannot be any surprise or crisis requiring *ex parte* relief.   *See Mission Power Eng'g*

6   *Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).   Moreover, at no time

7   prior to his current *ex parte* application did Plaintiff ***ever express*** a need or interest in

8   postponing the Motion for Summary Judgment.   In fact, the opposite is true, as

9   described further herein.

10  **B.    To Justify His Request for *Ex Parte* Relief, Plaintiff Misrepresents**
11  **His Prior Statements and Ignores His Violations of Local Rules.**

12  In an effort to twist the circumstances in his favor, Plaintiff blatantly

13  misrepresents his prior statements.   It is all a sham, and yet another example of

14  Plaintiff's deplorable conduct in this case.

15  **1.    *Magistrate Kato Did Not "Allow" Plaintiff to File a Noticed***
16  ***Motion to Compel Further Written Discovery; Plaintiff Filed His***
       ***Motion in Violation of Local Rules.***

17  Plaintiff claims his *ex parte* application is based in part on a written discovery

18  dispute.   In support, Plaintiff claims that Magistrate Kato "denied plaintiff's ex-parte

19  application as to depositions, but allowed plaintiff to file a notice motion in relate [sic]

20  to further responses for request for admission, interrogatories, and request for

21  production." (Application, at 3:22-25.)   That is not true.

22  In her October 18, 2017 Order, Magistrate Kato stated that "Plaintiff's Ex Parte

23  Application to compel production of unredacted documents and supplemental

24  responses to written discovery requests is denied without prejudice." (Dkt. No. 27, at

25  p. 5.)   Magistrate Kato did not "allow" Plaintiff to file a noticed discovery motion as

26  Plaintiff suggests, she simply denied his *ex parte* application without prejudice.

27
28  ---
    [1]   For ease of reference, in support of the statements made in this Opposition brief,
    Defendants cite to the arguments and evidence already on file in the Court's docket.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

3.

1    Plaintiff actually filed his discovery motion *in violation of Local Rule 37*, so

2    that the discovery dispute would be heard by Magistrate Kato *at the latest possible*

3    *date*, obviously to set himself up for his current *ex parte* application.  (*See* Dkt No. 37

4    (Defendants' Opposition to Plaintiff's Motion to Compel Further Discovery

5    Responses), at 1:2 – 2:2.)

6    Specifically, Local Rule 37 requires the submission of a Joint Statement to the

7    Court, after which the matter is set for hearing 21 days later.  Instead of following that

8    procedure, Plaintiff abandoned his Joint Statement – that would have resulted in the

9    discovery motion being hearing no later than November 30, 2017 – and filed a noticed

10   motion, which Plaintiff set for hearing on December 7, 2017.  In doing so, Plaintiff

11   was able to push the resolution of his purported discovery dispute to a later date.

12   Certainly, Plaintiff's violation of Local Rule 37 to delay the discovery issue, which he

13   now argues he needs resolved on an *ex parte* basis, cannot be condoned by this Court.

14   Moreover, Plaintiff fabricated the dispute to harass Defendants.   Plaintiff

15   initially served Defendants with a Joint Statement on October 26, 2017, concerning *97*

16   *discovery requests*.  Plaintiff served that Joint Statement – requiring Defendants to

17   respond to each of the 97 requests – the day *before* Plaintiff agreed to receive

18   supplemental responses from Defendants.   On October 26, 2017, having not yet

19   received Defendants supplemental responses, Plaintiff even put this ridiculous

20   sentence at the end of each request in the Joint Statement: "[After review of the

21   responses provided by Defendant on October 27, 2017. Plaintiff believes that the

22   responses are still inadequate]."   Before receiving the supplemental responses,

23   Plaintiff's counsel assumed they were inadequate and required Defendants to

24   needlessly respond to 97 purported disputes.  Plaintiff then failed to file that Joint

25   Statement in accordance with Local Rule 37-2.2.  Instead, after Defendants signed and

26   returned the completed *337-page Joint Statement*, Plaintiff abandoned it, and filed a

27   motion to compel regarding *12 discovery requests*.  (Dkt No. 37, *supra*, at 1:4-18.)

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

4.

2. ***Plaintiff's Pending Motion to Amend the Scheduling Order Is Not a Basis for Relief; Plaintiff Filed the Copycat Motion in Violation of Local Rules.***

Plaintiff claims his *ex parte* application is based in part on a potential need for depositions. Specifically, he states "Plaintiff also filed a motion to amend the scheduling order to allow him to conduct discovery necessary to prepare his opposition for defendant's dispositive motion." (Application, at 4:1-3.) That is not true.

Plaintiff actually filed his motion to amend the scheduling order, in violation of Local Rule 7-3, as a response to Defendants' Motion to Amend the Scheduling Order regarding Plaintiff's deposition. Plaintiff never mentioned the motion prior to filing it, and never conferred with Defendants about it; he filed it as a response to Defendants' motion, to obscure the legitimate issues raised by Defendants' motion and cause further expense and delay. And had he complied with Local Rule 7-3, he would have been time barred from bringing it. (*See* Dkt. No. 34 (Defendants' Opposition to Plaintiff's Motion to Amend the Scheduling Order), at 1:2 – 2:6.)

In fact, the statements of Plaintiff's counsel prior to filing that motion are ***contradicted by the statements in his own motion***. Specifically, prior to filing his motion, Plaintiff's counsel stated that he did not want to extend the discovery cutoff to complete any depositions and that the parties ***"should proceed to trial without taking any depositions."*** In addition, on October 26, 2017, during the parties' conference regarding Defendants' efforts to compel Plaintiff's deposition, Plaintiff's counsel stated he was not available to defend the deposition on any proposed date because he ***might*** have a deposition, ***might*** have a court appearance, or ***might*** even be going on vacation. That same day, while confirming he would ***not*** produce Plaintiff for deposition, he also claimed he ***did not need any depositions*** and ***would introduce a declaration of Plaintiff*** to oppose Defendants' summary judgment motion. (*See id.*; Dkt. No. 30 (Defendants' Motion to Amend the Scheduling Order), at 1:3-28.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

5.

Moreover, Plaintiff actually ***refused to proceed with each of the defense witness depositions he scheduled***, prior to the discovery cutoff.  He refused to take them prior to the discovery cutoff, but then filed a motion to compel them after the cutoff to obscure his response to Defendants' legitimate motion to compel Plaintiff's deposition.  (Dkt. No. 34, *supra*, at 3:20 – 6:2.)

Plaintiff's refusal to proceed with the depositions prior to the filing of Defendants' Motion for Summary Judgment cannot support his request for *ex parte* relief to allow the depositions and delay the briefing after the motion was filed. Plaintiff's contradicting positions and representations, and violation of Local Rule 7-3, cannot be condoned by this Court.

### C.   Plaintiff Devotes Much of His Application to Arguing the Merits of Defendants' Motion for Summary Judgment.

Plaintiff desires to delay Defendants' Motion for Summary Judgement, but he provides no support for his request.  In fact, after disputing the overall function of a summary judgment motion, Plaintiff's arguments simply demonstrate how prepared he believes he is to oppose it, none of which supports *ex parte* relief.

#### 1.   *Plaintiff Disputes the Purpose and Timing of a Summary Judgment Motion.*

Rather oddly, Plaintiff challenges the summary adjudication procedure with his *ex parte* application.  He argues that the facts in this case "must be adjudicated by the fact finder," expressing disbelief "on why filing a dispositive motion should be proper" in this case.  (Application, at 5:18-22.)  He then threatens to file a sanctions motion under Rule 11 "if defendant [sic] decides to file [the summary judgment motion]" when Plaintiff explained to Defendants "why a dispositive motion should not be filed . . . ."  (*Id.* at 5:23-26.)

Then, Plaintiff argues that *ex parte* relief is required because "in the rules of civil procedure . . . [i]t would not be possible to . . . prepare a cogent opposition to the Motion for Summary Judgment by one week."  (*Id.* at 7:22-24.)  In other words,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

6.

1  Plaintiff's challenge is with this Court's Local Rules requiring an opposition within
2  one week of the filing of a summary judgment motion.  Yet, certainly, the timing
3  requirement of Local Rule 7-9 is followed in every other case in the Central District,
4  and Plaintiff cannot change the rule through his *ex parte* application.

5  **2.  *Plaintiff Omits Critical Facts Concerning His Prior Knowledge of Defendants' Intent to File a Summary Judgment Motion.***
6

7  Plaintiff claims that "[o]n November 6, 2017, plaintiff received a
8  correspondence from defendant [sic] informing that defendant will be filing a
9  dispositive motion pursuant to Rule 56 . . . ." (Application, at 4:15-17.)  While that is
10  true, and was *two weeks* prior to the actual filing of the motion, it still omits facts
11  revealing a lack of candor with the Court as to just how long Plaintiff has known
12  about the issues addressed in Defendants' motion.  (*See* Dkt No. 40-2, *supra*, at p.
13  213, ¶ 5.)

14  Specifically, Defendants have conferred with Plaintiff about their intention of
15  filing a summary judgment motion since May 2017.  It started following receipt of
16  Plaintiff's verified self-defeating responses to written discovery requests, and those
17  discussions have continued and occurred on numerous occasions.

18  Moreover, Defendants have specifically encouraged Plaintiff to obtain the
19  discovery he believed he needed to oppose Defendants' Motion for Summary
20  Judgment.  On October 19, 2017, for example, defense counsel sent a reminder email
21  to Plaintiff's counsel concerning the very issue addressed in Plaintiff's application:

22  > This will confirm that you refuse to provide availability for deposition
23  > and that you refuse to produce Mr. Santiago for deposition.
   > …
24  > ***We plan to bring a dispositive motion to dismiss Mr. Santiago's
25  > claims.  To the extent you request depositions in that context, we will
   > inform the court that we have agreed to proceed with all of the
26  > depositions you requested, but you refused to cooperate.  We have
   > agreed – and still agree – to proceed with a deposition of Warden
27  > Janecka and a PMK, we have agreed to produce Lt.  Anderson, and
   > that we agreed (and set) the deposition of Lt. Duran.  You have
28  > elected not to provide availability and not to proceed with these
   > depositions.***

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT                    7.

1  Yet, in spite of Defendants' urging, Plaintiff **never** responded.  (Dkt. No. 34, at 6:16-
2  25 (emphasis added).

3      It is appalling that Plaintiff believes he can refuse to proceed with depositions
4  prior to the summary judgment motion, only to approach this Court thereafter to seek
5  *ex parte* relief concerning those very same depositions, in order to obtain more time to
6  potentially take them.

7          **3.**     ***Plaintiff Demonstrates How Prepared He Believes He Is to Oppose the Motion for Summary Judgment.***
8

9      Plaintiff tries to argue that he believes he is not prepared to oppose Defendants'
10  Motion for Summary Judgment, claiming the motion should be "withdrawn as
11  premature." (Application, at 8:2-3.)  But in doing so, Plaintiff reveals the opposite.

12      Specifically, in support of his application, Plaintiff submits a letter his counsel
13  provided Defendants on November 14, 2017, addressing the substance of Defendants'
14  anticipated Motion for Summary Judgment.  (*See* Ex. C to Declaration of Amir
15  Mostafavi.)  It is a ***nine-page letter*** thoroughly analyzing each of the causes of action
16  filed by Plaintiff and the factual and legal grounds he alleges to have concerning them.
17  Plaintiff was very clearly aware of the issues to be addressed in Defendants' summary
18  judgment motion long before Defendants filed their motion and Plaintiff filed his *ex*
19  *parte* application.

20      Moreover, there is no surprise here because the very foundation for Plaintiff's
21  allegations is unsustainable.  The Motion for Summary Judgment is almost entirely
22  based on Plaintiff's allegations and verified discovery responses, demonstrating his
23  claims are not actionable.  There are only 28 undisputed material facts, and other than
24  Plaintiff's own evidence, there is only one percipient witness' declaration required to
25  support it.  (*See* Dkt. No. 40 (Defendants' Motion for Summary Judgment), at 1:2 –
26  2:22.)

27

28  ///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

8.

1

2

**4.    *Plaintiff Argues that the Evidence in this Case Is Sufficient for Him to Prevail, Revealing that He Does Not Believe He Needs Additional Discovery.***

3    Plaintiff ambiguously requests "more time" to oppose Defendants' summary

4   judgment motion, without identifying how much or for what purpose.   Regardless,

5   Plaintiff's own arguments defeat his request.

6    Specifically, Plaintiff argues in his application that the evidence in the case is

7   sufficient to establish the merits of his claims.   (Application, at 5:4-22.)   This is

8   consistent with Plaintiff's counsel's statements to defense counsel at the end of

9   discovery, that the parties should simply "proceed to trial without taking any

10   depositions." (Dkt No. 30, *supra*, 5:20 – 6:6.)

11    In fact, Plaintiff argues that Defendants would violate Rule 11 if they file a

12   Motion for Summary Judgment because the evidence is purportedly so clear in his

13   favor.  (*Id.* at 5:22-25.)  ***If Plaintiff has enough evidence to threaten Defendants to***

14   ***argue that a summary judgment motion would be frivolous, then why does Plaintiff***

15   ***claim he needs more time for discovery to oppose it?***

16    Plaintiff does not need more time.  His *ex parte* application is just the latest in

17   many recent attempts by Plaintiff to twist and obscure the issues and cause

18   unnecessary expense and delay, in disregard of the rules of civil procedure and the

19   rules of this Court.  This Court should not condone Plaintiff's misconduct.

20   **III.    CONCLUSION**

21    For the reasons set forth above, Defendants respectfully request that the Court

22   deny Plaintiff's *ex parte* application in its entirety.

23   Dated:   November 21, 2017

24

25    _/s/ Michelle Rapoport_
MICHELLE RAPOPORT

26   LITTLER MENDELSON, P.C.
Attorneys for Defendants

27   THE GEO GROUP, INC. and GEO
CORRECTIONS AND DETENTION, LLC

28

Firmwide:151355639.1 059218.1286

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EX PARTE APPLICATION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

9.