AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
11835 W Olympic Blvd., STE 1055
Los Angeles, California 90064
Telephone: (310) 473-1111
Facsimile: (310) 473-2222
amir@mostafavilaw.com

Attorneys for Plaintiff EMANUEL SANTIAGO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EMANUEL SANTIAGO, an individual,

              PLAINTIFF,

vs.

THE GEO GROUP, INC., a Florida Corporation dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC; DOES 1-10, individuals, and DOES, 11-20, business entities inclusive,

              DEFENDANTS.

Case No. 5:16-cv-02263-DOC-KK

**PLAINTIFF EMANUEL SANTIAGO'S OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

*[Filed concurrently: Memorandum of Points and Authorities; Statement of Genuine Disputes of Material Facts; Declarations; Appendix of Evidence; Request for Judicial Notice, and Proposed Order]*

Assigned to: Hon. David O. Carter
Date: December 18, 2017
Time: 8:30 a.m.
Courtroom: 9D – 9th Floor
Action Filed: July 18, 2016
Trial: January 23, 2017

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
11835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

## EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMES JANECKA

| # | MOVING PARTIES' UNCONTROVERTED FACTS/EVIDENCE | EVIDENTIARY OBJECTIONS | RULING ON THE OBJECTION |
|---|---|---|---|
| 1 | Plaintiff objects to and moves to strike declaration of James Janecka, p.1, ¶ 1, lines 3-4, which reads as follow: *"I have personal knowledge of the following, or knowledge based upon records which are within my custody and control."* | Declarant's statements that *"I have personal knowledge…, or knowledge based upon records which are within my custody and control"* are assertions of the contents and/or of the writing, and thus violate the best evidence rule. (*Miler v. Harper* (1967) 248 Cal.App.2d 463, 468); (*Miler v. Bank of America* (1963) 212 Cal.App.2d 719, 725.) | Sustained: _____ Overruled: _____ |
| 2 | Plaintiff objects to and moves to strike declaration of James Janecka, p.2, ¶ 3, lines 18-22, which reads as follow: *"Ensuring the security of detainees, employees and the public is our primary objective and an essential job function of all Detention Officers. Incidents that potentially compromise the security of any of our constituents are considered to be very serious and are dealt with accordingly."* | Inadmissible hearsay. (Evid. Code §§1200 *et seq.*) Declarant's statement in these lines are inadmissible hearsay. (*Swope v. Moskovitz* (1967) 253 Cal.App.2d 514, 516).<br><br>A self-serving statement by a party as to his intention presents no issue of fact; a question of fact is only presented when there are conflicting inferences about the actions of the parties. (*FPI Development, Inc. v. Nakashima* (3rd Dist.1991) 231 Cal. App. 3d 367, 391).<br><br>Declarant's statements that *"[e]nsuring the security of detainees, employees and the public is our primary objective and an essential job function of all Detention Officers"* are about state of mind of others and thus inadmissible. Court should ignore mere conclusions and expressions of subjective state of mind. (*Baron v. Mare* (2nd Dist.1975) 47 Cal. App. 3d 304, 309).<br><br>Improper Opinion and | Sustained: _____ Overruled: _____ |

2

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| | | | Ultimate Fact. Declarant's statements that *"compromise the security of any of our constituents are considered to be very serious and are dealt with accordingly."* are improper opinion and ultimate fact. (*Fuller v. Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693; *Guthrey v. State of California* (1998) 63 Cal.App. 4th 1108, 1120). | |
| | 3 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 5, lines 1-2, which reads as follow: *"GEO Corrections and Detentions LLC hired Plaintiff on March 18, 2013 as a Detention Officer. GEO Group, Inc. did not employ Plaintiff."* | Declarant's statements that *"GEO Corrections and Detentions LLC hired Plaintiff on March 18, 2013 as a Detention Officer. GEO Group, Inc. did not employ Plaintiff"* are assertions of the contents and/or of the writing, and thus violate the best evidence rule. (*Miler v. Harper* (1967) 248 Cal.App.2d 463, 468); (*Miler v. Bank of America* (1963) 212 Cal.App.2d 719, 725.)<br><br>Declarations shall be made by any person on personal knowledge that *"GEO Corrections and Detentions LLC hired Plaintiff on March 18, 2013 as a Detention Officer. GEO Group, Inc. did not employ Plaintiff"* (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615). | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |
| | 4 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 8-9, which reads as follow: *"On August 5, 2015, Plaintiff escorted a detainee from his cell to the shower."* | Declarations shall be made by any person on personal knowledge that *"[o]n August 5, 2015, Plaintiff escorted a detainee from his cell to the shower."* (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

3

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

(Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615).

Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement.

Statements based on information and belief must be disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204].  Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623).

Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.)

4

| 5 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 9-10, which reads as follows: "*Once the detainee was in the shower, Plaintiff did not secure the shower door.*" | Declarations shall be made by any person on personal knowledge that "*[o]nce the detainee was in the shower, Plaintiff did not secure the shower door.*" (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (Visueta v. General Motors Corp. (1991) 234 Cal.App.3rd 1609, 1614-1615).<br><br>Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement.<br><br>Statements based on information and belief must be disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204].  Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623).<br><br>Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development* | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

5

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| | | | *Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.) | |
| | 6 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 10-11, which reads as follows: *"He left the detainee with the shower door unlocked, and left to attend to other duties."* | Declarations shall be made by any person on personal knowledge that *"[h]e left the detainee with the shower door unlocked, and left to attend to other duties."* (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (Visueta v. General Motors Corp. (1991) 234 Cal.App.3rd 1609, 1614-1615).<br><br>Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement.<br><br>Statements based on information and belief must be disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT

<table>
<tr><td>1</td><td></td><td></td><td>88 Cal.App.3d 201, 204].  Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623).</td><td></td></tr>
</table>

Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.)

| 7 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 11-13, which reads as follows: "*With Plaintiff away performing other functions, the unattended detainee exited the shower, walked towards the exit from the Restricted Housing Unit, and pushed a button seeking access through a locked door leading out of the unit.*" | Declarations shall be made by any person on personal knowledge that  "*[w]ith Plaintiff away performing other functions, the unattended detainee exited the shower, walked towards the exit from the Restricted Housing Unit, and pushed a button seeking access through a locked door leading out of the unit.*" (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (Visueta v. General Motors Corp. (1991) 234 Cal.App.3rd 1609, 1614-1615).<br><br>Declarant's claim of personal knowledge without facts | Sustained:<br>_____<br><br>Overruled:<br>_____ |

MOSTAFAVI LAW GROUP, APC<br>PRACTICE LIMITED IN EMPLOYMENT LAW<br>1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | |
|---|---|---|---|
| | | establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement.<br><br>        Statements based on information and belief must be disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204].  Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623).<br><br>        Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.) | |
| 8 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 13-15, which reads as follow: *"Officer Elizabeth Marquez, hired on July 9, 2012, was stationed in Central Control* | Declarations shall be made by any person on personal knowledge that *"[o]fficer Elizabeth Marquez, hired on July 9, 2012, was stationed in Central Control and tasked with ensuring only authorized personnel gain access through* | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

8

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | |
|---|---|
| *and tasked with ensuring only authorized personnel gain access through locked doors."* | *locked doors."* (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615). |
| | Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement. |
| | Statements based on information and belief must be disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204].  Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623). |
| | Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and |

9

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| 1 | | | *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.) | |
| 2 | | | | |
| 3 | | | | |
| 4 | 9 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 15-17, which reads as follows: *"When the detainee pushed the button, Officer Marquez unlocked the door remotely from Central Control for him, and the detainee passed through the door."* | Declarations shall be made by any person on personal knowledge that. *"[w]hen the detainee pushed the button, Officer Marquez unlocked the door remotely from Central Control for him, and the detainee passed through the door."* (CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615).<br><br>Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.) This statement does not satisfy this requirement.<br><br>Statements based on information and belief must be disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204]. Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623).<br><br>Statements based on information and belief or mere | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |

28

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1885 W OLYMPIC BLVD. STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| | | | understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.) | |
| 10 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 7, lines 17-19, which reads as follows: *"The detainee continued on, gaining access through four doors monitored by Officer Marquez until he was apprehended and returned to the Restricted Housing Unit."* | Declarations shall be made by any person on personal knowledge that *"[t]he detainee continued on, gaining access through four doors monitored by Officer Marquez until he was apprehended and returned to the Restricted Housing Unit."* CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615). <br><br> Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement. <br><br> Statements based on information and belief must be | Sustained: <br><br> _____ <br><br> Overruled: <br><br> _____ |

11

| | | | | |
|---|---|---|---|---|
| | | | disregarded and are unavailing for any purpose whatsoever. (*Star Motor Imports, Inc. v. Superior Court* (1979) 88 Cal.App.3d 201, 204]. Such a declaration is devoid of any evidentiary value. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal.App.2d 622, 623).<br><br>　　　　Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.) | |
| 11 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 8, line 20, which reads as follows: *"Plaintiff submitted a report in connection with the incident."* | Declarant's statements that *"Plaintiff submitted a report in connection with the incident"* is assertion of contents and/or of writing, and thus violate the best evidence rule. (*Miler v. Harper* (1967) 248 Cal.App.2d 463, 468); (*Miler v. Bank of America* (1963) 212 Cal.App.2d 719, 725.)<br><br>　　　　Declarant's reference to and reliance upon information allegedly in the personal records that *"Plaintiff submitted a report in connection with the incident"* which are maintained in the normal course of business is hearsay, not the best evidence and it fails to meet the requirements of the business records exception (Evid. Code section 1271), and it is inadmissible | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| | | | legal conclusion. (*McLover v. Savage* (1963) 220 Cal.App.2d 128, 134); (*Miley v. Harper* (1967) 248 Cal.App.2d 463,468); (*Guthrey v. State of California* (1998) 63 Cal.App.4[th] 1108,1121.)<br><br>      Declarations shall be made by any person on personal knowledge that *"[t]he detainee continued on, gaining access through four doors monitored by Officer Marquez until he was apprehended and returned to the Restricted Housing Unit."* CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3[rd] 1609, 1614-1615).<br><br>      Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement | |
| 12 | Plaintiff objects to and moves to strike declaration of James Janecka, p.3, ¶ 8, lines 20-28, p. 4 ¶ 8, line 1, which read as follows: *"In the report, he describes the incident, stating, 'On 8.5.15, shortly before the 1630 count, I placed D/T lrias into a lower tier shower.' Plaintiff then goes on in some detail about* | Declarations shall be made by any person on personal knowledge that *"In the report, he describes the incident, stating, 'On 8.5.15, shortly before the 1630 count, I placed D/T lrias into a lower tier shower.' Plaintiff then goes on in some detail about the activities he engaged in after placing the detainee in the shower, including 'counting' detainees, and delivering dinner trays* | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

13

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

*the activities he engaged in after placing the detainee in the shower, including 'counting' detainees, and delivering dinner trays to detainees, first on the lower tier, and then on the upper tier as the detainee remained in the lower tier shower. Plaintiff concludes his report by stating, 'I had not secured the shower door when placing D/T lrias in it due to administrative segregation now being an open dayroom and I believe he exited segregation while I was feeding the top tier with the porters.'"*

*to detainees, first on the lower tier, and then on the upper tier as the detainee remained in the lower tier shower. Plaintiff concludes his report by stating, 'I had not secured the shower door when placing D/T lrias in it due to administrative segregation now being an open dayroom and I believe he exited segregation while I was feeding the top tier with the porters.'"* CCP section 437c subd. (d) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615).

Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement.

Declarant's reference to and reliance upon information allegedly in the personal records of Plaintiff which are maintained in the normal course of business is hearsay, not the best evidence and it fails to meet the requirements of the business records exception (Evid. Code section 1271), and it is inadmissible legal conclusion. (*McLover v. Savage* (1963) 220 Cal.App.2d 128, 134); (*Miley v. Harper* (1967) 248 Cal.App.2d 463,468); (*Guthrey v. State of California* (1998) 63 Cal.App.4th

14

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | |
|---|---|---|---|
| | | 1108,1121.) | |
| 13 | Plaintiff objects to and moves to strike declaration of James Janecka, p.4, ¶ 8, lines 1-3, which read as follows: *"Plaintiff's failure to secure the shower door contributed to the detainee's attempted escape, and jeopardized security at Adelanto."* | Declarant's statement that *"[p]laintiff's failure to secure the shower door contributed to the detainee's attempted escape, and jeopardized security at Adelanto"* is an improper conclusion, opinion and ultimate fact. (*Fuller v. Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693); (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108,1120.)<br><br>Declarant's claim that *"[p]laintiff's failure to secure the shower door contributed to the detainee's attempted escape, and jeopardized security at Adelanto"* is based upon inadmissible hearsay and opinion. (*Hayman v. Block* (1986) 176 Cal.App.3d 705,720).<br><br>Declarant attempts to use ultimate facts such as *"[p]laintiff's failure to secure the shower door contributed to the detainee's attempted escape, and jeopardized security at Adelanto."* This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.) | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |
| 14 | Plaintiff objects to and moves to strike declaration of James Janecka, p.4, ¶ 8, lines 4-9, which read as follows: *"Attached hereto as **Exhibit A** are business records pertaining to GEO's investigation into the August 5, 2015 incident. The records* | Declarant's reference to and reliance upon information allegedly in the personal records of Plaintiff which are maintained in the normal course of business is hearsay, not the best evidence and it fails to meet the requirements of the business records exception (Evid. Code section 1271), and it is inadmissible legal conclusion. | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

15

| | | | | |
|---|---|---|---|---|
| 1 | | *include Plaintiff's statement regarding the incident. The records were created in the ordinary course of business, and were either made at or near the time indicated in the records by persons with knowledge of the acts or events described in the records."* | (*McLover v. Savage* (1963) 220 Cal.App.2d 128, 134); (*Miley v. Harper* (1967) 248 Cal.App.2d 463,468); (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108,1121.) | |
| 15 | | Plaintiff objects to and moves to strike declaration of James Janecka, p.4, ¶ 9, lines 10-11, which read as follows: *"GEO made the decision to terminate both Plaintiff and Officer Marquez for their respective roles in the escape attempt."* | Declarations shall be made by any person on personal knowledge that *"GEO made the decision to terminate both Plaintiff and Officer Marquez for their respective roles in the escape attempt."* CCP section 437c subd. (d)) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3rd 1609, 1614-1615).<br><br>Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.)<br><br>Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

MOSTAFAVI LAW GROUP, APC<br>PRACTICE LIMITED IN EMPLOYMENT LAW<br>1855 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

16

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | | | | |
|---|---|---|---|---|
| | | | 748.) | |
| | 16 | Plaintiff objects to and moves to strike declaration of James Janecka, p.4, ¶ 9, lines 10-11, which read as follows *"Plaintiff was placed on administrative leave immediately after the incident and ultimately terminated. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's termination notice, which was created in the ordinary course of business, at or near the time indicated in the records by persons with knowledge of the acts or events described in the records."* | Declarant's reference to and reliance upon information allegedly in the personal records of Plaintiff which are maintained in the normal course of business is hearsay, not the best evidence and it fails to meet the requirements of the business records exception (Evid. Code section 1271), and it is inadmissible legal conclusion. (*McLover v. Savage* (1963) 220 Cal.App.2d 128, 134); (*Miley v. Harper* (1967) 248 Cal.App.2d 463,468); (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108,1121.) | Sustained: <br><br> _____ <br><br> Overruled: <br><br> _____ |
| | 17 | Plaintiff objects to and moves to strike declaration of James Janecka, p.4, ¶ 9, lines 16-28, p. 5 ¶ 9, lines 1-6, which read as follow: *"The notice states, in relevant part: On 8-5-2015, Officer E. Santiago was assigned as the 2nd Watch West Administrative Segregation Housing Unit Officer. He was given specific direction from Lt. Duran [a supervisor] to ensure two officers are present when escorting Detainee Irias ... from in cell in Administrative Segregation to the shower. At approximately 1623 hours Officer Santiago conducted a single officer escort of detainee Irias to the shower area, where he failed to lock and secure the shower door.* | Declarant's reference to and reliance upon information allegedly in the personal records of Plaintiff which are maintained in the normal course of business is hearsay, not the best evidence and it fails to meet the requirements of the business records exception (Evid. Code section 1271), and it is inadmissible legal conclusion. (*McLover v. Savage* (1963) 220 Cal.App.2d 128, 134); (*Miley v. Harper* (1967) 248 Cal.App.2d 463,468); (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108,1121.) <br><br> Authentication of writing is required before it may be received in evidence. Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing the proponent of the evidence claims it is or (b) the establishment of such facts by any | Sustained: <br><br> _____ <br><br> Overruled: <br><br> _____ |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

17

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| | | *Officer Santiago then proceeded to retrieve two 24 detainee porters to facilitate distribution of meal trays. Formal count commenced at 1630 and was conducted by Officer Santiago and Officer Patterson. Once count was completed Officer Patterson departed the unit to facilitate a lunch break for another officer. Officer Santiago failed to get supervisory authorization to outcount detainee Irias in the shower area an further authorization to bring out two detained porters prior to the facility formal count clearing. While supervising detainee porters as they handed out meal trays on the far upper tier, detainee Irias completed his shower and pushed open the unsecure shower door at 1653 hours. Detainee Irias departed the Segregation housing unit unsupervised and unrestrained at approximately 1653 hours."* | other means provided by law. (*Jacobson v. Gourley* (2000) 83 Cal. App.4[th] 1331, 1334.)<br><br>    Since defendants did not properly authenticate these documents as business records, the court must rule their contents as inadmissible hearsay. (Evid. Code section 1271); (*Guthrey v. State of California* (1998) 63 Cal.App.4[th] 1108, 1121.) | |
| | 18 |     Plaintiff objects to and moves to strike declaration of James Janecka, p.6 ¶ 13, lines 11-15, which read as follows: "*In November 2013, a detainee scaled a fence in Adelanto's recreation yard, while supervised by a female Detention Officer. The female Officer was placed on administrative leave without pay, and following an investigation, GEO terminated the Officer for inattention to duty. There have been no other incidents at Adelanto in which a* |     Declarations shall be made by any person on personal knowledge. CCP section 437c subd. (d) Subject to Section 801, the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. (Evid. Code section 702, subd. (a).) (*Visueta v. General Motors Corp.* (1991) 234 Cal.App.3[rd] 1609, 1614-1615.)<br><br>    Declarant's claim that is based upon inadmissible hearsay and opinion. (*Hayman v. Block* (1986) 176 Cal.App.3d 705,720). | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

18

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| | | *detainee attempted to escape.*" | Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.)<br><br>Declarant's reference to and reliance upon information allegedly in a personal records is hearsay, not the best evidence and it fails to meet the requirements of the business records exception (Evid. Code section 1271), and it is inadmissible legal conclusion. (*McLover v. Savage* (1963) 220 Cal.App.2d 128, 134); (*Miley v. Harper* (1967) 248 Cal.App.2d 463,468); (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108,1121.) | |
| | 19 | Plaintiff objects to and moves to strike declaration of James Janecka, p.7 ¶ 16, lines 1-10, which read as follow: "*GEO provides employees, in compliance with state and federal legal requirements, other types of leave apart from the FMLA, including Pregnancy Disability Leave, which entitles employees to time off due to a disability caused by pregnancy or childbirth. GEO also provides leaves of absence under the Americans with Disabilities Act, and its state equivalents, where required and appropriate for employees who need accommodations. GEO's policy covers any qualifying condition, again, as require by law. GEO administers its leave of absence equally to eligible employees with a qualifying condition, regardless of the qualifying reason for the* | A lay witness' legal opinion in a declaration is not admissible evidence. (Evid. Code section 800); (*Bowden v. Robinson* (1977) 67 Cal.App.3d 705,720.)<br><br>Declarant's claim that is based upon inadmissible hearsay and opinion. (*Hayman v. Block* (1986) 176 Cal.App.3d 705,720).<br><br>Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.)  Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238. Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

19

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD. STE 1055, LOS ANGELES, CA 90064

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 | | *leave. GEO typically does not terminate employees during a legally protected leave of absence, regardless of the qualifying reason for the leave of absence."* | *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.) | |
| 4 5 6 | | | Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.) | |
| 7 8 9 10 11 12 13 | | | Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.) This statement does not satisfy this requirement. | |
| 14 15 16 17 18 19 20 21 22 23 24 25 26 | 20 | Plaintiff objects to and moves to strike declaration of James Janecka, p.7 ¶ 17, lines 11-16, which read as follow: *"GEO would have waited until the conclusion of Officer Marquez's leave of absence to terminate her employment had she taken the leave for any protected reason other than childbirth and related medical conditions. Similarly, had Plaintiff requested and qualified for a protected leave of absence immediately after the August 5, 2015 incident, GEO likely would have waited to terminate his employment until his return from leave."* | Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.)<br><br>Declarant's claim that is based upon inadmissible hearsay and opinion. (*Hayman v. Block* (1986) 176 Cal.App.3d 705,720).<br><br>Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.) This statement does not satisfy this requirement. | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

27

28

20

| 21 | Plaintiff objects to and moves to strike declaration of James Janecka, p.7 ¶ 18, lines 17-27, which read as follows: "*GEO's policy is 'to provide equal employment opportunity to all qualified individuals without regard to race, religion, color, sex, sexual orientation, age, national origin, disability, veteran status, marital status, gender discrimination, military status, medical condition or any other category protected by law ....' GEO's policy contains a complaint procedure, which encourages employees to report incidents that are believed to violate the policy. The policy further prohibits retaliation against any employee who files a charge of discrimination, cooperates with a governmental investigation of a charge, or exercises any right protected by federal or state law requiring equal opportunity.*" | A lay witness' legal opinion in a declaration is not admissible evidence. (Evid. Code section 800); (*Bowden v. Robinson* (1977) 67 Cal.App.3d 705,720.)<br><br>Declarant's claim that is based upon inadmissible hearsay and opinion. (*Hayman v. Block* (1986) 176 Cal.App.3d 705,720).<br><br>Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.) Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.)<br><br>Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.)<br><br>Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen* | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |

MOSTAFAVI LAW GROUP, APC<br>PRACTICE LIMITED IN EMPLOYMENT LAW<br>1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

21

| | | | | |
|---|---|---|---|---|
| 1 | | | *Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement. | |
| 2 | | | | |
| 3 | | | | |
| 4 | 22 | Plaintiff objects to and moves to strike declaration of James Janecka, p.8 ¶ 19, lines 3-10, which read as follow: *"Plaintiff's employment was governed by two Collective Bargaining Agreements ('CBA'); the first was in effect from February 25, 2011 until the second CBA went into effect beginning July 3, 2015. Attached hereto as Exhibit G is a true and correct copy of the collective bargaining agreements between GEO and the Union, effective during Plaintiffs employment. The records were created in the ordinary course of business, at or near the time indicated in the records by persons with knowledge of the acts or events described in the records."* | A lay witness' legal opinion in a declaration is not admissible evidence. (Evid. Code section 800); (*Bowden v. Robinson* (1977) 67 Cal.App.3d 705,720.)<br><br>Declarant's claim that is based upon inadmissible hearsay and opinion. (*Hayman v. Block* (1986) 176 Cal.App.3d 705,720).<br><br>Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.)  Statements based on information and belief or mere understanding of events, are to be rejected. (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App. 4th 1219, 1238). Also, (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App. 4th 628, 654, disapproved on another ground in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036); (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.227, 236, and *Gallant v. City of Carson, et al.* (2005) 128 Cal.App.4th 705, 710, averments on information and belief are insufficient.)<br><br>Declarant attempts to use ultimate facts. This is improper and insufficient as evidence. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748.)<br><br>Declarant's claim of personal knowledge without facts establishing a basis for personal knowledge is a mere | Sustained:<br><br>_____<br><br>Overruled:<br><br>_____ |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |

MOSTAFAVI LAW GROUP, APC<br>PRACTICE LIMITED IN EMPLOYMENT LAW<br>1875 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| | | improper conclusion. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 753-754). The contents of a declaration must meet the same test of admissibility as live testimony. (*Jeffers v. Screen Extras Guild, Inc.* (1955) 134 Cal. App. 2nd 262, 263.)  This statement does not satisfy this requirement. | |

Date: November 27, 2017                          MOSTAFAVI LAW GROUP, APC

By: _____
          Amir Mostafavi, Esq.
          Attorneys for Plaintiff
          EMANUEL SANTIAGO

23

PLAINTIFF EMANUEL SANTIAGO'S EVIDENTIARY OBJECTIONS IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT