AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
11835 W Olympic Blvd., STE 1055
Los Angeles, California 90064
Telephone: (310) 473-1111
Facsimile: (310) 473-2222
amir@mostafavilaw.com

Attorneys for Plaintiff EMANUEL SANTIAGO

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL SANTIAGO, an individual,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>THE GEO GROUP, INC., a Florida Corporation dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC; DOES 1-10, individuals, and DOES, 11-20, business entities inclusive,<br><br>　　　　DEFENDANTS. | Case No. 5:16-cv-02263-DOC-KK<br><br>**APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently: Memorandum of Points and Authorities; Statement of Genuine Disputes of Material Facts; Evidentiary Objections; Declarations; Request for Judicial Notice, and Proposed Order]*<br><br>Assigned to: Hon. David O. Carter<br>Date: December 18, 2017<br>Time: 8:30 a.m.<br>Courtroom: 9D – 9th Floor<br>Action Filed: July 18, 2016<br>Trial: January 23, 2017 |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
11835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

Plaintiff EMANUEL SANTIAGO ("Plaintiff") hereby submits the following Appendix of Evidence in support of his Opposition to Defendant THE GEO GROUP, INC., dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC, ("GEO") Motion for Summary Judgment, or in the alternative, partial Summary Judgment as follows:

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A | **DECLARATION OF AMIR MOSTAFAVI:** |
|  | 1. GEO's Response to SI-1 |
|  | 2. GEO's Supp. Response to SI-1 |
|  | 3. GEO's Response to SI-2 |
|  | 4. GEO's Response to RFA |
|  | 5. GEO's Supp Response to RFA |
|  | 6. Santiago Produced Documents |
|  | 7. Geo's Supplemental Responses Verification |
|  | 8. Santiago's Job Application |
|  | 9. Santiago's Pay Raise |
|  | 10. Change to Full Time |
|  | 11. Certificates |
|  | 12. Performance Reviews |
|  | 13. CBA |
|  | 14. Segregation/Special Management Unit Office Policy |
|  | 15. Administrative Segregation Unit Policy |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

16. Geo's FMLA Policy

17. Special Management Unit Policy & Procedure

18. Staffing Plan after Separation of segregation unit to Administrative and Disciplinary units.

19. Santiago Memo to Lieutenant Anderson

20. Sgt. Hutchinson Memo

21. Sgt. Soliz Memo

22. Shelton Memo

23. Supervisor Shift Log

24. Santiago's Investigative Report

25. Appeal by Union seeking grievances for Santiago before his termination becomes final

26. Disciplinary Action Forms for Santiago

27. Disciplinary Action Form for Marquez

28. Marquez's FMLA Leave

29. Santiago's Administrative Leave

30. Emails between Aldape and Gyenes

31. Termination Request for Marquez

32. Termination Request for Santiago

33. Master Control Policy

34. Santiago's Termination Decision

35. Transcript of Arbitration Hearing for Marquez

36. Arbitration Ruling Re: Marquez

| B | **DECLARATION OF EMANUEL SANTIAGO** |
|---|---|

1. Razor Log

2. W&H Class Action – Claim Form

3. W&H Class Action – Santiago's Opt-out Form

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

3

| C | **DECLARATION OF JAMES HENRY HUTCHINSON III** |
| D | **DECLARATION OF  SHAWNA DANIELLE NOWICKI** |
| E | **DECLARATION OF  JOSEPH LEE HARRIS** |
| F | **DECLARATION OF  DANIEL MOREIKO** |
| G | **DECLARATION OF  EDUARDO MACIAS** |
| H | **REQUEST FOR JUDICIAL NOTICE**<br><br>1.  Wage & Hour Class Action Settlement Agreement<br>2.  Wage & Hour Class Action Settlement Agreement-Exhibits<br>3.   Motion to Approve W&H Class Action Settlement.<br>4.   Post Arbitration Hearing Brief submitted by the Union on behalf of Elizabeth Marquez. |

Date: November 27, 2017                    MOSTAFAVI LAW GROUP, APC


By: _____

          Amir Mostafavi, Esq.
          Attorneys for Plaintiff
          EMANUEL SANTIAGO

APPENDIX OF EVIDENCE IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

# EXHIBIT A

## Declaration of Amir Mostafavi

1  AMIR MOSTAFAVI, ESQ. (SBN: 282372)
2  **MOSTAFAVI LAW GROUP, APC**
   11835 W Olympic Blvd., STE 1055
3  Los Angeles, California 90064
   Telephone: (310) 473-1111
4  Facsimile: (310) 473-2222
5  amir@mostafavilaw.com

6  Attorneys for Plaintiff EMANUEL SANTIAGO
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  EMANUEL SANTIAGO, an               Case No. 5:16-cv-02263-DOC-KK
    individual,
12                                     **DECLARATION OF AMIR**
13              PLAINTIFF,             **MOSTAFAVI IN SUPPORT OF**
                                       **PLAINTIFF EMANUEL SANTIAGO'S**
                                       **OPPOSITION TO DEFENDANT'S**
14  vs.                               **MOTION FOR SUMMARY**
                                       **JUDGMENT OR, IN THE**
15                                     **ALTERNATIVE, PARTIAL**
16  THE GEO GROUP, INC., a Florida    **SUMMARY JUDGMENT**
    Corporation dba GEO CALIFORNIA,
17  INC.; GEO Corrections and Detention,
    LLC; DOES 1-10, individuals, and    *[Filed concurrently: Memorandum of*
18  DOES, 11-20, business entities      *Points and Authorities; Statement of*
    inclusive,                          *Uncontroverted Facts and Conclusions of*
19                                      *Law; Statement of Genuine Disputes;*
20              DEFENDANTS.             *Evidentiary Objections; Appendix of*
                                        *Evidence; and Proposed Order]*
21

22

23                                     Assigned to: Hon. David O. Carter
                                       Date: December 18, 2017
24                                     Time: 8:30 a.m.
                                       Courtroom: 9D – 9th Floor
25                                     Action Filed: July 18, 2016
26                                     Trial: January 23, 2017
27

28
DECLARATION OF AMIR MOSTAFAVI IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE
MOTION FOR SUMMARY ADJUDICATION

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
11835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

# DECLARATION OF AMIR MOSTAFAVI

I, Amir Mostafavi, declare as follows:

1.      I am an attorney at law, licensed to practice in the State of California and before this Court. I am the principal attorney at Mostafavi Law Group, APC, and I am counsel of record for Plaintiff EMANUEL SANTIAGO ("Plaintiff") in this case. I am familiar with the day to day handling of this matter. All of the information set forth herein is based on my personal and first-hand knowledge except where indicated, and if called and sworn as a witness, I could and would testify competently thereto. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment.

2.      On January 16, 2017, my office served a first set of Special Interrogatories on Defendant. Defendant served responses to these interrogatories on May 2, 2017. Attached hereto as Exhibit "1" is a true and correct copy of Defendant's Responses to Plaintiff's Special Interrogatories, verified by Defendant.

3.      On October 27, 2017, Defendant served its supplemental responses to first set of Special Interrogatories. Attached hereto as Exhibit "2" is a true and correct copy of Defendant's Supplemental Responses to Plaintiff's Special Interrogatories.

4.      On September 25, 2017, my office also served a second set of Special Interrogatories on Defendant. Defendant served responses to these interrogatories on October 30, 2017. Attached hereto as Exhibit "3" is a true and correct copy of Defendant's Responses to Plaintiff's Second Set of Special Interrogatories, verified by Defendant.

5.      On January 16, 2017, my office served a first set of Request for Admission on Defendant. Defendant served responses to these interrogatories on May 2, 2017. Attached hereto as Exhibit "4" is a true and correct copy of Defendant's

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
11835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

Responses to Plaintiff's Request for Admission, verified by Defendant.

6.      On October 27, 2017, Defendant served its supplemental responses to first set of Request for Admission. Attached hereto as Exhibit "5" is a true and correct copy of Defendant 's Supplemental Responses to Plaintiff's Request for Admission.

7.      In response to Defendant's Request for Production of Documents, Plaintiff produced documents Bates numbered SANTIAGO001 through SANTIAGO071. Attached hereto as Exhibit "6" is a true and correct copy of plaintiff 's production of documents.

8.      On October 27, 2017, Defendant served its verification to its Supplemental Responses to Special Interrogatories, and Request for Admission. Attached hereto as Exhibit "7" is a true and correct copy of defendant's Verification.

9.      On January 16, 2017, my office served a first set of Request for Production of Documents on Defendant. Defendant served produced documents Bates numbered GEO000001 through GEO000628 to these requests on October 27, 2017. Attached here below are true and correct copies of documents I received from Defendant for Responses to Plaintiff's Request for Production of Documents:

    a.  Attached hereto as Exhibit "8" is a true and correct copy of Santiago's Job Application. (GEO000004-GEO000017)

    b.   Attached hereto as Exhibit "9" is a true and correct copy of Santiago's Pay Raise. (GEO000021)

    c.  Attached hereto as Exhibit "10" is a true and correct copy of Change to Full Time. (GEO0000022-GEO000023)

    d.  Attached hereto as Exhibit "11" is a true and correct copy of Certificates. (GEO000038-GEO000041)

    e.  Attached hereto as Exhibit "12" is a true and correct copy of

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1885 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

3

Performance Reviews. (GEO000034, GEO000032)

f.  Attached hereto as Exhibit "13" is a true and correct copy of the CBA. (GEO000334-GEO000364)

g.  Attached hereto as Exhibit "14" is a true and correct copy of Segregation/Special Management Unit Office Policy. (GEO000161-GEO000177)

h.  Attached hereto as Exhibit "15" is a true and correct copy of Administrative Segregation Unit Policy. (GEO000237-GEO000247)

i.  Attached hereto as Exhibit "16" is a true and correct copy of the Geo's Leave/FMLA Policy. (GEO000618-GEO000624)

j.  Attached hereto as Exhibit "17" is a true and correct copy of the Special Management Unit Policy & Procedure. (GEO000201, GEO000215)

k.  Attached hereto as Exhibit "18" is a true and correct copy of the Staffing Plan after Separation of segregation unit to Administrative and Disciplinary units. (GEO000142, GEO000143)

l.  Attached hereto as Exhibit "19" is a true and correct copy of the Santiago Memo to Lieutenant Anderson. (GEO000248)

m.  Attached hereto as Exhibit "22" is a true and correct copy of the Shelton Memo. (GEO000236)

n.  Attached hereto as Exhibit "24" is a true and correct copy of the Santiago's Investigative Report. (GEO000248-GEO000257)

o.  Attached hereto as Exhibit "25" is a true and correct copy of the Appeal by Union seeking grievances for Santiago before his termination becomes final. (GEO000226-GEO000232)

p.  Attached hereto as Exhibit "26" is a true and correct copy of the Disciplinary Action Forms for Santiago. (GEO000233-GEO000235)

q.  Attached hereto as Exhibit "27" is a true and correct copy of the

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1855 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

4

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1855 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

1    Disciplinary Action Form for Marquez. (GEO000328-GEO000333)

2    r.   Attached hereto as Exhibit "29" is a true and correct copy of the

3         Santiago's Administrative Leave. (GEO000003-GEO000007)

4    s.   Attached hereto as Exhibit "30" is a true and correct copy of the Emails

5         between Aldape and Gyenes. (GEO000625-GEO000628)

6    t.   Attached hereto as Exhibit "32" is a true and correct copy of the

7         Termination Request for Santiago. (GEO000127-GEO000141)

8    u.   Attached hereto as Exhibit "34" is a true and correct copy of the

9         Santiago's Termination Decision. (GEO000001)

10   10.  On October 30, 2017, in response to Defendant's Request for Production of

11   Documents, Plaintiff produced supplemental documents Bates numbered

12   SANTIAGO071 through SANTIAGO0195. Attached here below are true and

13   correct copies of documents produced to Defendant:

14   a.   Attached hereto as Exhibit "20" is a true and correct copy of the Sgt.

15        Hutchinson Memo. (SANTIAGO154)

16   b.   Attached hereto as Exhibit "21" is a true and correct copy of the Sgt.

17        Soliz Memo. (SANTIAGO152)

18   c.   Attached hereto as Exhibit "23" is a true and correct copy of the

19        Supervisor Shift Log. (SANTIAGO159-SANTIAGO165)

20   d.   Attached hereto as Exhibit "28" is a true and correct copy of the

21        Marquez's FMLA Leave.  (SANTIAGO180-SANTIAGO184)

22   e.   Attached hereto as Exhibit "31" is a true and correct copy of the

23        Termination Request for Marquez. (SANTIAGO144-SANTIAGO158)

24   f.   Attached hereto as Exhibit "33" is a true and correct copy of the Master

25        Control Policy. (SANTIAGO166-SANTIAGO176)

26   g.   Attached hereto as Exhibit "35" is a true and correct copy of the

27        Transcript of Arbitration Hearing for Marquez. (SANTIAGO 072-

28

5

DECLARATION OF AMIR MOSTAFAVI IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE
MOTION FOR SUMMARY ADJUDICATION

SANTIAGO 143)

h.   Attached hereto as Exhibit "36" is a true and correct copy of the Arbitration Ruling Re: Marquez. (SANTIAGO 185-SANTIAGO 195)

11.   On March 8, 2017, Michael Manoukian, one of defendant's counsel via email requested plaintiff to stipulate allowing defendant to amend their Answer to plead an affirmative defense for the (LMRA Preemption).

12.   I responded to Mr. Manoukian that the operative CBA, which went into affect shortly before my Plaintiff's termination in article 12, grievance procedure and arbitration, under section 12.1 states that "This grievance procedure is not intended for complaints of harassment or discrimination as referenced in the Employment Handbook and Corporate Policy." Based on this section, the claims alleged in our complaint are not preempted by the CBA.

13.   After his termination, the United Government Security Officers of America International Union had filed a grievance for plaintiff before he hired counsel to commence this civil action.

14.   Since the grievance was not going to provide plaintiff with remedy for all damages caused by defendant, he decided to continue the hearing that initially set or June 2017 to a date later than what he thought this case could have been adjudicated. The hearing rescheduled for December 6, 2017.

15.   On September 28, 2017, I met with Defendant's counsel, Ms. Rapoport in my office to meet an and confer about discovery issues including deposition where Ms. Rapoport agreed to produce Warden James Janecka, Lieutenant Ron Anderson, Lieutenant Regina Duran, and defendant's PMK.

16.   In that meeting Ms. Rapoport informed me that defendant will be filing an ex-parte application seeking continuance of trial because defendant did not wish to defend plaintiff's claims in both judiciary and in arbitration. I informed her that plaintiff would not intend to duplicate the adjudication of his claim and he would

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1855 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

DECLARATION OF AMIR MOSTAFAVI IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION

withdraw his grievance to avoid duplication and undue burden to defendant.

17.    On October 2, 2017, plaintiff requested the union to withdraw his grievance and close the arbitration. After closing the arbitration, I informed defendant that grievance has been withdrawn and arbitration proceeding has been terminated.

18.    Plaintiff did not attend in any union based grievance and no arbitrator has made any ruling for or against him.

19.    Plaintiff has not been able to take any deposition, and did not receive code complaint Reponses from defendant. As the result, plaintiff has not been able to properly prepare his opposition to Geo's dispositive motion. Additional time is required so that plaintiff could complete discovery in order to adequately prepare his opposition to defendant's dispositive motion.

20.    Plaintiff has filed a discovery seeking the Court's assistance for compelling defendant to provide plaintiff with further responses. The motion is scheduled for hearing on December 7, 2017.


I declare under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.


Dated: November 27, 2017                   _____

                                          Amir Mostafavi

DECLARATION OF AMIR MOSTAFAVI IN SUPPORT OF PLAINTIFF EMANUEL SANTIAGO'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD, STE 1055, LOS ANGELES, CA 90064

# EXHIBIT 1

## GEO's Response to SI-1

1  ELIZABETH STAGGS WILSON, Bar No. 183160
   estaggs-wilson@littler.com
2  MICHELLE RAPOPORT, Bar No. 247459
   mrapoport@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, CA  90071
5  Telephone:  213.443.4300
   Facsimile:  213.443.4299
6
   MICHAEL W. M. MANOUKIAN, Bar No. 308121
7  mmanoukian@littler.com
   LITTLER MENDELSON, P.C.
8  50 West San Fernando Street
   15th Floor
9  San Jose, CA  95113
   Telephone:  408.998.4150
10 Facsimile:  408.288.5686

11 Attorneys for Defendants
   THE GEO GROUP, INC. and GEO
12 CORRECTIONS AND DETENTION, LLC

13                    UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16 EMANUEL SANTIAGO, an          Case No.  5:16-CV-02263 – DOC - KK
   individual,
17                               **DEFENDANTS THE GEO GROUP,**
               Plaintiff,        **INC. ET AL.'S RESPONSE TO**
18                               **PLAINTIFF EMANUEL SANTIAGO**
       v.                        **SPECIAL INTERROGATORIES,**
19                               **SET ONE**
   THE GEO GROUP, INC., a Florida
20 Corporation dba GEO CALIFORNIA, Trial Date: None Set
   INC.; GEO Corrections and Detention,
21 LLC; DOES 1 - 10, individuals, and
   DOES, 11 - 20, business entities
22 inclusive,

23              Defendants.

24

25 **PROPOUNDING PARTY:**     **PLAINTIFF EMANUEL SANTIAGO**

26 **RESPONDING PARTY:**      **THE GEO GROUP, INC., et al.**

27 **SET NUMBER:**            **ONE**

28

LITTLER MENDELSON, P.C.   DEF.'S RESPONSE TO SPECIAL        5:16-CV-02263 – DOC - KK
633 West 5th Street       INTERROGATORIES, SET ONE
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  TO PLAINTIFF EMANUEL SANTIAGO AND HIS ATTORNEYS OF

2  RECORD:

3       Pursuant to Fed. R. Civ. P. 34, Defendants THE GEO GROUP, INC., et al.

4  ("Defendants") responds to the Special Interrogatories, Set One, served upon it by

5  Plaintiff EMANUEL SANTIAGO ("Plaintiff") as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

7       The objections and responses are made solely for the purpose of this action and

8  are based on information presently known and available to Defendants.  Discovery is

9  still ongoing and Defendants reserve the right to supplement these responses with

10  subsequently discovered information and/or to introduce such information at the time

11  of trial.

12       Each response is subject to all objections as to competence, relevance,

13  materiality, proprietary subject matter, admissibility, and any and all other objections

14  or grounds that would require exclusion of the responses or documents produced by

15  Defendants, or any part thereof, if any of these responses or documents were

16  presented at court.  All appropriate objections and grounds are hereby reserved and

17  may be interposed at trial regarding the introduction into evidence of a response or

18  document produced by Defendants in response to Plaintiff's First Set of Special

19  Interrogatories.

20       No response to these interrogatories constitutes or should be construed as an

21  admission respecting relevancy or admissibility of the disclosed information, or the

22  truth or accuracy of any statement, characterization or other fact contained in any

23  response to these interrogatories.  Defendants expressly do not concede the relevancy

24  or materiality of any of these interrogatories or the subject matter to which they refer.

25       The fact that Defendants have responded to or objected to any interrogatory or

26  part thereof may not be taken as an admission about the existence or non-existence of

27  any fact, or that such response constitutes relevant evidence.  The fact that Defendants

28  have responded to part or all of any interrogatory shall not be construed to be a waiver

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                1.                5:16-CV-02263 – DOC - KK

1  of any objection to part or all of any other interrogatory. Nothing contained herein

2  shall be construed as an admission of the existence or nonexistence of any fact.

3      To the extent these interrogatories call for information which constitutes

4  material prepared in anticipation of litigation or for trial, information or material

5  protected by the attorney-client privilege, the work product doctrine, the joint defense

6  privilege and/or the common interest privilege or any other privilege, Defendants

7  object to each and every such interrogatory and will not supply or produce any such

8  information. These responses shall not constitute a waiver of any privilege or any

9  other ground for objecting to discovery with respect to such response, nor shall

10 inadvertent disclosure waive the right of Defendants to object to the use of such

11 information during any subsequent proceeding.

12     To the extent any interrogatory seeks documents or information relating to legal

13 conclusions, opinions, theories and/or research of Defendants and Defendants'

14 counsel, Defendants object and will not provide such documents or information. No

15 implied admissions whatsoever are intended by these responses. Moreover, in

16 producing documents or information in response to any interrogatory potentially

17 calling for a legal conclusion, Defendants do not admit, either expressly or impliedly,

18 that any such produced document or information adopts any of the legal conclusions

19 contained in the interrogatory.

20     To the extent any interrogatory seeks information relating to confidential

21 personnel or other information of persons other than Plaintiff, Defendants object to

22 each and every interrogatory on the grounds that such interrogatory is overbroad,

23 seeks information that is not relevant to the subject matter of this lawsuit, is not

24 reasonably calculated to lead to the discovery of admissible evidence and invades the

25 privacy rights of such other persons.

26     To the extent any interrogatory violates Defendants' right to privacy or calls for

27 the disclosure of confidential and/or proprietary information or information otherwise

28 protected as a trade secret, Defendants object to each and every such interrogatory and

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                    2.                    5:16-CV-02263 – DOC - KK

1   will not supply or produce any such information except pursuant to a Protective Order

2   governing the production of such documents entered in this matter.

3       Defendants object to each and every interrogatory on the grounds and to the

4   extent that they seek information that is not required to be provided and/or that they

5   impose obligations on Defendants that go beyond the scope of permissible discovery

6   under the Federal Rules of Civil Procedure.

7       Defendants object to each and every interrogatory on the grounds and to the

8   extent that they are harassing, overbroad, uncertain and fail to describe with

9   reasonable particularity the document sought as required under the Federal Rules of

10  Civil Procedure.  Defendants object to each and every interrogatory on the ground and

11  to the extent that they are vague and ambiguous, requiring speculation as to Plaintiff's

12  intended meaning.

13      The above-stated objections are hereby made applicable to each and all of the

14  interrogatories and are incorporated by reference as though fully set forth in each

15  answer to each interrogatory.   Without waiving any of the foregoing objections,

16  Defendants respond, as follows:

17  **OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES**

18  **SPECIAL INTERROGATORY NO. 1:**

19      IDENTIFY all natural persons assisting in the preparation of the answers to

20  these interrogatories. (As used herein, the term "IDENTIFY," when used in

21  connection with natural persons, includes the name, address, phone number, and the

22  current or most recent position held with Defendants if the individual is or was

23  employed with Defendants as of the date these interrogatories arc answered.)

24  **RESPONSE TO SPECIAL INTERROGATORY 1:**

25      Defendants object to this Interrogatory on the ground that it seeks information

26  that is protected by the attorney-client privilege and/or the attorney work produce

27  doctrine.

28      Subject to, and without waiving the foregoing objections, Defendants respond

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE      3.      5:16-CV-02263 – DOC - KK

1   as follows: Aida Aldape, who can be contacted through Defendants' counsel of

2   records; Defendants' counsel of record.

3   **SPECIAL INTERROGATORY NO. 2:**

4        State the dates, if any, Plaintiff was employed by Defendants.

5   **RESPONSE TO SPECIAL INTERROGATORY 2:**

6        Plaintiff was employed by Defendant The Geo Group, Inc from his date of hire

7   on March 18, 2013, until the effective date of his termination for cause on September

8   16, 2015.

9   **SPECIAL INTERROGATORY NO. 3:**

10        Please state all FACTS relating to the incidents relating to the incident on

11   August 5, 2015 with detainee Jimmy Irias, which led to the termination of Officer

12   EMANUEL SANTIAGO.

13   **RESPONSE TO SPECIAL INTERROGATORY 3:**

14        Defendants object to this interrogatory on the grounds that it is compound.

15   Defendants object because this interrogatory is vague and ambiguous.   Defendants

16   object because this seeks information that is equally available to Plaintiff, and already

17   in Plaintiff's possession.  Defendants further object to this Interrogatory to the extent

18   that it seeks information pertaining to individuals, the disclosure of which would

19   constitute an invasion of the affected individuals' constitutional, statutory and/or

20   common law rights to personal privacy and confidentiality.

21        Subject to, and without waiving the foregoing objections, Defendants respond

22   as follows:   On August 5, 2015, Plaintiff failed to use proper security procedures,

23   which afforded a detainee to freely move in the administrative segregation housing

24   unit and ultimately attempt to escape by breaching four facility security doors before

25   being apprehended and returned to the segregation unit.   Please see Defendants'

26   production of documents for additional responsive information.

27   **SPECIAL INTERROGATORY NO. 4:**

28        Please describe YOUR policies and procedures with respect to granting of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  authorization for ANY and ALL Detention Officers to work in the Segregation

2  Housing Unit during the RELEVANT PERIOD. [As used herein the term(s)/phrase(s)

3  shall have the following meaning(s): "YOU" and "YOUR", and "DEFENDANTS",

4  and "GEO" shall mean, THE GEO GROUP, INC. and all its predecessor entities in

5  interest, successor entities in interest, assigns, representatives, and agents, and ALL

6  PERSONS, INCLUDING specific INDIVIDUALS acting on YOUR behalf, whom

7  THE GEO GROUP, INC., dBA GEO CALIFORNIA. INC.; GEO CORRECTIONS

8  AND DETENTION, LLC has authorized to be acting on its behalf, or whom THE

9  GEO GROUP, INC., dBA GEO CALIFORNIA, INC.; GEO CORRECTIONS AND

10  DETENTION, LLC knows to be acting on its behalf; "RELEVANT PERIOD" shall

11  mean PLAINTIFF'S EMPLOYMENT with THE GEO GROUP, INC., dba GEO

12  CALIFORNIA, INC.; GEO CORRECTIONS AND DETENTION, LLC from

13  MARCH 28,2013 through and including the date of termination of PLAINTIFF'S

14  employment with THE GEO GROUP, INC. dba GEO CALIFORNIA, INC.; GEO

15  CORRECTIONS AND DETENTION, LLC on SEPTEMBER 16, 2015; "any" as well

16  as "all" shall each be understood to mean "any and/or all" so as to bring within the

17  scope of each demand ALL facts, PERSONS and DOCUMENTS, that otherwise

18  might be construed to be outside of its scope. "DOCUMENT" means a writing, as

19  defined in Evidence Code §250l, and includes the original or photocopy of

20  handwriting, typewriting, printing, photostats. photographs, electronically stored

21  information, and every other means of recording upon any tangible thing and form of

22  communicating or representation, INCLUDING letters, words, pictures, sounds, or

23  symbols, or combinations of them. "INCLUDING" or any variant thereof shall mean

24  "INCLUDING but not limited to."]

25  **RESPONSE TO SPECIAL INTERROGATORY 4:**

26      Defendants object to this Interrogatory on the grounds that it calls for a legal

27  conclusion.   Defendants object to this Interrogatory because it is vague and

28  ambiguous. Defendants further object to this Interrogatory on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE

5.

5:16-CV-02263 – DOC - KK

1   compound.   Defendants further object to this Interrogatory on the grounds that it is

2   overly broad as to time and scope.   Defendants further object to this Interrogatory on

3   the grounds that it seeks information that is not relevant and is not reasonably

4   calculated to lead to the discovery of admissible evidence.

5           Subject to and without waiving the foregoing objections, Defendants respond as

6   follows:   Similar to all other housing units, Detention Officers are assigned by their

7   superiors to work in the Special Housing Unit.   Detention Officers who are assigned

8   by their superiors to work in the Special Housing Unit receive training and

9   certification specific to that Unit.

10  **SPECIAL INTERROGATORY NO. 5:**

11          Please state whether the June 2015 "Adelanto Detention Facility Policy and

12  Procedures Manuel" was the governing material for Detention Officers to follow to

13  effectively execute their work duties during August 5, 2015.

14  **RESPONSE TO SPECIAL INTERROGATORY 5:**

15          Defendants object to this Interrogatory on the grounds that it calls for a legal

16  conclusion.   Defendants object to this Interrogatory because it is vague and

17  ambiguous.   Defendants further object to this Interrogatory on the grounds that it is

18  overly broad as to time and scope.   Defendants further object to this Interrogatory on

19  the grounds that it seeks information that is not relevant and is not reasonably

20  calculated to lead to the discovery of admissible evidence.

21          Subject to and without waiving its prior objections, Defendants respond as

22  follows:  The "Adelanto Detention Facility Policy and Procedures Manuel" was one of

23  the documents Detention Officers were required to abide by while at work on August

24  5, 2015.

25  **SPECIAL INTERROGATORY NO. 6:**

26          Please describe in detail what The Geo Group, Inc.'s proper security procedures

27  were with respect to Detainee Movement the Segregation Housing Unit during the

28  RELEVANT PERIOD.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                    6.                    5:16-CV-02263 – DOC - KK

**RESPONSE TO SPECIAL INTERROGATORY 6:**

Defendants further object to this Interrogatory on the grounds that, as written, it is unintelligible. Defendants object to this Interrogatory because it is vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it is compound. Defendants further object to this Interrogatory on the grounds that it is overly broad as to time and scope. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object because this Interrogatory seeks information that is confidential and/or proprietary.

Subject to, and without waiving the foregoing objections, Defendants respond as follows: Please see Defendants' document for the responsive information.

**SPECIAL INTERROGATORY NO. 7:**

Please describe in detail what The Geo Group, Inc.'s proper Food Service Operations procedures were with respect to ensuring food is delivered to detainees in the Segregation Housing Unit during the RELEVANT PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY 7:**

Defendants object to this Interrogatory because it is vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it is compound. Defendants further object to this Interrogatory on the grounds that it is overly broad as to time and scope. Defendants further object to this Interrogatory to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory to the extent that it violates the attorney-client privilege and/or the attorney work product doctrine.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                    7.                    5:16-CV-02263 – DOC - KK

**SPECIAL INTERROGATORY NO. 8:**

Please specify the number of Detention Officers YOU hired to work in the Adelanto Detention Facility Segregation Housing Unit from March 18, 2013 through August 8, 2015.

**RESPONSE TO SPECIAL INTERROGATORY 8:**

Defendants object to this Interrogatory on the grounds that it calls for a legal conclusion. Defendants object to this Interrogatory because it is vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it is overly broad as to time and scope. Defendants further object to this Interrogatory to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory to the extent that it violates the attorney-client privilege and/or the attorney work product doctrine. Finally, Defendants object because this Interrogatory seeks information that is confidential and/or proprietary.

Subject to and without waiving its prior objections, Defendants respond as follows: From March 18, 2013 through August 8, 2015, Defendants did not hire any Detention Officers to specifically work in the Adelanto Detention Facility Segregation Housing Unit.

**SPECIAL INTERROGATORY NO. 9:**

Please IDENTIFY ALL PERSONS including specific INDIVIDUALS acting on YOUR behalf: who have knowledge of the fact that Assistant Warden Love of Adelanto Detention Facility had said that the showers were to remain unlocked unless the detainee was given a razor during the RELEVANT PERIOD. [As used herein the term(s)/phrase(s) shall have the following meaning(s): "IDENTIFY" as used herein

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE          8.          5:16-CV-02263 – DOC - KK

1    with respect to "PERSON" or "PERSONS" shall mean (a) as to INDIVIDUALS, to
2    state the Individual's name. last known address, telephone numbers (both personal and
3    business), and job title, if the INDIVIDUAL is employed by YOU at the time of
4    YOUR response to these special interrogatories; and (b) as to non-INDIVIDUALS
5    (those who are not natural persons), to state the business name, address, and telephone
6    number. "PERSON" or PERSONS" includes an INDIVIDUAL firm association,
7    organization, partnership, business, trust, limited liability company, corporation, or
8    public entity. "INDIVIDUAL" or "INDIVIDUALS" shall mean a natural person or
9    natural persons, whether acting in their individual capacity or as YOUR agent,
10   employee, or other capacity acting on YOUR behalf.]

11   **RESPONSE TO SPECIAL INTERROGATORY 9:**

12          Defendants object to this Interrogatory on the grounds that it calls for a legal
13   conclusion.    Defendants object to this Interrogatory because it is vague and
14   ambiguous.  Defendants further object to this Interrogatory on the grounds that it is
15   compound.  Defendants further object to this Interrogatory on the grounds that it is
16   overly broad as to time and scope.  Defendants further object to this Interrogatory on
17   the grounds that it seeks information that is not relevant and is not reasonably
18   calculated to lead to the discovery of admissible evidence.  Defendants object because
19   this interrogatory assumes facts not in evidence.

20   **SPECIAL INTERROGATORY NO. 10:**

21          Please IDENTIFY all DOCUMENTS that that [*sic*] refer to reflect or relate to
22   Plaintiff receiving Specializing Training to authorize him to work in the Segregation
23   Housing Unit.

24   **RESPONSE TO SPECIAL INTERROGATORY 10:**

25          Defendants object to this interrogatory on the ground it is duplicative of
26   Plaintiff's Requests for Production of Documents.    Defendants object to this
27   Interrogatory on the grounds that it calls for a legal conclusion. Defendants object to
28   this Interrogatory because it is vague and ambiguous.  Defendants further object to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                 9.              5:16-CV-02263 – DOC - KK

1   this Interrogatory on the grounds that it is compound.  Defendants further object to

2   this Interrogatory on the grounds that it is overly broad as to time and scope.

3   Defendants further object to this Interrogatory to the extent that it seeks information

4   pertaining to individuals, the disclosure of which would constitute an unwarranted

5   invasion of the affected individuals' constitutional, statutory and/or common law

6   rights to personal privacy and confidentiality.   Defendants further object to this

7   Interrogatory on the grounds that it seeks information that is not relevant and is not

8   reasonably calculated to lead to the discovery of admissible evidence.  Defendants

9   further object to this Interrogatory to the extent that it violates the attorney-client

10  privilege and/or the attorney work product doctrine.  Defendants object because this

11  Interrogatory seeks information that is confidential and/or proprietary.

12          Subject to and without waiving its prior objections, Defendants respond as

13  follows:  Defendants have identified and produced the "GEO 40 Hour Certification

14  For Special Housing Unit (SHU)" in response to Plaintiff's Request for Production of

15  Documents served concurrently with this Special Interrogatory.

16  **SPECIAL INTERROGATORY NO. 11:**

17          Please IDENTIFY all DOCUMENTS that that refer to reflect or DEFINES the

18  phrase "proper temperature" as used in Adelanto Detention Facility's Policy and

19  Procedure Manual, Food Service Operations on June 2015.

20  **RESPONSE TO SPECIAL INTERROGATORY 11:**

21          Defendants object to this Interrogatory on the grounds that it calls for a legal

22  conclusion.   Defendants object to this Interrogatory because it is vague and

23  ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

24  compound.  Defendants further object to this Interrogatory on the grounds that it is

25  overly broad as to time and scope.  Defendants further object to this Interrogatory to

26  the extent that it seeks information pertaining to individuals, the disclosure of which

27  would constitute an unwarranted invasion of the affected individuals' constitutional,

28  statutory and/or common law rights to personal privacy and confidentiality.

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE

10.

5:16-CV-02263 – DOC - KK

1  Defendants further object to this Interrogatory on the grounds that it seeks information
2  that is not relevant and is not reasonably calculated to lead to the discovery of
3  admissible evidence.  Defendants further object to this Interrogatory to the extent that
4  it violates the attorney-client privilege and/or the attorney work product doctrine.
5  Defendants object because this Interrogatory seeks information that is confidential
6  and/or proprietary.

7       Subject to and without waiving its prior objections, Defendants respond as
8  follows:  Defendants have identified and produced the "Adelanto Detention Facility's
9  Policy and Procedure Manual" in response to Plaintiff's Request for Production of
10  Documents served concurrently with this Special Interrogatory.

11  **SPECIAL INTERROGATORY NO. 12:**

12       If you so contend, please IDENTIFY each and every DOCUMENT, which
13  supports your contention, that detainee Irias Jimmy required extra precautions or
14  higher level of security during the RELEVANT PERIOD.

15       As used herein the term(s)/phrase(s) shall have the following meaning(s):
16  "IDENTIFY" as used herein with respect to DOCUMENTS. means to describe with
17  particularity or provide a sufficient description of the DOCUMENT, to permit
18  PLAINTIFF to seek production of such  DOCUMENTS; "DOCUMENT" or
19  "DOCUMENTS" means a writing, as defined in Evidence  Code §250, and includes
20  the original or photocopy of handwriting, typewriting, printing, photostats,
21  photographs, electronically stored information, and every other means of recording
22  upon any tangible thing and form of communicating or representation, including
23  letters, words, pictures, sounds, or symbols, electronic means or forms, or
24  combinations of them. DOCUMENT includes, without limitation: papers; agreements;
25  contracts; listings; insurance policies; commission runs or records; correspondence
26  letters; telegrams: telexes; memoranda; statements; studies; reports; publications;
27  records; notes; messages; books: pamphlets; leaflets; handbooks; organization charts;
28  advertising brochures; surveys; questionnaires, intra-and inter-office messages or

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE          11.          5:16-CV-02263 – DOC - KK

1  memoranda; evaluations; entries; studies; addenda to contracts; modifications;

2  endorsements; offers and acceptances; circulars; bulletins; desk calendars;

3  appointment books; notebooks; agendas; corporate minutes; diaries; telephone logs;

4  telephone bills: expense records; requests for reimbursement for costs or expenses:

5  microfilms; microfiches; computer indices; computer printouts; audiotapes; audio

6  cassettes; records stored by means of computer or other technology; photographs;

7  audio recordings whether on tape, disk, wire or any other means of recordings,

8  drawings; surveys; or any other kind of written, typewritten, printed or other material

9  however produced, reproduced or stored and any other tangible or physical things

10  from which information can be obtained, including, electronic form. "REFER,"

11  "REFLECT," "RELATE." "'REGARD ""CONCERN" and CONCERNING," and the

12  phrases "REGARDING, REFERRING OR RELATING TO," "REFER OR RELATE

13  TO" and "REFERENCING" shall mean referring to, pertaining to, relating to, alluding

14  to, bearing upon, commenting upon, touching upon, regarding, CONCERNING,

15  recording, evidencing, constituting, substantiating, supporting, discussing, mentioning,

16  or otherwise affecting (directly or indirectly).]

17  **RESPONSE TO SPECIAL INTERROGATORY 12:**

18      Defendants object to this Interrogatory because it is vague and ambiguous.

19  Defendants further object to this Interrogatory on the grounds that it is compound.

20  Defendants further object to this Interrogatory on the grounds that it is overly broad as

21  to time and scope. Defendants further object to this Interrogatory to the extent that it

22  seeks information pertaining to individuals, the disclosure of which would constitute

23  an unwarranted invasion of the affected individuals' constitutional, statutory and/or

24  common law rights to personal privacy and confidentiality. Defendants further object

25  to this Interrogatory on the grounds that it seeks information that is not relevant and is

26  not reasonably calculated to lead to the discovery of admissible evidence. Defendants

27  further object to this Interrogatory to the extent that it violates the attorney-client

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE

12.

5:16-CV-02263 – DOC - KK

1  privilege and/or the attorney work product doctrine.  Defendants object because this
2  Interrogatory seeks information that is confidential and/or proprietary.

3  **SPECIAL INTERROGATORY NO. 13:**

4      Please IDENTIFY each and every DOCUMENT that supports your contention
5  that a modification or restriction to detainee Irias Jimmy's [*sic*] individual program or
6  privileges were made, and a notification of such was made to the Facility
7  Administrator in writing.

8  **RESPONSE TO SPECIAL INTERROGATORY 13:**

9      Defendants object to this Interrogatory because it is vague and ambiguous.
10  Defendants further object to this Interrogatory on the grounds that it is compound.
11  Defendants further object to this Interrogatory on the grounds that it is overly broad as
12  to time and scope.  Defendants further object to this Interrogatory to the extent that it
13  seeks information pertaining to individuals, the disclosure of which would constitute
14  an unwarranted invasion of the affected individuals' constitutional, statutory and/or
15  common law rights to personal privacy and confidentiality.  Defendants further object
16  to this Interrogatory on the grounds that it seeks information that is not relevant and is
17  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants
18  further object to this Interrogatory to the extent that it violates the attorney-client
19  privilege and/or the attorney work product doctrine.  Defendants object because this
20  Interrogatory seeks information that is confidential and/or proprietary.

21  **SPECIAL INTERROGATORY NO. 14:**

22      If you so contend, please IDENTIFY each and every PERSON that has
23  knowledge of any that detainee Irias Jimmy [*sic*] required extra precautions or higher
24  level of security during the RELEVANT PERIOD.

25  **RESPONSE TO SPECIAL INTERROGATORY 14:**

26      Defendants object to this Interrogatory on the grounds that, as written, it is
27  unintelligible.  Defendants object to this Interrogatory on the grounds that it calls for a
28  legal conclusion.  Defendants object to this Interrogatory because it is vague and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE          13.          5:16-CV-02263 – DOC - KK

1  ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

2  compound.  Defendants further object to this Interrogatory on the grounds that it is

3  overly broad as to time and scope.  Defendants further object to this Interrogatory to

4  the extent that it seeks information pertaining to individuals, the disclosure of which

5  would constitute an unwarranted invasion of the affected individuals' constitutional,

6  statutory and/or common law rights to personal privacy and confidentiality.

7  Defendants further object to this Interrogatory on the grounds that it seeks information

8  that is not relevant and is not reasonably calculated to lead to the discovery of

9  admissible evidence.  Defendants further object to this Interrogatory to the extent that

10  it violates the attorney-client privilege and/or the attorney work product doctrine.

11  Defendants object because this Interrogatory seeks information that is confidential

12  and/or proprietary.

13     Subject to and without waiving its prior objections, Defendants respond as

14  follows:   Plaintiff, Lieutenant Regina Duran, and other corrections officers and

15  security personnel employed at the facility.

16  **SPECIAL INTERROGATORY NO. 15:**

17     Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to YOUR

18  policy with respect to commencing "Facility Count" while a detainee is within their

19  respective Housing Unit.

20  **RESPONSE TO SPECIAL INTERROGATORY 15:**

21     Defendants object to this Interrogatory on the grounds that it calls for a legal

22  conclusion.    Defendants object to this Interrogatory because it is vague and

23  ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

24  compound.  Defendants further object to this Interrogatory on the grounds that it is

25  overly broad as to time and scope.  Defendants further object to this Interrogatory to

26  the extent that it seeks information pertaining to individuals, the disclosure of which

27  would constitute an unwarranted invasion of the affected individuals' constitutional,

28  statutory and/or common law rights to personal privacy and confidentiality.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                14.                5:16-CV-02263 – DOC - KK

1  Defendants further object to this Interrogatory on the grounds that it seeks information
2  that is not relevant and is not reasonably calculated to lead to the discovery of
3  admissible evidence.  Defendants further object to this Interrogatory to the extent that
4  it violates the attorney-client privilege and/or the attorney work product doctrine.
5  Defendants object because this Interrogatory seeks information that is confidential
6  and/or proprietary.

7  Subject to and without waiving its prior objections, Defendants respond as
8  follows:  Defendants have identified and produced the "Adelanto Detention Facility's
9  Policy and Procedure Manual" in response to Plaintiff's Request for Production of
10  Documents served concurrently with this Special Interrogatory.

11  **SPECIAL INTERROGATORY NO. 16:**

12  Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to YOUR
13  policy with respect to a Senior Training Officer leaving an inexperienced officer
14  unattended with the detainees.

15  **RESPONSE TO SPECIAL INTERROGATORY 16:**

16  Defendants object to this Interrogatory because it is vague and ambiguous.
17  Defendants further object to this Interrogatory on the grounds that it is compound.
18  Defendants further object to this Interrogatory on the grounds that it is overly broad as
19  to time and scope.  Defendants further object to this Interrogatory to the extent that it
20  seeks information pertaining to individuals, the disclosure of which would constitute
21  an unwarranted invasion of the affected individuals' constitutional, statutory and/or
22  common law rights to personal privacy and confidentiality.  Defendants further object
23  to this Interrogatory on the grounds that it seeks information that is not relevant and is
24  not reasonably calculated to lead to the discovery of admissible evidence.

25  **SPECIAL INTERROGATORY NO. 17:**

26  Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to how Second
27  Shift operations differed from Third Shift Operations in the Administrative
28  Segregation Housing Unit during the RELEVANT PERIOD.

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                15.                5:16-CV-02263 – DOC - KK

1    **RESPONSE TO SPECIAL INTERROGATORY 17:**

2          Defendants object to this Interrogatory because it is vague and ambiguous.

3    Defendants further object to this Interrogatory on the grounds that it is compound.

4    Defendants further object to this Interrogatory on the grounds that it is overly broad as

5    to time and scope. Defendants further object to this Interrogatory to the extent that it

6    seeks information pertaining to individuals, the disclosure of which would constitute

7    an unwarranted invasion of the affected individuals' constitutional, statutory and/or

8    common law rights to personal privacy and confidentiality. Defendants further object

9    to this Interrogatory on the grounds that it seeks information that is not relevant and is

10   not reasonably calculated to lead to the discovery of admissible evidence.

11   **SPECIAL INTERROGATORY NO. 18:**

12         Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to Officer

13   Patterson being reprimanded, or written-up as a consequence of detainee Irias Jimmy

14   [*sic*] attempting to escape the administrative segregation housing unit during The

15   RELEVANT PERIOD.

16   **RESPONSE TO SPECIAL INTERROGATORY 18:**

17         Defendants object to this Interrogatory on the grounds that it calls for a legal

18   conclusion.    Defendants object to this Interrogatory because it is vague and

19   ambiguous. Defendants further object to this Interrogatory on the grounds that it is

20   compound. Defendants further object to this Interrogatory on the grounds that it is

21   overly broad as to time and scope. Defendants further object to this Interrogatory to

22   the extent that it seeks information pertaining to individuals, the disclosure of which

23   would constitute an unwarranted invasion of the affected individuals' constitutional,

24   statutory and/or common law rights to personal privacy and confidentiality.

25   Defendants further object to this Interrogatory on the grounds that it seeks information

26   that is not relevant and is not reasonably calculated to lead to the discovery of

27   admissible evidence. Defendants further object to this Interrogatory to the extent that

28   it violates the attorney-client privilege and/or the attorney work product doctrine.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE          16.          5:16-CV-02263 – DOC - KK

1  Defendants object because this Interrogatory seeks information that is confidential

2  and/or proprietary.

3  **SPECIAL INTERROGATORY NO. 19:**

4      Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to Officer

5  Marquez being reprimanded, or written-up as a consequence of detainee Irias Jimmy

6  [*sic*] attempting to escape the administrative segregation housing unit during The

7  RELEVANT Period.

8  **RESPONSE TO SPECIAL INTERROGATORY 19:**

9      Defendants object to this Interrogatory on the grounds that it calls for a legal

10  conclusion.    Defendants object to this Interrogatory because it is vague and

11  ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

12  compound.  Defendants further object to this Interrogatory on the grounds that it is

13  overly broad as to time and scope.  Defendants further object to this Interrogatory to

14  the extent that it seeks information pertaining to individuals, the disclosure of which

15  would constitute an unwarranted invasion of the affected individuals' constitutional,

16  statutory and/or common law rights to personal privacy and confidentiality.

17  Defendants further object to this Interrogatory on the grounds that it seeks information

18  that is not relevant and is not reasonably calculated to lead to the discovery of

19  admissible evidence.  Defendants further object to this Interrogatory to the extent that

20  it violates the attorney-client privilege and/or the attorney work product doctrine.

21  Defendants object because this Interrogatory seeks information that is confidential

22  and/or proprietary.

23  **SPECIAL INTERROGATORY NO. 20:**

24      Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to all Facility

25  Counts made by all Detention Officers on duty in the administrative segregation

26  housing unit on August 5, 2015.

27  **RESPONSE TO SPECIAL INTERROGATORY 20:**

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE                  17.              5:16-CV-02263 – DOC - KK

1  Defendants object to this interrogatory on the ground it is duplicative of
2  Plaintiff's Requests for Production of Documents.   Defendants object to this
3  Interrogatory on the grounds that it calls for a legal conclusion. Defendants object to
4  this Interrogatory because it is vague and ambiguous.  Defendants further object to
5  this Interrogatory on the grounds that it is compound.  Defendants further object to
6  this Interrogatory on the grounds that it is overly broad as to time and scope.
7  Defendants further object to this Interrogatory to the extent that it seeks information
8  pertaining to individuals, the disclosure of which would constitute an unwarranted
9  invasion of the affected individuals' constitutional, statutory and/or common law
10  rights to personal privacy and confidentiality.  Defendants further object to this
11  Interrogatory on the grounds that it seeks information that is not relevant and is not
12  reasonably calculated to lead to the discovery of admissible evidence.  Defendants
13  further object to this Interrogatory to the extent that it violates the attorney-client
14  privilege and/or the attorney work product doctrine. Defendants object because this
15  Interrogatory seeks information that is confidential and/or proprietary.

16  **SPECIAL INTERROGATORY NO. 21:**

17  Please specify how detainee Irias Jimmy [*sic*] was able to gain access through
18  two separate secure doors in order to exit the Administrative Segregation Housing
19  Unit.

20  **RESPONSE TO SPECIAL INTERROGATORY 21:**

21  Defendants object to this Interrogatory because it is vague and ambiguous.
22  Defendants further object to this Interrogatory on the grounds that it is compound.
23  Defendants further object to this Interrogatory on the grounds that it is overly broad as
24  to time and scope.  Defendants further object to this Interrogatory to the extent that it
25  seeks information pertaining to individuals, the disclosure of which would constitute
26  an unwarranted invasion of the affected individuals' constitutional, statutory and/or
27  common law rights to personal privacy and confidentiality.   Defendants object
28  because this Interrogatory seeks information that is confidential and/or proprietary.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE

18.

5:16-CV-02263 – DOC - KK

1    Subject to and without waiving its prior objections, Defendants respond as

2    follows:  Plaintiff conducted a single-officer escort of Detainee Irias to the shower.

3    Thereafter, Plaintiff left Detainee Irias in the shower, unsecured.  Detainee Irias left

4    the shower and requested and was granted access through the secured doors.

5    **SPECIAL INTERROGATORY NO. 22:**

6    If you so contend, please state the manner in which Defendants recorded the

7    actual number of hours worked by Plaintiff.

8    **RESPONSE TO SPECIAL INTERROGATORY 22:**

9    Defendants object to this Interrogatory on the grounds that it calls for a legal

10   conclusion.   Defendants object to this Interrogatory because it is vague and

11   ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

12   overly broad as to time and scope.  Defendants further object to this Interrogatory on

13   the grounds that it seeks information that is not relevant and is not reasonably

14   calculated to lead to the discovery of admissible evidence.  Defendants further object

15   to this Interrogatory to the extent that it violates the attorney-client privilege and/or

16   the attorney work product doctrine.  Defendants object because this Interrogatory

17   seeks information that is confidential and/or proprietary.

18   Subject to and without waiving its prior objections, Defendants respond as

19   follows:  Plaintiff reported his hours worked using a Kronos Time Clock.

20   **SPECIAL INTERROGATORY NO. 23:**

21   If you so contend, please IDENTIFY each and every DOCUMENT which

22   reflects the actual number of hours worked by Plaintiff.

23   **RESPONSE TO SPECIAL INTERROGATORY 23:**

24   Defendants object to this interrogatory on the ground it is duplicative of

25   Plaintiff's Requests for Production of Documents.   Defendants object to this

26   Interrogatory on the grounds that it calls for a legal conclusion. Defendants object to

27   this Interrogatory because it is vague and ambiguous.  Defendants further object to

28   this Interrogatory on the grounds that it is compound.  Defendants further object to

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE          19.          5:16-CV-02263 – DOC - KK

1   this Interrogatory on the grounds that it is overly broad as to time and scope.

2   Defendants further object to this Interrogatory to the extent that it seeks information

3   pertaining to individuals, the disclosure of which would constitute an unwarranted

4   invasion of the affected individuals' constitutional, statutory and/or common law

5   rights to personal privacy and confidentiality.   Defendants further object to this

6   Interrogatory on the grounds that it seeks information that is not relevant and is not

7   reasonably calculated to lead to the discovery of admissible evidence.   Defendants

8   further object to this Interrogatory to the extent that it violates the attorney-client

9   privilege and/or the attorney work product doctrine.   Defendants object because this

10   Interrogatory seeks information that is confidential and/or proprietary.

11   Subject to and without waiving its prior objections, Defendants respond as

12   follows:   Defendants have identified and produced Plaintiff's time records and pay

13   stubs in response to Plaintiff's Request for Production of Documents served

14   concurrently with this Special Interrogatory which reflect the actual number of hours

15   worked by Plaintiff.

16   **SPECIAL INTERROGATORY NO. 24:**

17   If you so contend, please state each and every fact which supports your

18   contention that Defendants authorized or permitted Plaintiff to take "rest periods"

19   consistent with the requirements of Labor Code §226.7 at any time during Plaintiff's

20   term of employment with Defendants.

21   **RESPONSE TO SPECIAL INTERROGATORY 24:**

22   Defendants object to this Interrogatory on the grounds that it calls for a legal

23   conclusion.   Defendants object to this Interrogatory because it is vague and

24   ambiguous.   Defendants further object to this Interrogatory on the grounds that it is

25   compound.   Defendants further object to this Interrogatory on the grounds that it is

26   overly broad as to time and scope.   Defendants further object to this Interrogatory on

27   the grounds that it seeks information that is not relevant and is not reasonably

28   calculated to lead to the discovery of admissible evidence.   Defendants further object

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE          20.          5:16-CV-02263 – DOC - KK

1    to this Interrogatory to the extent that it violates the attorney-client privilege and/or

2    the attorney work product doctrine.

3            Subject to and without waiving its prior objections, Defendants respond as

4    follows:   Defendants authorized Plaintiff to take legally mandated rest breaks.

5    **SPECIAL INTERROGATORY NO. 25:**

6            Please specify the total number of times detainee Irias had left his housing unit

7    unsupervised from March 18, 2013 through January 16, 2017.

8    **RESPONSE TO SPECIAL INTERROGATORY 25:**

9            Defendants object to this Interrogatory because it is vague and ambiguous.

10   Defendants further object to this Interrogatory on the grounds that it is overly broad as

11   to time and scope.  Defendants further object to this Interrogatory to the extent that it

12   seeks information pertaining to individuals, the disclosure of which would constitute

13   an unwarranted invasion of the affected individuals' constitutional, statutory and/or

14   common law rights to personal privacy and confidentiality.  Defendants further object

15   to this Interrogatory on the grounds that it seeks information that is not relevant and is

16   not reasonably calculated to lead to the discovery of admissible evidence.  Defendants

17   further object to this Interrogatory to the extent that it violates the attorney-client

18   privilege and/or the attorney work product doctrine.  Defendants object because this

19   Interrogatory seeks information that is confidential and/or proprietary.

20           Subject to and without waiving its prior objections, Defendants respond as

21   follows: One.

22

23

24

25

26

27

28

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET ONE

21.

5:16-CV-02263 – DOC - KK

1    Dated:   May 2, 2017

2

3

4    ELIZABETH STAGGS WILSON
     MICHELLE RAPOPORT
5    MICHAEL MANOUKIAN
     LITTLER MENDELSON, P.C.
6    Attorneys for Defendants
     THE GEO GROUP, INC. and GEO
7    CORRECTIONS AND DETENTION,
     LLC
8

9    Firmwide:145560926.3 059218.1286

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

<u>VERIFICATION</u>

I have read the foregoing **DEFENDANTS THE GEO GROUP, INC. ET AL.'S RESPONSE TO PLAINTIFF EMANUEL SANTIAGO SPECIAL INTERROGATORIES, SET ONE** and know its contents.

☒   I am a PREA Compliance Manager, for THE GEO GROUP, INC., and in such capacity, I am authorized to sign this verification of the foregoing, **DEFENDANTS THE GEO GROUP, INC. ET AL.'S RESPONSE TO PLAINTIFF EMANUEL SANTIAGO SPECIAL INTERROGATORIES, SET ONE**, and I am authorized to make this verification for and on behalf of The Geo Group, and I make this verification for that reason.  I have read the foregoing document(s).  I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this verification was executed this 1st day of May, 2017, at Adelanto, California.

_____
      Aida Aldape, PREA Compliance Manager
        The Geo Group

Firmwide:147250720.1 059218.1286

TTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

VERIFICATION

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 W. San Fernando, 15th Floor, San Jose, California 95113.2303. On May 2, 2017, I served the within document(s):

DEFENDANTS' THE GEO GROUP, INC., ET AL.'S RESPONSE TO PLAINTIFF'S SANTIAGO SPECIAL INTERROGATORIES, SET ONE

VERIFICATION OF RESPONSE

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

Amir Mostafavi, Esq.
Arshia B. Khan, Esq.
Robert J. Simmonds, Esq.
MOSTAFAVI LAW GROUP, APC
11835 W. Olympic Boulevard, Suite 1055
Los Angeles, CA 90064

Attorneys for Plaintiff Emanuel Santiago

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 2, 2017, at San Jose, California.

_____
Pauline R. Lopez

# EXHIBIT 2

GEO's Supp. Response to SI-1

1  ELIZABETH STAGGS WILSON, Bar No. 183160
   estaggs-wilson@littler.com
2  MICHELLE RAPOPORT, Bar No. 247459
   mrapoport@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, CA  90071
5  Telephone:  213.443.4300
   Facsimile:   213.443.4299
6

7  Attorneys for Defendants
   THE GEO GROUP, INC. and GEO
8  CORRECTIONS AND DETENTION, LLC

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12 EMANUEL SANTIAGO, an              Case No.  5:16-CV-02263 – DOC - KK
   individual,
13                                   **DEFENDANTS THE GEO GROUP,
                Plaintiff,           INC. ET AL.'S SUPPLEMENTAL
14                                   RESPONSE TO PLAINTIFF
          v.                         EMANUEL SANTIAGO SPECIAL
15                                   INTERROGATORIES, SET ONE**
   THE GEO GROUP, INC., a Florida
16 Corporation dba GEO CALIFORNIA,   Trial Date: January 23, 2018
   INC.; GEO Corrections and Detention,
17 LLC; DOES 1 - 10, individuals, and
   DOES, 11 - 20, business entities
18 inclusive,

19             Defendants.

20

21  **PROPOUNDING PARTY:        PLAINTIFF EMANUEL SANTIAGO**

22  **RESPONDING PARTY:         THE GEO GROUP, INC., et al.**

23  **SET NUMBER:               ONE**

24

25

26

27

28

LITTLER MENDELSON, P.C.
   633 West 5th Street
        63rd Floor
Los Angeles, CA  90071
    213.443.4300

SUPPLEMENTAL RESPONSE TO                   5:16-CV-02263 – DOC - KK
SPECIAL INTERROGATORIES

1    **TO PLAINTIFF EMANUEL SANTIAGO AND HIS ATTORNEYS OF**

2    **RECORD:**

3          Pursuant to Fed. R. Civ. P. 34, Defendants THE GEO GROUP, INC., et al.

4    ("Defendants") is supplementing their responses to Special Interrogatories, Set One,

5    served upon them by Plaintiff EMANUEL SANTIAGO ("Plaintiff") as follows:

6                    **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

7          The objections and responses are made solely for the purpose of this action and

8    are based on information presently known and available to Defendants.  Discovery is

9    still ongoing and Defendants reserve the right to supplement these responses with

10   subsequently discovered information and/or to introduce such information at the time

11   of trial.

12         Each response is subject to all objections as to competence, relevance,

13   materiality, proprietary subject matter, admissibility, and any and all other objections

14   or grounds that would require exclusion of the responses or documents produced by

15   Defendants, or any part thereof, if any of these responses or documents were

16   presented at court.  All appropriate objections and grounds are hereby reserved and

17   may be interposed at trial regarding the introduction into evidence of a response or

18   document produced by Defendants in response to Plaintiff's First Set of Special

19   Interrogatories.

20         No response to these interrogatories constitutes or should be construed as an

21   admission respecting relevancy or admissibility of the disclosed information, or the

22   truth or accuracy of any statement, characterization or other fact contained in any

23   response to these interrogatories.  Defendants expressly do not concede the relevancy

24   or materiality of any of these interrogatories or the subject matter to which they refer.

25         The fact that Defendants have responded to or objected to any interrogatory or

26   part thereof may not be taken as an admission about the existence or non-existence of

27   any fact, or that such response constitutes relevant evidence.  The fact that Defendants

28   have responded to part or all of any interrogatory shall not be construed to be a waiver

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                    1.                    5:16-CV-02263 – DOC - KK

1  of any objection to part or all of any other interrogatory. Nothing contained herein

2  shall be construed as an admission of the existence or nonexistence of any fact.

3       To the extent these interrogatories call for information which constitutes

4  material prepared in anticipation of litigation or for trial, information or material

5  protected by the attorney-client privilege, the work product doctrine, the joint defense

6  privilege and/or the common interest privilege or any other privilege, Defendants

7  object to each and every such interrogatory and will not supply or produce any such

8  information. These responses shall not constitute a waiver of any privilege or any

9  other ground for objecting to discovery with respect to such response, nor shall

10  inadvertent disclosure waive the right of Defendants to object to the use of such

11  information during any subsequent proceeding.

12       To the extent any interrogatory seeks documents or information relating to legal

13  conclusions, opinions, theories and/or research of Defendants and Defendants'

14  counsel, Defendants object and will not provide such documents or information. No

15  implied admissions whatsoever are intended by these responses. Moreover, in

16  producing documents or information in response to any interrogatory potentially

17  calling for a legal conclusion, Defendants do not admit, either expressly or impliedly,

18  that any such produced document or information adopts any of the legal conclusions

19  contained in the interrogatory.

20       To the extent any interrogatory seeks information relating to confidential

21  personnel or other information of persons other than Plaintiff, Defendants object to

22  each and every interrogatory on the grounds that such interrogatory is overbroad,

23  seeks information that is not relevant to the subject matter of this lawsuit, is not

24  reasonably calculated to lead to the discovery of admissible evidence and invades the

25  privacy rights of such other persons.

26       To the extent any interrogatory violates Defendants' right to privacy or calls for

27  the disclosure of confidential and/or proprietary information or information otherwise

28  protected as a trade secret, Defendants object to each and every such interrogatory and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES

2.

5:16-CV-02263 – DOC - KK

1  will not supply or produce any such information except pursuant to a Protective Order

2  governing the production of such documents entered in this matter.

3      Defendants object to each and every interrogatory on the grounds and to the

4  extent that they seek information that is not required to be provided and/or that they

5  impose obligations on Defendants that go beyond the scope of permissible discovery

6  under the Federal Rules of Civil Procedure.

7      Defendants object to each and every interrogatory on the grounds and to the

8  extent that they are harassing, overbroad, uncertain and fail to describe with

9  reasonable particularity the document sought as required under the Federal Rules of

10  Civil Procedure.  Defendants object to each and every interrogatory on the ground and

11  to the extent that they are vague and ambiguous, requiring speculation as to Plaintiff's

12  intended meaning.

13      The above-stated objections are hereby made applicable to each and all of the

14  interrogatories and are incorporated by reference as though fully set forth in each

15  answer to each interrogatory.   Without waiving any of the foregoing objections,

16  Defendants respond, as follows:

17  **OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES**

18  **SPECIAL INTERROGATORY NO. 6:**

19      Please describe in detail what The Geo Group, Inc.'s proper security procedures

20  were with respect to Detainee Movement the Segregation Housing Unit during the

21  RELEVANT PERIOD.

22  **RESPONSE TO SPECIAL INTERROGATORY 6:**

23      Defendants further object to this Interrogatory on the grounds that, as written, it

24  is unintelligible.   Defendants object to this Interrogatory because it is vague and

25  ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

26  compound.  Defendants further object to this Interrogatory on the grounds that it is

27  overly broad as to time and scope.  Defendants further object to this Interrogatory on

28  the grounds that it seeks information that is not relevant and is not reasonably

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                    3.                    5:16-CV-02263 – DOC - KK

1  calculated to lead to the discovery of admissible evidence.  Defendants object because

2  this Interrogatory seeks information that is confidential and/or proprietary.

3     Subject to, and without waiving the foregoing objections, Defendants respond

4  as follows: Please see Defendants' document for the responsive information.

5  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

6     Subject to and without waiving the foregoing objections, Defendant further

7  responds as follows: This interrogatory encapsulates a variety of circumstances over a

8  prolonged period of time, making a singular response impossible. However, during

9  Plaintiff's employment, detainees were moved under direct supervision of Detention

10  Officers, and secured at all times once in a cell or a shower.  Detention Officers were

11  and are trained to exercise extreme caution when moving detainees to ensure the

12  safety of the detainee, the officers, and the public.

13  **SPECIAL INTERROGATORY NO.  7:**

14     Please describe in detail what The Geo Group, Inc.'s proper Food Service

15  Operations procedures were with respect to ensuring food is delivered to detainees in

16  the Segregation Housing Unit during the RELEVANT PERIOD.

17  **RESPONSE TO SPECIAL INTERROGATORY 7:**

18     Defendants object to this Interrogatory because it is vague and ambiguous.

19  Defendants further object to this Interrogatory on the grounds that it is compound.

20  Defendants further object to this Interrogatory on the grounds that it is overly broad as

21  to time and scope.  Defendants further object to this Interrogatory to the extent that it

22  seeks information pertaining to individuals, the disclosure of which would constitute

23  an unwarranted invasion of the affected individuals' constitutional, statutory and/or

24  common law rights to personal privacy and confidentiality.  Defendants further object

25  to this Interrogatory on the grounds that it seeks information that is not relevant and is

26  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants

27  further object to this Interrogatory to the extent that it violates the attorney-client

28  privilege and/or the attorney work product doctrine.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES
4.
5:16-CV-02263 – DOC - KK

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Subject to and without waiving the foregoing objections, Defendant further responds as follows: Per Policy and Procedure Number 10.3.7 – ADF, food service operations are under the general oversight of the Food Services Manager, including in-cell service of meals.  Detainees in the Segregation/Special Management Unit receive three nutritionally adequate meals per day from the menu served the general population. For security purposes, detainees in the Segregation/Special Management Unit use disposable utensils only.  Staff is to ensure that food delivered to the detainees is at the proper temperature, and is responsible for ensuring the sanitary conditions of all utensils and trays. Please see Defendants' production of documents for the responsive information.

**SPECIAL INTERROGATORY NO. 8:**

Please specify the number of Detention Officers YOU hired to work in the Adelanto Detention Facility Segregation Housing Unit from March 18, 2013 through August 8, 2015.

**RESPONSE TO SPECIAL INTERROGATORY 8:**

Defendants object to this Interrogatory on the grounds that it calls for a legal conclusion.  Defendants object to this Interrogatory because it is vague and ambiguous.  Defendants further object to this Interrogatory on the grounds that it is overly broad as to time and scope.  Defendants further object to this Interrogatory to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Interrogatory to the extent that it violates the attorney-client privilege and/or the attorney work product doctrine.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES

5.

5:16-CV-02263 – DOC - KK

1  Finally, Defendants object because this Interrogatory seeks information that is
2  confidential and/or proprietary.

3       Subject to and without waiving its prior objections, Defendants respond as
4  follows:  From March 18, 2013 through August 8, 2015, Defendants did not hire any
5  Detention Officers to specifically work in the Adelanto Detention Facility Segregation
6  Housing Unit.

7  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

8       Subject to and without waiving the foregoing objections, Defendant further
9  responds as follows: As previously stated, Defendants did not hire Detention Officers
10  to work specifically in the Segregation or Restrictive Housing Unit, and therefore
11  cannot respond to this interrogatory.

12  **SPECIAL INTERROGATORY NO.  9:**

13       Please IDENTIFY ALL PERSONS including specific INDIVIDUALS acting
14  on YOUR behalf: who have knowledge of the fact that Assistant Warden Love of
15  Adelanto Detention Facility had said that the showers were to remain unlocked unless
16  the detainee was given a razor during the RELEVANT PERIOD.  [As used herein the
17  term(s)/phrase(s) shall have the following meaning(s): "IDENTIFY" as used herein
18  with respect to "PERSON" or "PERSONS" shall mean (a) as to INDIVIDUALS, to
19  state the Individual's name. last known address, telephone numbers (both personal and
20  business), and job title, if the INDIVIDUAL is employed by YOU at the time of
21  YOUR response to these special interrogatories; and (b) as to non-INDIVIDUALS
22  (those who are not natural persons), to state the business name, address, and telephone
23  number. "PERSON" or PERSONS" includes an INDIVIDUAL firm association,
24  organization, partnership, business, trust, limited liability company, corporation, or
25  public entity. "INDIVIDUAL" or "INDIVIDUALS" shall mean a natural person or
26  natural persons, whether acting in their individual capacity or as YOUR agent,
27  employee, or other capacity acting on YOUR behalf.]

28  **RESPONSE TO SPECIAL INTERROGATORY 9:**

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                6.                5:16-CV-02263 – DOC - KK

Defendants object to this Interrogatory on the grounds that it calls for a legal conclusion.   Defendants object to this Interrogatory because it is vague and ambiguous.  Defendants further object to this Interrogatory on the grounds that it is compound.  Defendants further object to this Interrogatory on the grounds that it is overly broad as to time and scope.  Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object because this interrogatory assumes facts not in evidence.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Subject to and without waiving the foregoing objections, Defendant further responds as follows: Defendants deny that Assistant Warden Love made the statement referenced in this interrogatory.   Therefore, Defendants cannot respond to this interrogatory.

**SPECIAL INTERROGATORY NO. 12:**

If you so contend, please IDENTIFY each and every DOCUMENT, which supports your contention, that detainee Irias Jimmy required extra precautions or higher level of security during the RELEVANT PERIOD.

As used herein the term(s)/phrase(s) shall have the following meaning(s): "IDENTIFY" as used herein with respect to DOCUMENTS. means to describe with particularity or provide a sufficient description of the DOCUMENT, to permit PLAINTIFF to seek production of such   DOCUMENTS; "DOCUMENT" or "DOCUMENTS" means a writing, as defined in Evidence  Code §250, and includes the original or photocopy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, electronic means or forms, or combinations of them. DOCUMENT includes, without limitation: papers; agreements; contracts; listings; insurance policies; commission runs or records; correspondence

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                7.                5:16-CV-02263 – DOC - KK

1  letters; telegrams: telexes; memoranda; statements; studies; reports; publications;

2  records; notes; messages; books: pamphlets; leaflets; handbooks; organization charts;

3  advertising brochures; surveys; questionnaires, intra-and inter-office messages or

4  memoranda; evaluations; entries; studies; addenda to contracts; modifications;

5  endorsements; offers and   acceptances; circulars; bulletins; desk calendars;

6  appointment books; notebooks; agendas; corporate minutes; diaries; telephone logs;

7  telephone bills: expense records; requests for reimbursement for costs or expenses:

8  microfilms; microfiches; computer indices; computer printouts; audiotapes; audio

9  cassettes; records stored by means of computer or other technology; photographs;

10 audio recordings whether on tape, disk, wire or any other means of recordings,

11 drawings; surveys; or any other kind of written, typewritten, printed or other material

12 however produced, reproduced or stored and any other tangible or physical things

13 from which information can be obtained, including, electronic form. "REFER,"

14 "REFLECT," "RELATE." "'REGARD ""CONCERN" and CONCERNING," and the

15 phrases "REGARDING, REFERRING OR RELATING TO," "REFER OR RELATE

16 TO" and "REFERENCING" shall mean referring to, pertaining to, relating to, alluding

17 to, bearing upon, commenting upon, touching upon, regarding, CONCERNING,

18 recording, evidencing, constituting, substantiating, supporting, discussing, mentioning,

19 or otherwise affecting (directly or indirectly).]

20 **RESPONSE TO SPECIAL INTERROGATORY 12:**

21        Defendants object to this Interrogatory because it is vague and ambiguous.

22 Defendants further object to this Interrogatory on the grounds that it is compound.

23 Defendants further object to this Interrogatory on the grounds that it is overly broad as

24 to time and scope.  Defendants further object to this Interrogatory to the extent that it

25 seeks information pertaining to individuals, the disclosure of which would constitute

26 an unwarranted invasion of the affected individuals' constitutional, statutory and/or

27 common law rights to personal privacy and confidentiality.  Defendants further object

28 to this Interrogatory on the grounds that it seeks information that is not relevant and is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                    8.                    5:16-CV-02263 – DOC - KK

1  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants

2  further object to this Interrogatory to the extent that it violates the attorney-client

3  privilege and/or the attorney work product doctrine.  Defendants object because this

4  Interrogatory seeks information that is confidential and/or proprietary.

5  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

6           Subject to and without waiving the foregoing objections, and although the term

7  "Relevant Period" remains undefined for purposes of this interrogatory, Defendant

8  further responds as follows: Lt. Duran's Statement, produced by Defendants, in which

9  Lt. Duran states she instructed Plaintiff to utilize special precautions with Detainee

10  Irias on August 5, 2015.

11  **SPECIAL INTERROGATORY NO.  13:**

12           Please IDENTIFY each and every DOCUMENT that supports your contention

13  that a modification or restriction to detainee Irias Jimmy's [*sic*] individual program or

14  privileges were made, and a notification of such was made to the Facility

15  Administrator in writing.

16  **RESPONSE TO SPECIAL INTERROGATORY 13:**

17           Defendants object to this Interrogatory because it is vague and ambiguous.

18  Defendants further object to this Interrogatory on the grounds that it is compound.

19  Defendants further object to this Interrogatory on the grounds that it is overly broad as

20  to time and scope.  Defendants further object to this Interrogatory to the extent that it

21  seeks information pertaining to individuals, the disclosure of which would constitute

22  an unwarranted invasion of the affected individuals' constitutional, statutory and/or

23  common law rights to personal privacy and confidentiality.  Defendants further object

24  to this Interrogatory on the grounds that it seeks information that is not relevant and is

25  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants

26  further object to this Interrogatory to the extent that it violates the attorney-client

27  privilege and/or the attorney work product doctrine.  Defendants object because this

28  Interrogatory seeks information that is confidential and/or proprietary.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                    9.                    5:16-CV-02263 – DOC - KK

1

2 **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

3     Subject to and without waiving the foregoing objections, Defendant further

4 responds as follows: This interrogatory remains vague and ambiguous as to what is

5 meant by a "modification" or "restriction" to Detainee Irias' "individual program" and

6 Plaintiff has taken no steps to clarify these terms.  Further, the information sought in

7 this interrogatory violates privacy rights of third persons to this lawsuit.  Defendants

8 cannot divulge specific information regarding detainees or detainees' status.  Further,

9 Defendants do not contend that Plaintiff was required to secure Irias in the shower due

10 to a modification or restriction specific to Irias.  Rather, all detainees must be secured

11 in the shower.

12 **SPECIAL INTERROGATORY NO.  16:**

13     Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to YOUR

14 policy with respect to a Senior Training Officer leaving an inexperienced officer

15 unattended with the detainees.

16 **RESPONSE TO SPECIAL INTERROGATORY 16:**

17     Defendants object to this Interrogatory because it is vague and ambiguous.

18 Defendants further object to this Interrogatory on the grounds that it is compound.

19 Defendants further object to this Interrogatory on the grounds that it is overly broad as

20 to time and scope.  Defendants further object to this Interrogatory to the extent that it

21 seeks information pertaining to individuals, the disclosure of which would constitute

22 an unwarranted invasion of the affected individuals' constitutional, statutory and/or

23 common law rights to personal privacy and confidentiality.  Defendants further object

24 to this Interrogatory on the grounds that it seeks information that is not relevant and is

25 not reasonably calculated to lead to the discovery of admissible evidence.

26 **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES
10.
5:16-CV-02263 – DOC - KK

1      Subject to and without waiving the foregoing objections, Defendant further

2  responds as follows: Defendants are not aware of any written policies or procedures

3  responsive to this interrogatory.

4  **SPECIAL INTERROGATORY NO. 17:**

5      Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to how Second

6  Shift operations differed from Third Shift Operations in the Administrative

7  Segregation Housing Unit during the RELEVANT PERIOD.

8  **RESPONSE TO SPECIAL INTERROGATORY 17:**

9      Defendants object to this Interrogatory because it is vague and ambiguous.

10  Defendants further object to this Interrogatory on the grounds that it is compound.

11  Defendants further object to this Interrogatory on the grounds that it is overly broad as

12  to time and scope.  Defendants further object to this Interrogatory to the extent that it

13  seeks information pertaining to individuals, the disclosure of which would constitute

14  an unwarranted invasion of the affected individuals' constitutional, statutory and/or

15  common law rights to personal privacy and confidentiality.  Defendants further object

16  to this Interrogatory on the grounds that it seeks information that is not relevant and is

17  not reasonably calculated to lead to the discovery of admissible evidence.

18  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

19      Subject to and without waiving the foregoing objections, Defendant further

20  responds as follows: Defendants are not aware of any written policies or procedures

21  responsive to this interrogatory.

22  **SPECIAL INTERROGATORY NO. 18:**

23      Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to Officer

24  Patterson being reprimanded, or written-up as a consequence of detainee Irias Jimmy

25  [*sic*] attempting to escape the administrative segregation housing unit during The

26  RELEVANT PERIOD.

27  **RESPONSE TO SPECIAL INTERROGATORY 18:**

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES

11.

5:16-CV-02263 – DOC - KK

1    Defendants object to this Interrogatory on the grounds that it calls for a legal

2    conclusion.    Defendants object to this Interrogatory because it is vague and

3    ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

4    compound.  Defendants further object to this Interrogatory on the grounds that it is

5    overly broad as to time and scope.  Defendants further object to this Interrogatory to

6    the extent that it seeks information pertaining to individuals, the disclosure of which

7    would constitute an unwarranted invasion of the affected individuals' constitutional,

8    statutory and/or common law rights to personal privacy and confidentiality.

9    Defendants further object to this Interrogatory on the grounds that it seeks information

10   that is not relevant and is not reasonably calculated to lead to the discovery of

11   admissible evidence.  Defendants further object to this Interrogatory to the extent that

12   it violates the attorney-client privilege and/or the attorney work product doctrine.

13   Defendants object because this Interrogatory seeks information that is confidential

14   and/or proprietary.

15   **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

16   Subject to and without waiving the foregoing objections, Defendant further

17   responds as follows: Defendants are not aware of any documents responsive to this

18   interrogatory.

19   **SPECIAL INTERROGATORY NO.  19:**

20   Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to Officer

21   Marquez being reprimanded, or written-up as a consequence of detainee Irias Jimmy

22   [*sic*] attempting to escape the administrative segregation housing unit during The

23   RELEVANT Period.

24   **RESPONSE TO SPECIAL INTERROGATORY 19:**

25   Defendants object to this Interrogatory on the grounds that it calls for a legal

26   conclusion.    Defendants object to this Interrogatory because it is vague and

27   ambiguous.  Defendants further object to this Interrogatory on the grounds that it is

28   compound.  Defendants further object to this Interrogatory on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                   12.              5:16-CV-02263 – DOC - KK

1  overly broad as to time and scope.  Defendants further object to this Interrogatory to

2  the extent that it seeks information pertaining to individuals, the disclosure of which

3  would constitute an unwarranted invasion of the affected individuals' constitutional,

4  statutory and/or common law rights to personal privacy and confidentiality.

5  Defendants further object to this Interrogatory on the grounds that it seeks information

6  that is not relevant and is not reasonably calculated to lead to the discovery of

7  admissible evidence.  Defendants further object to this Interrogatory to the extent that

8  it violates the attorney-client privilege and/or the attorney work product doctrine.

9  Defendants object because this Interrogatory seeks information that is confidential

10  and/or proprietary.

11  **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

12  Subject to and without waiving the foregoing objections, Defendant further

13  responds as follows: Disciplinary Action Form, memorandum regarding termination,

14  and termination letter.

15  **SPECIAL INTERROGATORY NO.  20:**

16  Please IDENTIFY all DOCUMENTS that reflect, refer, or relate to all Facility

17  Counts made by all Detention Officers on duty in the administrative segregation

18  housing unit on August 5, 2015.

19  **RESPONSE TO SPECIAL INTERROGATORY 20:**

20  Defendants object to this interrogatory on the ground it is duplicative of

21  Plaintiff's Requests for Production of Documents.   Defendants object to this

22  Interrogatory on the grounds that it calls for a legal conclusion.  Defendants object to

23  this Interrogatory because it is vague and ambiguous.  Defendants further object to

24  this Interrogatory on the grounds that it is compound.  Defendants further object to

25  this Interrogatory on the grounds that it is overly broad as to time and scope.

26  Defendants further object to this Interrogatory to the extent that it seeks information

27  pertaining to individuals, the disclosure of which would constitute an unwarranted

28  invasion of the affected individuals' constitutional, statutory and/or common law

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES                    13.                    5:16-CV-02263 – DOC - KK

rights to personal privacy and confidentiality. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Interrogatory to the extent that it violates the attorney-client privilege and/or the attorney work product doctrine. Defendants object because this Interrogatory seeks information that is confidential and/or proprietary.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

Subject to and without waiving the foregoing objections, Defendant further responds as follows: Notes from the second watch and Supervisor Shift Log, detailing when counts were commenced and cleared on August 5, 2015.

Dated:   October 27, 2017

_/s/ Michelle Rapoport_
ELIZABETH STAGGS WILSON
MICHELLE RAPOPORT
MICHAEL MANOUKIAN
LITTLER MENDELSON, P.C.
Attorneys for Defendants
THE GEO GROUP, INC. and GEO
CORRECTIONS AND DETENTION,
LLC

Firmwide:150550958.2 059218.1286

SUPPLEMENTAL RESPONSE TO
SPECIAL INTERROGATORIES
14.
5:16-CV-02263 – DOC - KK

# EXHIBIT 3

GEO's Response to SI-2

1   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
2   MICHELLE RAPOPORT, Bar No. 247459
    mrapoport@littler.com
3   BROOKE DEARDURFF, Bar No. 292433
    bdeardurff@gmail.com
4   LITTLER MENDELSON, P.C.
    633 West 5th Street
5   63rd Floor
    Los Angeles, CA 90071
6   Telephone: 213.443.4300
    Facsimile: 213.443.4299
7

8   Attorneys for Defendants
    THE GEO GROUP, INC. and GEO
9   CORRECTIONS AND DETENTION, LLC

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  EMANUEL SANTIAGO, an              Case No.  5:16-CV-02263 – DOC - KK
    individual,
14                                    **DEFENDANTS THE GEO GROUP,**
                 Plaintiff,           **INC. ET AL.'S RESPONSE TO**
15                                    **PLAINTIFF EMANUEL SANTIAGO**
          v.                          **SPECIAL INTERROGATORIES,**
16                                    **SET TWO**
    THE GEO GROUP, INC., a Florida
17  Corporation dba GEO CALIFORNIA,   Trial Date: January 23, 2018
    INC.; GEO Corrections and Detention,
18  LLC; DOES 1 - 10, individuals, and
    DOES, 11 - 20, business entities
19  inclusive,

20               Defendants.

21

22  **PROPOUNDING PARTY:**      **PLAINTIFF EMANUEL SANTIAGO**

23  **RESPONDING PARTY:**       **THE GEO GROUP, INC., et al.**

24  **SET NUMBER:**             **TWO**

25

26

27

28

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO                          5:16-CV-02263 – DOC - KK

1   **TO PLAINTIFF EMANUEL SANTIAGO AND HIS ATTORNEYS OF**

2   **RECORD:**

3         Pursuant to Fed. R. Civ. P. 34, Defendants THE GEO GROUP, INC., et al.

4   ("Defendants") responds to the Special Interrogatories, Set Two, served upon it by

5   Plaintiff EMANUEL SANTIAGO ("Plaintiff") as follows:

6       **<u>PRELIMINARY STATEMENT AND GENERAL OBJECTIONS</u>**

7         The objections and responses are made solely for the purpose of this action and

8   are based on information presently known and available to Defendants.  Discovery is

9   still ongoing and Defendants reserve the right to supplement these responses with

10  subsequently discovered information and/or to introduce such information at the time

11  of trial.

12        Each response is subject to all objections as to competence, relevance,

13  materiality, proprietary subject matter, admissibility, and any and all other objections

14  or grounds that would require exclusion of the responses or documents produced by

15  Defendants, or any part thereof, if any of these responses or documents were

16  presented at court.  All appropriate objections and grounds are hereby reserved and

17  may be interposed at trial regarding the introduction into evidence of a response or

18  document produced by Defendants in response to Plaintiff's Second Set of Special

19  Interrogatories.

20        No response to these interrogatories constitutes or should be construed as an

21  admission respecting relevancy or admissibility of the disclosed information, or the

22  truth or accuracy of any statement, characterization or other fact contained in any

23  response to these interrogatories.  Defendants expressly do not concede the relevancy

24  or materiality of any of these interrogatories or the subject matter to which they refer.

25        The fact that Defendants have responded to or objected to any interrogatory or

26  part thereof may not be taken as an admission about the existence or non-existence of

27  any fact, or that such response constitutes relevant evidence.  The fact that Defendants

28  have responded to part or all of any interrogatory shall not be construed to be a waiver

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO      1.        5:16-CV-02263 – DOC - KK

1   of any objection to part or all of any other interrogatory. Nothing contained herein

2   shall be construed as an admission of the existence or nonexistence of any fact.

3   To the extent these interrogatories call for information which constitutes

4   material prepared in anticipation of litigation or for trial, information or material

5   protected by the attorney-client privilege, the work product doctrine, the joint defense

6   privilege and/or the common interest privilege or any other privilege, Defendants

7   object to each and every such interrogatory and will not supply or produce any such

8   information. These responses shall not constitute a waiver of any privilege or any

9   other ground for objecting to discovery with respect to such response, nor shall

10  inadvertent disclosure waive the right of Defendants to object to the use of such

11  information during any subsequent proceeding.

12  To the extent any interrogatory seeks documents or information relating to legal

13  conclusions, opinions, theories and/or research of Defendants and Defendants'

14  counsel, Defendants object and will not provide such documents or information. No

15  implied admissions whatsoever are intended by these responses. Moreover, in

16  producing documents or information in response to any interrogatory potentially

17  calling for a legal conclusion, Defendants do not admit, either expressly or impliedly,

18  that any such produced document or information adopts any of the legal conclusions

19  contained in the interrogatory.

20  To the extent any interrogatory seeks information relating to confidential

21  personnel or other information of persons other than Plaintiff, Defendants object to

22  each and every interrogatory on the grounds that such interrogatory is overbroad,

23  seeks information that is not relevant to the subject matter of this lawsuit, is not

24  reasonably calculated to lead to the discovery of admissible evidence and invades the

25  privacy rights of such other persons.

26  To the extent any interrogatory violates Defendants' right to privacy or calls for

27  the disclosure of confidential and/or proprietary information or information otherwise

28  protected as a trade secret, Defendants object to each and every such interrogatory and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO          2.          5:16-CV-02263 – DOC - KK

1    will not supply or produce any such information except pursuant to a Protective Order

2    governing the production of such documents entered in this matter.

3          Defendants object to each and every interrogatory on the grounds and to the

4    extent that they seek information that is not required to be provided and/or that they

5    impose obligations on Defendants that go beyond the scope of permissible discovery

6    under the Federal Rules of Civil Procedure.

7          Defendants object to each and every interrogatory on the grounds and to the

8    extent that they are harassing, overbroad, uncertain and fail to describe with

9    reasonable particularity the document sought as required under the Federal Rules of

10   Civil Procedure.  Defendants object to each and every interrogatory on the ground and

11   to the extent that they are vague and ambiguous, requiring speculation as to Plaintiff's

12   intended meaning.

13         The above-stated objections are hereby made applicable to each and all of the

14   interrogatories and are incorporated by reference as though fully set forth in each

15   answer to each interrogatory.   Without waiving any of the foregoing objections,

16   Defendants respond, as follows:

17   **OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES**

18   **SPECIAL INTERROGATORY NO. 26:**

19         IDENTIFY all persons who have knowledge of the events of the incident on

20   August 5, 2017 regarding detainee Irias.

21   **RESPONSE TO SPECIAL INTERROGATORY 26:**

22         Defendants object to this Interrogatory because it is vague and ambiguous.

23   Defendants further object to this Interrogatory on the grounds that it is overly broad as

24   to time and scope.  Defendants further object to this Interrogatory on the grounds that

25   it seeks information that is not relevant and is not reasonably calculated to lead to the

26   discovery of admissible evidence.   Defendants object because this interrogatory

27   assumes facts not in evidence.

28         Subject to and without waiving the foregoing objections, Defendants respond as

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO          3.          5:16-CV-02263 – DOC - KK

follows:  Plaintiff has improperly propounded this interrogatory in excess of the 25 special interrogatories he is allowed absent leave of court.  Further, these requests, served by U.S. mail on September 25, 2017, are untimely pursuant to the Scheduling Order issued by this Court, which states that all written discovery must be propounded 45 days before the discovery cut-off of October 30, 2017. Therefore, all written discovery was to be propounded no later than September 15, 2017.

**SPECIAL INTERROGATORY NO. 27:**

IDENTIFY all person who have knowledge of all escape attempts made by detainee lrias since his admittance to Adelanto Facility.

**RESPONSE TO SPECIAL INTERROGATORY 27:**

Defendants object to this Interrogatory because it is vague and ambiguous. Defendants further object to this Interrogatory on the grounds that it is overly broad as to time and scope.  Defendants further object to this Interrogatory to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Interrogatory on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object because this interrogatory assumes facts not in evidence.

Subject to and without waiving the foregoing objections, Defendants respond as follows:  Plaintiff has improperly propounded this interrogatory in excess of the 25 special interrogatories he is allowed absent leave of court.  Further, these requests, served by U.S. mail on September 25, 2017, are untimely pursuant to the Scheduling Order issued by this Court, which states that all written discovery must be propounded 45 days before the discovery cut-off of October 30, 2017. Therefore, all written discovery was to be propounded no later than September 15, 2017.

**SPECIAL INTERROGATORY NO. 28:**

IDENTIFY all persons reprimanded, warned, or terminated for every escape

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL INTERROGATORIES, SET TWO

4.

5:16-CV-02263 – DOC - KK

1    attempt made by detainee Irias since his admittance to Adelanto Facility.

2    **RESPONSE TO SPECIAL INTERROGATORY 28:**

3        Defendants object to this Interrogatory because it is vague and ambiguous.

4 Defendants further object to this Interrogatory on the grounds that it is overly broad as

5 to time and scope. Defendants further object to this Interrogatory to the extent that it

6 seeks information pertaining to individuals, the disclosure of which would constitute

7 an unwarranted invasion of the affected individuals' constitutional, statutory and/or

8 common law rights to personal privacy and confidentiality. Defendants further object

9 to this Interrogatory on the grounds that it seeks information that is not relevant and is

10 not reasonably calculated to lead to the discovery of admissible evidence. Defendants

11 object because this interrogatory assumes facts not in evidence.

12        Subject to and without waiving the foregoing objections, Defendants respond as

13 follows: Plaintiff has improperly propounded this interrogatory in excess of the 25

14 special interrogatories he is allowed absent leave of court. Further, these requests,

15 served by U.S. mail on September 25, 2017, are untimely pursuant to the Scheduling

16 Order issued by this Court, which states that all written discovery must be propounded

17 45 days before the discovery cut-off of October 30, 2017. Therefore, all written

18 discovery was to be propounded no later than September 15, 2017.

19    **SPECIAL INTERROGATORY NO. 29:**

20        Please describe any and all policy changes made by YOU since August 5, 2017.

21    **RESPONSE TO SPECIAL INTERROGATORY 29:**

22        Defendants object to this Interrogatory because it is vague and ambiguous.

23 Defendants further object to this Interrogatory on the grounds that it is overly broad as

24 to scope. Defendants further object to this Interrogatory on the grounds that it seeks

25 information that is not relevant and is not reasonably calculated to lead to the

26 discovery of admissible evidence. Defendants object because this interrogatory

27 assumes facts not in evidence.

28        Subject to and without waiving the foregoing objections, Defendants respond as

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO      5.      5:16-CV-02263 – DOC - KK

1  follows:  Plaintiff has improperly propounded this interrogatory in excess of the 25
2  special interrogatories he is allowed absent leave of court.  Further, these requests,
3  served by U.S. mail on September 25, 2017, are untimely pursuant to the Scheduling
4  Order issued by this Court, which states that all written discovery must be propounded
5  45 days before the discovery cut-off of October 30, 2017. Therefore, all written
6  discovery was to be propounded no later than September 15, 2017.

7  **SPECIAL INTERROGATORY NO.  30:**

8      Please describe any and all staffing changes made by YOU since August 5,
9  2017.

10  **RESPONSE TO SPECIAL INTERROGATORY 30:**

11      Defendants object to this Interrogatory because it is vague and ambiguous.
12  Defendants further object to this Interrogatory on the grounds that it is overly broad as
13  to scope.  Defendants further object to this Interrogatory to the extent that it seeks
14  information pertaining to individuals, the disclosure of which would constitute an
15  unwarranted invasion of the affected individuals' constitutional, statutory and/or
16  common law rights to personal privacy and confidentiality. Defendants further object
17  to this Interrogatory on the grounds that it seeks information that is not relevant and is
18  not reasonably calculated to lead to the discovery of admissible evidence.  Defendants
19  object because this interrogatory assumes facts not in evidence.

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO                    6.                    5:16-CV-02263 – DOC - KK

1    Subject to and without waiving the foregoing objections, Defendants respond as

2    follows:   Plaintiff has improperly propounded this interrogatory in excess of the 25

3    special interrogatories he is allowed absent leave of court.   Further, these requests,

4    served by U.S. mail on September 25, 2017, are untimely pursuant to the Scheduling

5    Order issued by this Court, which states that all written discovery must be propounded

6    45 days before the discovery cut-off of October 30, 2017. Therefore, all written

7    discovery was to be propounded no later than September 15, 2017.

8

9

    Dated:   October 30, 2017

10

11

12    ELIZABETH STAGGS WILSON

13    MICHELLE RAPOPORT
      BROOKE DEARDURFF

14    LITTLER MENDELSON, P.C.
      Attorneys for Defendants

15    THE GEO GROUP, INC. and GEO
      CORRECTIONS AND DETENTION,

16    LLC

17

18    Firmwide:150400873.1 059218.1286

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEF.'S RESPONSE TO SPECIAL
INTERROGATORIES, SET TWO

7.

5:16-CV-02263 – DOC - KK

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is: 633 West Fifth Street, 63rd Floor, Los Angeles, CA 90071.

On **October 30, 2017**, I served the foregoing documents described as **DEFENDANTS THE GEO GROUP, INC. ET AL.'S RESPONSE TO PLAINTIFF EMANUEL SANTIAGO SPECIAL INTERROGATORIES, SET TWO** on the interested parties in this as follows:

| | |
|---|---|
| Amir Mostafavi, Esq. | Attorneys for Plaintiff |
| MOSTAFAVI LAW GROUP, APC | EMANUEL SANTIAGO |
| 11835 W. Olympic Boulevard, Suite 1055 | |
| Los Angeles, CA 90064 | |
| Tel: 310.473.1111 | |
| Fax: 310.473.2222 | |
| Email: amir@mostafavilaw.com | |

✓   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above..

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____

VENUS BERNARDO

DEF.'S RESPONSE TO SPECIAL INTERROGATORIES, SET TWO

8.

5:16-CV-02263 – DOC - KK

# EXHIBIT 4

GEO's Response to RFA

1   ELIZABETH STAGGS WILSON, Bar No. 183160
    estaggs-wilson@littler.com
2   MICHELLE RAPOPORT, Bar No. 247459
    mrapoport@littler.com
3   LITTLER MENDELSON, P.C.
    633 West 5th Street
4   63rd Floor
    Los Angeles, CA  90071
5   Telephone:  213.443.4300
    Facsimile:   213.443.4299
6
    MICHAEL W. M. MANOUKIAN, Bar No. 308121
7   mmanoukian@littler.com
    LITTLER MENDELSON, P.C.
8   50 West San Fernando Street
    15th Floor
9   San Jose, CA  95113
    Telephone:  408.998.4150
10  Facsimile:   408.288.5686

11  Attorneys for Defendants
    THE GEO GROUP, INC. and GEO
12  CORRECTIONS AND DETENTION, LLC

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16  EMANUEL SANTIAGO, an             Case No.  5:16-CV-02263 – DOC - KK
    individual,
17                                   **DEFENDANTS THE GEO GROUP,
                Plaintiff,           INC. ET AL.'S RESPONSE TO
18                                   PLAINTIFF EMANUEL SANTIAGO
        v.                           REQUESTS FOR ADMISSION, SET
19                                   ONE**
    THE GEO GROUP, INC., a Florida
20  Corporation dba GEO CALIFORNIA,  Trial Date: None Set
    INC.; GEO Corrections and Detention,
21  LLC; DOES 1 - 10, individuals, and
    DOES, 11 - 20, business entities
22  inclusive,

23              Defendants.

24

25  **PROPOUNDING PARTY:**      **PLAINTIFF EMANUEL SANTIAGO**

26  **RESPONDING PARTY:**       **THE GEO GROUP, INC., et al.**

27  **SET NUMBER:**             **ONE**

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

5:16-CV-02263 – DOC - KK

1  **TO PLAINTIFF EMANUEL SANTIAGO AND HIS ATTORNEYS OF**
2  **RECORD:**

3      Pursuant to Fed. R. Civ. P. 34, Defendants The GEO Group, Inc. and GEO
4  Corrections and Detentions LLC ("Defendants") respond to the Request for
5  Admissions, Set One, served upon them by Plaintiff EMANUEL SANTIAGO
6  ("Plaintiff") as follows:

7            **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

8      The objections and responses are made solely for the purpose of this action and
9  are based on information presently known and available to Defendants.  Discovery is
10  still ongoing and Defendants reserve the right to supplement these responses with
11  subsequently discovered information and/or to introduce such information at the time
12  of trial.

13      Each response is subject to all objections as to competence, relevance,
14  materiality, proprietary subject matter, admissibility and any and all other objections
15  or grounds that would require exclusion of the responses or documents produced by
16  Defendant, or any part thereof, if any of these responses or documents were presented
17  at court.  All appropriate objections and grounds are hereby reserved and may be
18  interposed at trial regarding the introduction into evidence of a response by
19  Defendants in response to Plaintiff's Request for Admission, Set One.

20      No response to these requests constitutes or should be construed as an
21  admission respecting relevancy or admissibility of the disclosed information, or the
22  truth or accuracy of any statement, characterization or other fact contained in any
23  response to these requests.  Defendants expressly do not concede the relevancy or
24  materiality of any of these requests or the subject matter to which they refer.

25      The fact that Defendants have responded to or objected to any request or part
26  thereof may not be taken as an admission about the existence or non-existence of any
27  fact, or that such response constitutes relevant evidence.  The fact that Defendants
28  have responded to part or all of any request shall not be construed to be a waiver of

DEFENDANTS' RESPONSE TO
RFA, SET ONE          1.          5:16-CV-02263 – DOC - KK

1    any objection to part or all of any other request. Nothing contained herein shall be

2    construed as an admission of the existence or nonexistence of any fact.

3       To the extent these requests call for information which constitutes material

4    prepared in anticipation of litigation or for trial, information or material protected by

5    the attorney-client privilege, the work product doctrine, the joint defense privilege

6    and/or the common interest privilege or any other privilege, Defendants object to each

7    and every such request and will not supply or produce any such information. These

8    responses shall not constitute a waiver of any privilege or any other ground for

9    objecting to discovery with respect to such response, nor shall inadvertent disclosure

10    waive the right of Defendants to object to the use of such information during any

11    subsequent proceeding.

12       To the extent any request seeks documents relating to legal conclusions,

13    opinions, theories and/or research of Defendants and Defendants' counsel, Defendants

14    object and will not provide such documents. No implied admissions whatsoever are

15    intended by these responses. Moreover, in producing documents in response to any

16    request potentially calling for a legal conclusion, Defendants do not admit, either

17    expressly or impliedly, that any such produced document adopts any of the legal

18    conclusions contained in the request.

19       To the extent any request seeks information relating to confidential personnel or

20    other information of persons other than Plaintiff, Defendants object to each and every

21    request on the grounds that such request is overbroad, seeks information that is not

22    relevant to the subject matter of this lawsuit, is not reasonably calculated to lead to the

23    discovery of admissible evidence and invades the privacy rights of such other persons.

24       To the extent any request violates Defendants' right to privacy or calls for the

25    disclosure of confidential and/or proprietary information or information otherwise

26    protected as a trade secret, Defendants object to each and every such demand and will

27    not supply or produce any such information except pursuant to a Protective Order

28    governing the production of such documents entered in this matter.

DEFENDANTS' RESPONSE TO
RFA, SET ONE       2.       5:16-CV-02263 – DOC - KK

1    Defendants object to each and every request on the grounds and to the extent
2    that they seek information that is not required to be provided and/or that they impose
3    obligations on Defendants that go beyond the scope of permissible discovery under
4    the Federal Rules of Civil Procedure.

5    Defendants object to each and every request on the grounds and to the extent
6    that they are harassing, overbroad, uncertain and fail to describe with reasonable
7    particularity the document sought as required under the Federal Rules of Civil
8    Procedure.   Defendants object to each and every request on the ground and to the
9    extent that they are vague and ambiguous, requiring speculation as to Plaintiff's
10   intended meaning.

## RESPONSE TO REQUESTS FOR ADMISSION

12   **REQUEST FOR ADMISSION NO. 1:**

13   ADMIT that EMANUEL SANTIAGO was an [*sic*] employed by THE GEO
14   GROUP, INC dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC
15   from March 18, 2013 through August 2015.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

17   Defendants incorporate the objections set forth above in its Preliminary
18   Statement and General Objections.  Defendants object to this Request on the grounds
19   that it calls for a legal conclusion.   Defendants object to this request because it is
20   vague and ambiguous. Defendants further object to this Request on the grounds that it
21   is compound.   Defendants further object to this Request on the grounds that it is
22   overly broad as to time and scope.  Defendants further object to this Request to the
23   extent that it seeks information pertaining to individuals, the disclosure of which
24   would constitute an unwarranted invasion of the affected individuals' constitutional,
25   statutory and/or common law rights to personal privacy and confidentiality.
26   Defendants further object to this Request on the grounds that it seeks information that
27   is not relevant and is not reasonably calculated to lead to the discovery of admissible
28   evidence.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                3.                5:16-CV-02263 – DOC - KK

1    Subject to, and without waiving the foregoing objections, Defendants respond

2    as follows:  Admit.

3    **REQUEST FOR ADMISSION NO. 2:**

4    ADMIT that EMANUEL SANTIAGO does not qualify for the Administrative

5    Exemption as defined in Section I of the Industrial Welfare Commission Order No. 4-

6    2001.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

8    Defendants incorporate the objections set forth above in its Preliminary

9    Statement and General Objections.  Defendants object to this Request on the grounds

10   that it calls for a legal conclusion.  Defendants object to this Request because it is

11   vague and ambiguous. Defendants further object to this Request on the grounds that it

12   is compound.  Defendants further object to this Request on the grounds that it is

13   overly broad as to time and scope.  Defendants further object to this Request to the

14   extent that it seeks information pertaining to individuals, the disclosure of which

15   would constitute an unwarranted invasion of the affected individuals' constitutional,

16   statutory and/or common law rights to personal privacy and confidentiality.

17   Defendants further object to this Request on the grounds that it seeks information that

18   is not relevant and is not reasonably calculated to lead to the discovery of admissible

19   evidence.

20   **REQUEST FOR ADMISSION NO. 3:**

21   ADMIT that EMANUEL SANTIAGO does not qualify for the Professional

22   Exemption as defined in Section 1 of the Industrial Welfare Commission Order No. 4-

23   2001.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

25   Defendants incorporate the objections set forth above in its Preliminary

26   Statement and General Objections.  Defendants object to this Request on the grounds

27   that it calls for a legal conclusion.  Defendants object to this Request because it is

28   vague and ambiguous. Defendants further object to this Request on the grounds that it

DEFENDANTS' RESPONSE TO
RFA, SET ONE                     4.                5:16-CV-02263 – DOC - KK

1  is compound.   Defendants further object to this Request on the grounds that it is

2  overly broad as to time and scope.   Defendants further object to this Request to the

3  extent that it seeks information pertaining to individuals, the disclosure of which

4  would constitute an unwarranted invasion of the affected individuals' constitutional,

5  statutory and/or common law rights to personal privacy and confidentiality.

6  Defendants further object to this Request on the grounds that it seeks information that

7  is not relevant and is not reasonably calculated to lead to the discovery of admissible

8  evidence.

9  **REQUEST FOR ADMISSION NO. 4:**

10      ADMIT that, at any time between March 18, 2013 and August 8, 2015,

11  Detention Officers who worked at the Adelanto Detention Facility's Segregation

12  Housing Unit were required per GEO policy to be authorized to do so.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

14      Defendants incorporate the objections set forth above in its Preliminary

15  Statement and General Objections.   Defendants object to this Request because it is

16  vague and ambiguous. Defendants further object to this Request on the grounds that it

17  is compound.   Defendants further object to this Request on the grounds that it is

18  overly broad as to time and scope.   Defendants further object to this Request to the

19  extent that it seeks information pertaining to individuals, the disclosure of which

20  would constitute an unwarranted invasion of the affected individuals' constitutional,

21  statutory and/or common law rights to personal privacy and confidentiality.

22  Defendants further object to this Request on the grounds that it seeks information that

23  is not relevant and is not reasonably calculated to lead to the discovery of admissible

24  evidence.   Defendants object because this Request seeks information that is

25  confidential and/or proprietary.

26

27

28

DEFENDANTS' RESPONSE TO
RFA, SET ONE                          5.            5:16-CV-02263 – DOC - KK

**REQUEST FOR ADMISSION NO. 5:**

ADMIT that prior to June 2015, GEO had no policy in place that required Detention Officers to receive Specialized Training in order to be authorized to work in the Segregation Unit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants object because this Request seeks information that is confidential and/or proprietary.

**REQUEST FOR ADMISSION NO. 6:**

ADMIT that from June 2015 through August 5, 2015, GEO had a policy that required Detention Officers to receive Specialized Training along with a minimum of one year experience in order to be authorized to work in the Administrative Segregation Housing Unit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request on the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO RFA, SET ONE                6.                5:16-CV-02263 – DOC - KK

1  grounds that it seeks information that is not relevant and is not reasonably calculated

2  to lead to the discovery of admissible evidence.

3      Subject to, and without waiving the foregoing objections, Defendants respond

4  as follows: Deny.

5  **REQUEST FOR ADMISSION NO. 7:**

6      ADMIT that prior to June 2015, the policy of The Geo Group Inc., dba GEO

7  CALIFORNIA, INC.; GEO Corrections and Detention, LLC in the Segregation

8  Housing Unit with respect to detainee movement was that a two-officer escort is

9  required for the First and Second shifts Detention Officers.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

11      Defendants incorporate the objections set forth above in its Preliminary

12  Statement and General Objections.  Defendants object to this Request because it is

13  vague and ambiguous. Defendants further object to this Request on the grounds that it

14  is compound.  Defendants further object to this Request on the grounds that it is

15  overly broad as to time and scope.  Defendants further object to this Request on the

16  grounds that it seeks information that is not relevant and is not reasonably calculated

17  to lead to the discovery of admissible evidence.

18  **REQUEST FOR ADMISSION NO. 8:**

19      ADMIT that after June 2015, the policy of The Geo Group Inc., dba GEO

20  CALIFORNIA, INC.; GEO Corrections and Detention. LLC in the Segregation

21  Housing Unit no longer required a two-officer escort for a detainee movement during

22  the first and second shifts, if the detainee did not require restraints of any kind.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

24      Defendants incorporate the objections set forth above in its Preliminary

25  Statement and General Objections.  Defendants object to this Request because it is

26  vague and ambiguous. Defendants further object to this Request on the grounds that it

27  is compound.  Defendants further object to this Request on the grounds that it is

28  overly broad as to time and scope.  Defendants further object to this Request to the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

7.

5:16-CV-02263 – DOC - KK

1  extent that it seeks information pertaining to individuals, the disclosure of which

2  would constitute an unwarranted invasion of the affected individuals' constitutional,

3  statutory and/or common law rights to personal privacy and confidentiality.

4  Defendants further object to this Request on the grounds that it seeks information that

5  is not relevant and is not reasonably calculated to lead to the discovery of admissible

6  evidence.

7      Subject to, and without waiving the foregoing objections, Defendants respond

8  as follows: Deny.

9  **REQUEST FOR ADMISSION NO. 9:**

10     Admit that during August 2015 the Geo policy provided that two staff member

11  escort will be required at all times for any detainee requiring restraints of any kind.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

13     Defendants incorporate the objections set forth above in its Preliminary

14  Statement and General Objections.  Defendants object to this Request because it is

15  vague and ambiguous. Defendants further object to this Request on the grounds that it

16  is compound.  Defendants further object to this Request on the grounds that it is

17  overly broad as to time and scope.  Defendants further object to this Request on the

18  grounds that it seeks information that is not relevant and is not reasonably calculated

19  to lead to the discovery of admissible evidence.

20     Subject to, and without waiving the foregoing objections, Defendants respond

21  as follows: Admit.

22  **REQUEST FOR ADMISSION NO. 10:**

23     ADMIT that GEO policy required Detention Officers to undergo Specialized

24  Training in order to be authorized to work in the Segregation Housing Unit.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

26     Defendants incorporate the objections set forth above in its Preliminary

27  Statement and General Objections.  Defendants object to this Request because it is

28  vague and ambiguous. Defendants further object to this Request on the grounds that it

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    8.              5:16-CV-02263 – DOC - KK

is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 11:**

ADMIT that EMANUEL SANTIAGO had not received the formal Specialized Training that was required in order to be authorized to work in the Segregation Housing Unit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  Deny.

**REQUEST FOR ADMISSION NO. 12:**

ADMIT that EMANUEL SANTIAGO had received authorization to work in the Segregation Housing Unit sometime between May 2015 and July 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

9.

5:16-CV-02263 – DOC - KK

1   vague and ambiguous. Defendants further object to this Request on the grounds that it

2   is compound.   Defendants further object to this Request on the grounds that it is

3   overly broad as to time and scope.   Defendants further object to this Request on the

4   grounds that it seeks information that is not relevant and is not reasonably calculated

5   to lead to the discovery of admissible evidence.

6          Subject to, and without waiving the foregoing objections, Defendants respond

7   as follows:  Admit.

8   **REQUEST FOR ADMISSION NO. 13:**

9          ADMIT that the June 2015 Adelanto Detention Facility: Policy and Procedure

10  Manual; Post Orders contained changes its policies and procedures with respect to

11  staff member escort of detainees.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

13         Defendants incorporate the objections set forth above in its Preliminary

14  Statement and General Objections.  Defendants object to this Request because it is

15  vague and ambiguous. Defendants further object to this Request on the grounds that it

16  is compound.   Defendants further object to this Request on the grounds that it is

17  overly broad as to time and scope.   Defendants further object to this Request on the

18  grounds that it seeks information that is not relevant and is not reasonably calculated

19  to lead to the discovery of admissible evidence.

20  **REQUEST FOR ADMISSION NO. 14:**

21         ADMIT that the GEO policy that was in effect on June 2015 required Detention

22  Officers to only issue shaving razors to detainees once the detainee is secured in the

23  shower.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

25         Defendants incorporate the objections set forth above in its Preliminary

26  Statement and General Objections.  Defendants object to this Request because it is

27  vague and ambiguous. Defendants further object to this Request on the grounds that it

28  is compound.   Defendants further object to this Request on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                          10.                    5:16-CV-02263 – DOC - KK

1    overly broad as to time and scope.  Defendants further object to this Request to the

2    extent that it seeks information pertaining to individuals, the disclosure of which

3    would constitute an unwarranted invasion of the affected individuals' constitutional,

4    statutory and/or common law rights to personal privacy and confidentiality.

5    Defendants further object to this Request on the grounds that it seeks information that

6    is not relevant and is not reasonably calculated to lead to the discovery of admissible

7    evidence.

8          Without further clarification, Defendants cannot provide an intelligible

9    response.

10   **REQUEST FOR ADMISSION NO. 15:**

11         ADMIT that the GEO policy that was in effect on June 2015 with respect to

12   providing shaving razors to detainees in the shower does not explicitly mention what

13   the procedure is for the Detention Officer to follow if the detainee does not request a

14   shaving razor in the shower.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

16         Defendants incorporate the objections set forth above in its Preliminary

17   Statement and General Objections.  Defendants object to this Request because it is

18   vague and ambiguous. Defendants further object to this Request on the grounds that it

19   is compound.  Defendants further object to this Request on the grounds that it is

20   overly broad as to time and scope.  Defendants further object to this Request on the

21   grounds that it seeks information that is not relevant and is not reasonably calculated

22   to lead to the discovery of admissible evidence.  Without further clarification,

23   Defendants cannot provide an intelligible response.

24   **REQUEST FOR ADMISSION NO. 16:**

25         ADMIT that Assistant Warden Love of the Adelanto Detention Facility had a

26   meeting on July 1, 2015, stating that showers were to remain unlocked unless the

27   detainee was given a razor.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    11.                5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

**REQUEST FOR ADMISSION NO. 17:**

ADMIT that on August 4, 2015, EMANUEL SANTIAGO was granted a shift change from Third Shift to Second Shift.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request on the grounds that it calls for a legal conclusion.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  Admit that Plaintiff was granted a shift change from third to second shift,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO RFA, SET ONE                    12.                    5:16-CV-02263 – DOC - KK

1   but deny that he was granted the shift change on August 4, 2015.

2   **REQUEST FOR ADMISSION NO. 18:**

3   ADMIT that on every time on or before August 4, 2015, EMANUEL

4   SANTIAGO worked Second Shift but not in the Segregation unit.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

6   Defendants incorporate the objections set forth above in its Preliminary

7   Statement and General Objections. Defendants object to this Request on the grounds

8   that it calls for a legal conclusion. Defendants object to this Request because it is

9   vague and ambiguous. Defendants further object to this Request on the grounds that it

10  is compound. Defendants further object to this Request on the grounds that it is

11  overly broad as to time and scope.   Defendants further object to this Request on the

12  grounds that it seeks information that is not relevant and is not reasonably calculated

13  to lead to the discovery of admissible evidence.

14  Without further clarification, Defendants cannot provide an intelligible

15  response.

16  **REQUEST FOR ADMISSION NO. 19:**

17  ADMIT that August 5, 2015 was the first time EMANUEL SANTIAGO

18  worked as a Detention Officer at GEO in the Administrative Segregation Housing

19  Unit during the Second Watch.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

21  Defendants incorporate the objections set forth above in its Preliminary

22  Statement and General Objections. Defendants object to this Request on the grounds

23  that it calls for a legal conclusion. Defendants object to this Request because it is

24  vague and ambiguous. Defendants further object to this Request on the grounds that it

25  is compound.

26  Subject to, and without waiving the foregoing objections, Defendants respond

27  as follows: Deny.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                              13.              5:16-CV-02263 – DOC - KK

1  **REQUEST FOR ADMISSION NO. 20:**

2  ADMIT that prior to August 5, 2015 EMANUEL SANTIAGO had never

3  worked as a Detention Officer at GEO in the Administrative Segregation Housing

4  Unit during the Second Shift.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

6  Defendants incorporate the objections set forth above in its Preliminary

7  Statement and General Objections. Defendants object to this Request on the grounds

8  that it calls for a legal conclusion. Defendants object to this Request because it is

9  vague and ambiguous. Defendants further object to this Request on the grounds that it

10 is compound. Defendants further object to this Request on the grounds that it is

11 overly broad as to time and scope. Defendants further object to this Request to the

12 extent that it seeks information pertaining to individuals, the disclosure of which

13 would constitute an unwarranted invasion of the affected individuals' constitutional,

14 statutory and/or common law rights to personal privacy and confidentiality.

15 Defendants further object to this Request on the grounds that it seeks information that

16 is not relevant and is not reasonably calculated to lead to the discovery of admissible

17 evidence. Defendants object because this Request seeks information that is

18 confidential and/or proprietary.

19 Subject to, and without waiving the foregoing objections, Defendants respond

20 as follows: Deny.

21 **REQUEST FOR ADMISSION NO. 21:**

22 ADMIT that prior to June 2015, during the First and Second shifts in the

23 Segregation Housing Unit Geo policy required the presence of two officers at all times.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

25 Defendants incorporate the objections set forth above in its Preliminary

26 Statement and General Objections. Defendants object to this Request because it is

27 vague and ambiguous. Defendants further object to this Request on the grounds that it

28 is compound. Defendants further object to this Request on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    14.                5:16-CV-02263 – DOC - KK

1 overly broad as to time and scope.  Defendants further object to this Request on the
2 grounds that it seeks information that is not relevant and is not reasonably calculated
3 to lead to the discovery of admissible evidence.

4 Without further clarification, Defendants cannot provide an intelligible
5 response.

6 **REQUEST FOR ADMISSION NO. 22:**

7 ADMIT that detainee movement is highest during Second Shift when compared
8 to First and Third Shift.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

10 Defendants incorporate the objections set forth above in its Preliminary
11 Statement and General Objections.  Defendants object to this Request because it is
12 vague and ambiguous. Defendants further object to this Request on the grounds that it
13 is compound.  Defendants further object to this Request on the grounds that it is
14 overly broad as to time and scope.  Defendants further object to this Request on the
15 grounds that it seeks information that is not relevant and is not reasonably calculated
16 to lead to the discovery of admissible evidence.

17 Without further clarification, Defendants cannot provide an intelligible
18 response.

19 **REQUEST FOR ADMISSION NO. 23:**

20 ADMIT that detainee Irias did not receive a shaving razor when he requested to
21 use the shower on August 5, 2015.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23 Defendants incorporate the objections set forth above in its Preliminary
24 Statement and General Objections.  Defendants object to this Request because it is
25 vague and ambiguous. Defendants further object to this Request on the grounds that it
26 is compound.  Defendants further object to this Request on the grounds that it is
27 overly broad as to time and scope.  Defendants further object to this Request to the
28 extent that it seeks information pertaining to individuals, the disclosure of which

DEFENDANTS' RESPONSE TO
RFA, SET ONE                15.              5:16-CV-02263 – DOC - KK

1   would constitute an unwarranted invasion of the affected individuals' constitutional,
2   statutory and/or common law rights to personal privacy and confidentiality.
3   Defendants further object to this Request on the grounds that it seeks information that
4   is not relevant and is not reasonably calculated to lead to the discovery of admissible
5   evidence.

6       Subject to, and without waiving the foregoing objections, Defendants respond
7   as follows: Admit.

8   **REQUEST FOR ADMISSION NO. 24:**

9       ADMIT that the GEO policy that was in effect on June 2015 with respect to
10  Food Service Operations required, in part, that staff will ensure that food delivered to
11  detainees is at the proper temperature.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

13      Defendants incorporate the objections set forth above in its Preliminary
14  Statement and General Objections.  Defendants object to this Request because it is
15  vague and ambiguous. Defendants further object to this Request on the grounds that it
16  is compound.  Defendants further object to this Request on the grounds that it is
17  overly broad as to time and scope.  Defendants further object to this Request to the
18  extent that it seeks information pertaining to individuals, the disclosure of which
19  would constitute an unwarranted invasion of the affected individuals' constitutional,
20  statutory and/or common law rights to personal privacy and confidentiality.
21  Defendants further object to this Request on the grounds that it seeks information that
22  is not relevant and is not reasonably calculated to lead to the discovery of admissible
23  evidence.

24      Subject to, and without waiving the foregoing objections, Defendants respond
25  as follows: Admit.

26  **REQUEST FOR ADMISSION NO. 25:**

27      ADMIT that there is no record of detainee Irias exhibiting unusual activity or
28  behavior in his activity log at any time between March 18, 2013 and August 8, 2015.

DEFENDANTS' RESPONSE TO
RFA, SET ONE                            16.            5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 26:**

ADMIT that there are no General Incident Reports that were sent through the Facility Administrator to detainee Irias Jimmy's [*sic*] file at any time between March 18, 2013 and August 8, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

17.

5:16-CV-02263 – DOC - KK

1  **REQUEST FOR ADMISSION NO. 27:**

2      ADMIT that Irias Jimmy's [*sic*] activity record has no notation indicating that

3  Irias Jimmy has exhibited suicidal or assaultive behavior at any time between March

4  18, 2013 and August 5, 2015 [*sic*]

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

6      Defendants incorporate the objections set forth above in its Preliminary

7  Statement and General Objections.  Defendants object to this Request because it is

8  vague and ambiguous. Defendants further object to this Request on the grounds that it

9  is compound.  Defendants further object to this Request on the grounds that it is

10  overly broad as to time and scope.  Defendants further object to this Request to the

11  extent that it seeks information pertaining to individuals, the disclosure of which

12  would constitute an unwarranted invasion of the affected individuals' constitutional,

13  statutory and/or common law rights to personal privacy and confidentiality.

14  Defendants further object to this Request on the grounds that it seeks information that

15  is not relevant and is not reasonably calculated to lead to the discovery of admissible

16  evidence.

17  **REQUEST FOR ADMISSION NO. 28:**

18      ADMIT that detainee Irias Jimmy's [*sic*] Special Housing Activity Sheets

19  included no records of suicidal or assaultive behavior at any time between March 18,

20  2013 and August 5, 2015.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

22      Defendants incorporate the objections set forth above in its Preliminary

23  Statement and General Objections.  Defendants object to this Request because it is

24  vague and ambiguous. Defendants further object to this Request on the grounds that it

25  is compound.  Defendants further object to this Request on the grounds that it is

26  overly broad as to time and scope.  Defendants further object to this Request to the

27  extent that it seeks information pertaining to individuals, the disclosure of which

28  would constitute an unwarranted invasion of the affected individuals' constitutional,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    18.            5:16-CV-02263 – DOC - KK

statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 29:**

ADMIT that detainee Irias Jimmy's [*sic*] cell was not designated as a high security cell at any time between March 18, 2013 and August 5, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 30:**

ADMIT that detainee Irias Jimmy's [*sic*] cell was not marked with a notice to designate that an additional two-officer rule is in operation for the occupant at any time between March 18, 2013 and August 5, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO RFA, SET ONE

19.

5:16-CV-02263 – DOC - KK

1   overly broad as to time and scope.  Defendants further object to this Request to the

2   extent that it seeks information pertaining to individuals, the disclosure of which

3   would constitute an unwarranted invasion of the affected individuals' constitutional,

4   statutory and/or common law rights to personal privacy and confidentiality.

5   Defendants further object to this Request on the grounds that it seeks information that

6   is not relevant and is not reasonably calculated to lead to the discovery of admissible

7   evidence.

8          Subject to, and without waiving the foregoing objections, Defendants respond

9   as follows:  Admit.

10  **REQUEST FOR ADMISSION NO. 31:**

11         ADMIT that Geo Staff had not made a recommendation to the Facility

12  Administrator for Irias Jimmy [*sic*] to be designated as a high security detainee at any

13  time between March 18, 2013 and August 5, 2015 [*sic*]

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

15         Defendants incorporate the objections set forth above in its Preliminary

16  Statement and General Objections.  Defendants object to this Request because it is

17  vague and ambiguous. Defendants further object to this Request on the grounds that it

18  is compound.  Defendants further object to this Request on the grounds that it is

19  overly broad as to time and scope.  Defendants further object to this Request to the

20  extent that it seeks information pertaining to individuals, the disclosure of which

21  would constitute an unwarranted invasion of the affected individuals' constitutional,

22  statutory and/or common law rights to personal privacy and confidentiality.

23  Defendants further object to this Request on the grounds that it seeks information that

24  is not relevant and is not reasonably calculated to lead to the discovery of admissible

25  evidence.

26

27

28

DEFENDANTS' RESPONSE TO
RFA, SET ONE                        20.              5:16-CV-02263 – DOC - KK

1    **REQUEST FOR ADMISSION NO. 32:**

2       ADMIT that at any time between March 18, 2013 and August 5, 2015 the

3    Facility Administrator did not determine that Irias Jimmy [*sic*] should be specially

4    warranted with a high security designation.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6       Defendants incorporate the objections set forth above in its Preliminary

7    Statement and General Objections.  Defendants object to this Request because it is

8    vague and ambiguous. Defendants further object to this Request on the grounds that it

9    is compound.  Defendants further object to this Request on the grounds that it is

10    overly broad as to time and scope.  Defendants further object to this Request to the

11    extent that it seeks information pertaining to individuals, the disclosure of which

12    would constitute an unwarranted invasion of the affected individuals' constitutional,

13    statutory and/or common law rights to personal privacy and confidentiality.

14    Defendants further object to this Request on the grounds that it seeks information that

15    is not relevant and is not reasonably calculated to lead to the discovery of admissible

16    evidence.

17       Subject to, and without waiving the foregoing objections, Defendants respond

18    as follows:  Deny.

19    **REQUEST FOR ADMISSION NO. 33:**

20       ADMIT that on August 5, 2015, EMANUEL SANTIAGO escorted detainee

21    Irias to the shower around 4:20pm. [*sic*]

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

23       Defendants incorporate the objections set forth above in its Preliminary

24    Statement and General Objections. Defendants further object to this Request on the

25    grounds that it is compound.  Defendants further object to this Request on the grounds

26    that it is overly broad as to time and scope.  Defendants further object to this Request

27    to the extent that it seeks information pertaining to individuals, the disclosure of

28    which would constitute an unwarranted invasion of the affected individuals'

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE      21.      5:16-CV-02263 – DOC - KK

1  constitutional, statutory and/or common law rights to personal privacy and

2  confidentiality.  Defendants further object to this Request on the grounds that it seeks

3  information that is not relevant and is not reasonably calculated to lead to the

4  discovery of admissible evidence.

5  **REQUEST FOR ADMISSION NO. 34:**

6      ADMIT that the shower detainee Irias used on August 5, 2015 is located within

7  the Administrative Segregation Housing Unit.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

9      Defendants incorporate the objections set forth above in its Preliminary

10  Statement and General Objections. Defendants further object to this Request on the

11  grounds that it is compound.  Defendants further object to this Request on the grounds

12  that it is overly broad as to time and scope.  Defendants further object to this Request

13  to the extent that it seeks information pertaining to individuals, the disclosure of

14  which would constitute an unwarranted invasion of the affected individuals'

15  constitutional, statutory and/or common law rights to personal privacy and

16  confidentiality.  Defendants further object to this Request on the grounds that it seeks

17  information that is not relevant and is not reasonably calculated to lead to the

18  discovery of admissible evidence.

19      Subject to, and without waiving the foregoing objections, Defendants respond

20  as follows:  Admit.

21  **REQUEST FOR ADMISSION NO. 35:**

22      ADMIT that EMANUEL SANTIAGO assisted Officer Patterson in returning

23  certain detainees in their cells and securing their cell doors around 4:25pm [*sic*]

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

25      Defendants incorporate the objections set forth above in its Preliminary

26  Statement and General Objections.  Defendants object to this Request because it is

27  vague and ambiguous. Defendants further object to this Request on the grounds that it

28  is compound.  Defendants further object to this Request on the grounds that it is

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    22.              5:16-CV-02263 – DOC - KK

1   overly broad as to time and scope. Defendants further object to this Request to the

2   extent that it seeks information pertaining to individuals, the disclosure of which

3   would constitute an unwarranted invasion of the affected individuals' constitutional,

4   statutory and/or common law rights to personal privacy and confidentiality.

5   Defendants further object to this Request on the grounds that it seeks information that

6   is not relevant and is not reasonably calculated to lead to the discovery of admissible

7   evidence.

8   **REQUEST FOR ADMISSION NO. 36:**

9       ADMIT that on August 5, 2015 Adelanto Detention Facility Count commenced

10  at 4:30pm. [*sic*]

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

12      Defendants incorporate the objections set forth above in its Preliminary

13  Statement and General Objections. Defendants object to this Request because it is

14  vague and ambiguous. Defendants further object to this Request on the grounds that it

15  is compound. Defendants further object to this Request on the grounds that it is

16  overly broad as to time and scope. Defendants further object to this Request to the

17  extent that it seeks information pertaining to individuals, the disclosure of which

18  would constitute an unwarranted invasion of the affected individuals' constitutional,

19  statutory and/or common law rights to personal privacy and confidentiality.

20  Defendants further object to this Request on the grounds that it seeks information that

21  is not relevant and is not reasonably calculated to lead to the discovery of admissible

22  evidence.

23  **REQUEST FOR ADMISSION NO. 37:**

24      ADMIT that Officer Patterson was assigned to the administrative segregation

25  housing unit, Second Shift post on August 5, 2015.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

27      Defendants incorporate the objections set forth above in its Preliminary

28  Statement and General Objections. Defendants object to this Request because it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    23.           5:16-CV-02263 – DOC - KK

1   vague and ambiguous. Defendants further object to this Request on the grounds that it

2   is compound.  Defendants further object to this Request on the grounds that it is

3   overly broad as to time and scope.  Defendants further object to this Request to the

4   extent that it seeks information pertaining to individuals, the disclosure of which

5   would constitute an unwarranted invasion of the affected individuals' constitutional,

6   statutory and/or common law rights to personal privacy and confidentiality.

7   Defendants further object to this Request on the grounds that it seeks information that

8   is not relevant and is not reasonably calculated to lead to the discovery of admissible

9   evidence.

10       Subject to, and without waiving the foregoing objections, Defendants respond

11   as follows:  Admit.

12   **REQUEST FOR ADMISSION NO. 38:**

13       ADMIT that in his 4:30pm detainee count on August 5, 2015, Officer Patterson

14   had accounted for detainee Irias.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

16       Defendants incorporate the objections set forth above in its Preliminary

17   Statement and General Objections Defendants object to this Request on the grounds

18   that it calls for a legal conclusion.  Defendants object to this Request because it is

19   vague and ambiguous. Defendants further object to this Request on the grounds that it

20   is compound.  Defendants further object to this Request on the grounds that it is

21   overly broad as to time and scope.  Defendants further object to this Request to the

22   extent that it seeks information pertaining to individuals, the disclosure of which

23   would constitute an unwarranted invasion of the affected individuals' constitutional,

24   statutory and/or common law rights to personal privacy and confidentiality.

25   Defendants further object to this Request on the grounds that it seeks information that

26   is not relevant and is not reasonably calculated to lead to the discovery of admissible

27   evidence.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO RFA, SET ONE                    24.                    5:16-CV-02263 – DOC - KK

1  **REQUEST FOR ADMISSION NO. 39:**

2     ADMIT that Officer Patterson had been fired or reprimanded in connection

3  with the incident involving detainee Irias on August 5, 2015.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

5     Defendants incorporate the objections set forth above in its Preliminary

6  Statement and General Objections.  Defendants object to this Request because it is

7  vague and ambiguous. Defendants further object to this Request on the grounds that it

8  is compound.  Defendants further object to this Request on the grounds that it is

9  overly broad as to time and scope.  Defendants further object to this Request to the

10 extent that it seeks information pertaining to individuals, the disclosure of which

11 would constitute an unwarranted invasion of the affected individuals' constitutional,

12 statutory and/or common law rights to personal privacy and confidentiality.

13 Defendants further object to this Request on the grounds that it seeks information that

14 is not relevant and is not reasonably calculated to lead to the discovery of admissible

15 evidence.

16    Subject to, and without waiving the foregoing objections, Defendants respond

17 as follows:  Deny.

18 **REQUEST FOR ADMISSION NO. 40:**

19    ADMIT that Officer Patterson was more experienced than EMANUEL

20 SANTIAGO with respect to working during the Second Shift at the administrative

21 segregation housing unit.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

23    Defendants incorporate the objections set forth above in its Preliminary

24 Statement and General Objections.  Defendants object to this Request because it is

25 vague and ambiguous. Defendants further object to this Request on the grounds that it

26 is compound.  Defendants further object to this Request on the grounds that it is

27 overly broad as to time and scope.  Defendants further object to this Request to the

28 extent that it seeks information pertaining to individuals, the disclosure of which

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                               25.                  5:16-CV-02263 – DOC - KK

1    would constitute an unwarranted invasion of the affected individuals' constitutional,

2    statutory and/or common law rights to personal privacy and confidentiality.

3    Defendants further object to this Request on the grounds that it seeks information that

4    is not relevant and is not reasonably calculated to lead to the discovery of admissible

5    evidence.

6    **REQUEST FOR ADMISSION NO. 41:**

7         ADMIT that once Officer Patterson and EMANUEL SANTIAGO completed

8    counting the administrative segregation housing unit, Officer Patterson took the count

9    paperwork to Central Control, thereby leaving EMANUEL SANTIAGO as the only

10   Detention Officer in the administrative segregation housing unit.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

12        Defendants incorporate the objections set forth above in its Preliminary

13   Statement and General Objections.  Defendants object to this Request because it is

14   vague and ambiguous. Defendants further object to this Request on the grounds that it

15   is compound.  Defendants further object to this Request on the grounds that it is

16   overly broad as to time and scope.  Defendants further object to this Request to the

17   extent that it seeks information pertaining to individuals, the disclosure of which

18   would constitute an unwarranted invasion of the affected individuals' constitutional,

19   statutory and/or common law rights to personal privacy and confidentiality.

20   Defendants further object to this Request on the grounds that it seeks information that

21   is not relevant and is not reasonably calculated to lead to the discovery of admissible

22   evidence.

23   **REQUEST FOR ADMISSION NO. 42:**

24        ADMIT that after Officer Patterson took the count paperwork to Central

25   Control, Officer Patterson went to relieve detention officers for lunch.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

27        Defendants incorporate the objections set forth above in its Preliminary

28   Statement and General Objections.  Defendants object to this Request because it is

DEFENDANTS' RESPONSE TO
RFA, SET ONE
                26.                5:16-CV-02263 – DOC - KK

1  vague and ambiguous. Defendants further object to this Request on the grounds that it

2  is compound.   Defendants further object to this Request on the grounds that it is

3  overly broad as to time and scope.   Defendants further object to this Request on the

4  grounds that it seeks information that is not relevant and is not reasonably calculated

5  to lead to the discovery of admissible evidence.

6       Without   further   clarification,   Defendants   cannot   provide   an   intelligible

7  response.

8  **REQUEST FOR ADMISSION NO. 43:**

9       ADMIT that on August 5, 2015 GEO Detention Officers were required by GEO

10  policy to conduct a security cheek [*sic*] at least once every 30 minutes.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

12       Defendants   incorporate   the   objections   set   forth   above   in   its   Preliminary

13  Statement and General Objections.   Defendants object to this Request because it is

14  vague and ambiguous. Defendants further object to this Request on the grounds that it

15  is compound.   Defendants further object to this Request on the grounds that it is

16  overly broad as to time and scope. Defendants further object to this Request on the

17  grounds that it seeks information that is not relevant and is not reasonably calculated

18  to lead to the discovery of admissible evidence.

19  **REQUEST FOR ADMISSION NO. 44:**

20       ADMIT that GEO policy in effect on June 2015 provides that Detainees will

21  have access to the showers.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

23       Defendants   incorporate   the   objections   set   forth   above   in   its   Preliminary

24  Statement and General Objections.   Defendants object to this Request because it is

25  vague and ambiguous. Defendants further object to this Request on the grounds that it

26  is compound.   Defendants further object to this Request on the grounds that it is

27  overly broad as to time and scope. Defendants further object to this Request on the

28  grounds that it seeks information that is not relevant and is not reasonably calculated

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    27.              5:16-CV-02263 – DOC - KK

1   to lead to the discovery of admissible evidence.

2   **REQUEST FOR ADMISSION NO. 45:**

3   ADMIT that GEO policy in effect on June 2015 provides that Detainees under

4   administrative segregation will retain the same privileges offered to detainees in

5   general population.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

7   Defendants incorporate the objections set forth above in its Preliminary

8   Statement and General Objections.  Defendants object to this Request because it is

9   vague and ambiguous. Defendants further object to this Request on the grounds that it

10   is compound.  Defendants further object to this Request on the grounds that it is

11   overly broad as to time and scope.  Defendants further object to this Request to the

12   extent that it seeks information pertaining to individuals, the disclosure of which

13   would constitute an unwarranted invasion of the affected individuals' constitutional,

14   statutory and/or common law rights to personal privacy and confidentiality.

15   Defendants further object to this Request on the grounds that it seeks information that

16   is not relevant and is not reasonably calculated to lead to the discovery of admissible

17   evidence.

18   Without further clarification, Defendants cannot provide an intelligible

19   response.

20   **REQUEST FOR ADMISSION NO. 46:**

21   ADMIT that on average, between August 3, 2015 and August 5, 2015,

22   Detainees in the administrative segregation housing unit used the showers during the

23   Second Shift more often than the First or Third Shifts.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

25   Defendants incorporate the objections set forth above in its Preliminary

26   Statement and General Objections.  Defendants object to this Request because it is

27   vague and ambiguous. Defendants further object to this Request on the grounds that it

28   is compound.  Defendants further object to this Request on the grounds that it seeks

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    28.                    5:16-CV-02263 – DOC - KK

1   information that is not relevant and is not reasonably calculated to lead to the

2   discovery of admissible evidence.

3   **REQUEST FOR ADMISSION NO. 47:**

4       ADMIT that with respect to Food and Service Operations, GEO policy and

5   procedure requires a Detention Officer to supervise detainee-porters who are utilized

6   in the distribution of dinner meals to other detainees during the Second Shift in the

7   administrative segregation housing unit.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

9       Defendants incorporate the objections set forth above in its Preliminary

10  Statement and General Objections.  Defendants object to this Request because it is

11  vague and ambiguous. Defendants further object to this Request on the grounds that it

12  is compound.  Defendants further object to this Request on the grounds that it is

13  overly broad as to time and scope.  Defendants further object to this Request to the

14  extent that it seeks information pertaining to individuals, the disclosure of which

15  would constitute an unwarranted invasion of the affected individuals' constitutional,

16  statutory and/or common law rights to personal privacy and confidentiality.

17  Defendants further object to this Request on the grounds that it seeks information that

18  is not relevant and is not reasonably calculated to lead to the discovery of admissible

19  evidence.

20      Subject to, and without waiving the foregoing objections, Defendants respond

21  as follows:  Deny.

22  **REQUEST FOR ADMISSION NO. 48:**

23      ADMIT that EMANUEL SANTIAGO followed GEO policy and procedure by

24  not locking and securing detainee Irias in the shower on August 5, 2015 "[*sic*]"

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

26      Defendants incorporate the objections set forth above in its Preliminary

27  Statement and General Objections.  Defendants object to this Request because it is

28  vague and ambiguous. Defendants further object to this Request on the grounds that it

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    29.              5:16-CV-02263 – DOC - KK

1   is compound.  Defendants further object to this Request on the grounds that it is

2   overly broad as to time and scope.  Defendants further object to this Request to the

3   extent that it seeks information pertaining to individuals, the disclosure of which

4   would constitute an unwarranted invasion of the affected individuals' constitutional,

5   statutory and/or common law rights to personal privacy and confidentiality.

6   Defendants further object to this Request on the grounds that it seeks information that

7   is not relevant and is not reasonably calculated to lead to the discovery of admissible

8   evidence.

9        Subject to, and without waiving the foregoing objections, Defendants respond

10   as follows:  Deny.

11   **REQUEST FOR ADMISSION NO. 49:**

12        ADMIT that unlocking the Segregation Unit Housing doors for an unescorted

13   detainee is against GEO policy.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

15        Defendants incorporate the objections set forth above in its Preliminary

16   Statement and General Objections.  Defendants object to this Request because it is

17   vague and ambiguous. Defendants further object to this Request on the grounds that it

18   is compound.  Defendants further object to this Request on the grounds that it is

19   overly broad as to time and scope.  Defendants further object to this Request to the

20   extent that it seeks information pertaining to individuals, the disclosure of which

21   would constitute an unwarranted invasion of the affected individuals' constitutional,

22   statutory and/or common law rights to personal privacy and confidentiality.

23   Defendants further object to this Request on the grounds that it seeks information that

24   is not relevant and is not reasonably calculated to lead to the discovery of admissible

25   evidence.

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    30.            5:16-CV-02263 – DOC - KK

**REQUEST FOR ADMISSION NO. 50:**

ADMIT that on August 5, 2015 Food Service Staff delivered dinner meals to the administrative segregation housing unit sometime before or during the Adelanto Detention Facility count had commenced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

**REQUEST FOR ADMISSION NO. 51:**

ADMIT that on August 5, 2015, the administrative segregation housing unit housed approximately thirty-eight (38) detainees.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

31.

5:16-CV-02263 – DOC - KK

1  evidence.

2  **REQUEST FOR ADMISSION NO. 52:**

3      ADMIT that EMANUEL SANTIAGO had not worked in the administrative

4  segregation housing unit during the Second Shift until August 5, 2015.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

6      Defendants incorporate the objections set forth above in its Preliminary

7  Statement and General Objections.  Defendants object to this Request because it is

8  vague and ambiguous. Defendants further object to this Request on the grounds that it

9  is compound.  Defendants further object to this Request on the grounds that it is

10 overly broad as to time and scope.   Defendants further object to this Request on the

11 grounds that it seeks information that is not relevant and is not reasonably calculated

12 to lead to the discovery of admissible evidence.

13      Subject to, and without waiving the foregoing objections, Defendants respond

14 as follows:  Deny.

15 **REQUEST FOR ADMISSION NO. 53:**

16      ADMIT that Master Control had announced a clear count before EMANUEL

17 SANTIAGO proceeded to retrieve two detainee porters to facilitate distribution of

18 meal trays.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

20      Defendants incorporate the objections set forth above in its Preliminary

21 Statement and General Objections.  Defendants object to this Request because it is

22 vague and ambiguous. Defendants further object to this Request on the grounds that it

23 is compound.  Defendants further object to this Request on the grounds that it is

24 overly broad as to time and scope.  Defendants further object to this Request on the

25 grounds that it seeks information that is not relevant and is not reasonably calculated

26 to lead to the discovery of admissible evidence.

27      Without further clarification, Defendants cannot provide an intelligible

28 response.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

32.

5:16-CV-02263 – DOC - KK

1   **REQUEST FOR ADMISSION NO. 54:**

2       ADMIT that Officer Marquez unlocked the Segregation Housing Unit doors for

3   detainee Irias on August 5, 2015.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

5       Defendants incorporate the objections set forth above in its Preliminary

6   Statement and General Objections. Defendants object to this Request because it is

7   vague and ambiguous. Defendants further object to this Request on the grounds that it

8   is compound. Defendants further object to this Request on the grounds that it is

9   overly broad as to time and scope. Defendants further object to this Request on the

10  grounds that it seeks information that is not relevant and is not reasonably calculated

11  to lead to the discovery of admissible evidence.

12      Subject to, and without waiving the foregoing objections, Defendants respond

13  as follows: Admit.

14  **REQUEST FOR ADMISSION NO. 55:**

15      ADMIT that on August 5, 2015, the Segregation Housing Control Units were

16  not manned.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

18      Defendants incorporate the objections set forth above in its Preliminary

19  Statement and General Objections. Defendants object to this Request because it is

20  vague and ambiguous. Defendants further object to this Request on the grounds that it

21  is compound. Defendants further object to this Request on the grounds that it is

22  overly broad as to time and scope. Defendants further object to this Request on the

23  grounds that it seeks information that is not relevant and is not reasonably calculated

24  to lead to the discovery of admissible evidence.

25      Without further clarification, Defendants cannot provide an intelligible

26  response.

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    33.          5:16-CV-02263 – DOC - KK

1  **REQUEST FOR ADMISSION NO. 56:**

2  ADMIT that Officer Marquez was terminated for her actions in connection to

3  the August 5, 2015 incident regarding detainee Irias in May 2016.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

5  Defendants incorporate the objections set forth above in its Preliminary

6  Statement and General Objections Defendants object to this Request on the grounds

7  that it calls for a legal conclusion.  Defendants object to this Request because it is

8  vague and ambiguous. Defendants further object to this Request on the grounds that it

9  is compound.  Defendants further object to this Request on the grounds that it is

10  overly broad as to time and scope.  Defendants further object to this Request to the

11  extent that it seeks information pertaining to individuals, the disclosure of which

12  would constitute an unwarranted invasion of the affected individuals' constitutional,

13  statutory and/or common law rights to personal privacy and confidentiality.

14  Defendants further object to this Request on the grounds that it seeks information that

15  is not relevant and is not reasonably calculated to lead to the discovery of admissible

16  evidence.  Defendants further object to this Request to the extent that it violates the

17  attorney-client privilege and/or the attorney work product doctrine.

18  Subject to, and without waiving the foregoing objections, Defendants respond

19  as follows:  Admit.

20  **REQUEST FOR ADMISSION NO. 57:**

21  ADMIT that GEO required EMANUEL SANTIAGO to work without meal and

22  rest periods during his employment with GEO.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

24  Defendants incorporate the objections set forth above in its Preliminary

25  Statement and General Objections.  Defendants object to this Request on the grounds

26  that it calls for a legal conclusion.  Defendants object to this Request because it is

27  vague and ambiguous. Defendants further object to this Request on the grounds that it

28  is compound.  Defendants further object to this Request on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                34.                5:16-CV-02263 – DOC - KK

1  overly broad as to time and scope.  Defendants further object to this Request on the

2  grounds that it seeks information that is not relevant and is not reasonably calculated

3  to lead to the discovery of admissible evidence.

4      Without further clarification, Defendants cannot provide an intelligible

5  response.

6  **REQUEST FOR ADMISSION NO. 58:**

7      ADMIT that EMANUEL SANTIAGO did. in fact, work without meal and rest

8  breaks during his employment with GEO.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

10      Defendants incorporate the objections set forth above in its Preliminary

11  Statement and General Objections.  Defendants object to this Request on the grounds

12  that it calls for a legal conclusion.  Defendants object to this Request because it is

13  vague and ambiguous. Defendants further object to this Request on the grounds that it

14  is compound.  Defendants further object to this Request on the grounds that it is

15  overly broad as to time and scope.

16      Without further clarification, Defendants cannot provide an intelligible

17  response.

18  **REQUEST FOR ADMISSION NO. 59:**

19      ADMIT that EMANUEL SANTIAGO worked more than eight (8) hours per

20  workday on numerous occasions throughout his employment with GEO.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

22      Defendants incorporate the objections set forth above in its Preliminary

23  Statement and General Objections.  Defendants object to this Request on the grounds

24  that it calls for a legal conclusion.  Defendants object to this Request because it is

25  vague and ambiguous. Defendants further object to this Request on the grounds that it

26  is compound.  Defendants further object to this Request on the grounds that it is

27  overly broad as to time and scope.  Defendants further object to this Request to the

28  extent that it seeks information pertaining to individuals, the disclosure of which

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE

35.

5:16-CV-02263 – DOC - KK

1  would constitute an unwarranted invasion of the affected individuals' constitutional,

2  statutory and/or common law rights to personal privacy and confidentiality.

3  Defendants further object to this Request on the grounds that it seeks information that

4  is not relevant and is not reasonably calculated to lead to the discovery of admissible

5  evidence.

6       Subject to, and without waiving the foregoing objections, Defendants respond

7  as follows:  Admit.

8  **REQUEST FOR ADMISSION NO. 60:**

9       ADMIT that GEO often "collapsed" or canceled certain posts due to short

10  staffing at Adelanto Detention Facility.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

12       Defendants incorporate the objections set forth above in its Preliminary

13  Statement and General Objections.  Defendants object to this Request because it is

14  vague and ambiguous. Defendants further object to this Request on the grounds that it

15  is compound.  Defendants further object to this Request on the grounds that it is

16  overly broad as to time and scope.  Defendants further object to this Request on the

17  grounds that it seeks information that is not relevant and is not reasonably calculated

18  to lead to the discovery of admissible evidence.

19       Without further clarification, Defendants cannot provide an intelligible

20  response.

21  **REQUEST FOR ADMISSION NO. 61:**

22       ADMIT that GEO supervisors asked EMANUEL SANTIAGO to initial the

23  Break Log indicating that EMANUEL SANTIAGO had received his state sanctioned

24  rest breaks even if EMANUEL SANTIAGO had not received his rest breaks.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

26       Defendants incorporate the objections set forth above in its Preliminary

27  Statement and General Objections.  Defendants object to this Request on the grounds

28  that it calls for a legal conclusion.  Defendants object to this Request because it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                    36.           5:16-CV-02263 – DOC - KK

1    vague and ambiguous. Defendants further object to this Request on the grounds that it

2    is compound.   Defendants further object to this Request on the grounds that it is

3    overly broad as to time and scope.

4          Subject to, and without waiving the foregoing objections, Defendants respond

5    as follows:  Deny.

6    **REQUEST FOR ADMISSION NO. 62:**

7          ADMIT that GEO Supervisors required EMANUEL SANTIAGO to initial that

8    he had received his state sanctioned rest breaks before EMANUEL SANTIAGO had

9    in fact received his rest breaks.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

11         Defendants incorporate the objections set forth above in its Preliminary

12   Statement and General Objections.  Defendants object to this Request on the grounds

13   that it calls for a legal conclusion.  Defendants object to this Request because it is

14   vague and ambiguous. Defendants further object to this Request on the grounds that it

15   is compound.   Defendants further object to this Request on the grounds that it is

16   overly broad as to time and scope.

17         Without further clarification, Defendants cannot provide an intelligible

18   response.

19   **REQUEST FOR ADMISSION NO. 63:**

20         ADMIT that EMANUEL SANTIAGO had not received his contracted for two-

21   year work raise.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

23         Defendants incorporate the objections set forth above in its Preliminary

24   Statement and General Objections.  Defendants object to this Request on the grounds

25   that it calls for a legal conclusion.  Defendants object to this Request because it is

26   vague and ambiguous. Defendants further object to this Request on the grounds that it

27   is compound.   Defendants further object to this Request on the grounds that it is

28   overly broad as to time and scope.  Defendants further object to this Request on the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                           37.            5:16-CV-02263 – DOC - KK

1    grounds that it seeks information that is not relevant and is not reasonably calculated

2    to lead to the discovery of admissible evidence.

3        Without further clarification, Defendants cannot provide an intelligible

4    response.

5    **REQUEST FOR ADMISSION NO. 64:**

6        ADMIT that EMANUEL SANTIAGO was not compensated for overtime hours,

7    which he had worked at any point during his employment with GEO.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

9        Defendants incorporate the objections set forth above in its Preliminary

10   Statement and General Objections Defendants object to this Request on the grounds

11   that it calls for a legal conclusion.  Defendants object to this Request because it is

12   vague and ambiguous. Defendants further object to this Request on the grounds that it

13   is compound.  Defendants further object to this Request on the grounds that it is

14   overly broad as to time and scope.

15       Subject to, and without waiving the foregoing objections, Defendants respond

16   as follows:  Deny.

17   **REQUEST FOR ADMISSION NO. 65:**

18       ADMIT that EMANUEL SANTIAGO often worked more than forty (40) hours

19   per week during a workweek.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

21       Defendants incorporate the objections set forth above in its Preliminary

22   Statement and General Objections.  Defendants object to this Request on the grounds

23   that it calls for a legal conclusion.  Defendants object to this Request because it is

24   vague and ambiguous. Defendants further object to this Request on the grounds that it

25   is compound.  Defendants further object to this Request on the grounds that it is

26   overly broad as to time and scope.

27       Without further clarification, Defendants cannot provide an intelligible

28   response.

DEFENDANTS' RESPONSE TO
RFA, SET ONE                            38.                5:16-CV-02263 – DOC - KK

**REQUEST FOR ADMISSION NO. 66:**

ADMIT that GEO failed to include the correct total number of hours worked by EMANUEL SANTIAGO in his wage statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request on the grounds that it calls for a legal conclusion. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope.

Subject to, and without waiving the foregoing objections, Defendants respond as follows: Deny.

**REQUEST FOR ADMISSION NO. 67:**

ADMIT that on or before August 5, 2015, it was is [*sic*] common practice at the Adelanto Detention Facility for Detention Officers to conduct meal service while unit count was in progress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO
RFA, SET ONE                          39.          5:16-CV-02263 – DOC - KK

**REQUEST FOR ADMISSION NO. 68:**

ADMIT that on or before August 5. 2015, it was is [*sic*] common practice at the Adelanto Detention Facility for Detention Officers to allow detainees to use the showers while unit count was in progress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

**REQUEST FOR ADMISSION NO. 69:**

ADMIT that on or before August 5. 2015, it was is [*sic*] common practice at the Adelanto Detention Facility for Detention Officers to release detainee porters to assist Officers to distribute meal service to detainees housed in the Segregation unit while unit count is in progress.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' RESPONSE TO RFA, SET ONE                    40.                    5:16-CV-02263 – DOC - KK

1    Without further clarification, Defendants cannot provide an intelligible

2    response.

3    Dated:   May 2, 2017

4

5    ELIZABETH STAGGS WILSON

6    MICHELLE RAPOPORT

7    MICHAEL MANOUKIAN
     LITTLER MENDELSON, P.C.

8    Attorneys for Defendants
     THE GEO GROUP, INC. and GEO
     CORRECTIONS AND DETENTION,
9    LLC

10

11   Firmwide:145560109.3 059218.1286

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO
RFA, SET ONE                        41.            5:16-CV-02263 – DOC - KK

<u>VERIFICATION</u>

I have read the foregoing **DEFENDANTS THE GEO GROUP, INC. ET AL.'S RESPONSE TO PLAINTIFF EMANUEL SANTIAGO REQUESTS FOR ADMISSIONS, SET ONE** and know its contents.

☒      I am a PREA Compliance Manager, for THE GEO GROUP, INC., and in such capacity, I am authorized to sign this verification of the foregoing, **DEFENDANTS THE GEO GROUP, INC. ET AL.'S RESPONSE TO PLAINTIFF EMANUEL SANTIAGO REQUESTS FOR ADMISSIONS, SET ONE,** and I am authorized to make this verification for and on behalf of The Geo Group, and I make this verification for that reason.   I have read the foregoing document(s).   I am informed and believe and on that ground allege that the matters stated in it are true.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this verification was executed this 1st day of May, 2017, at Adelanto, California.

_Aida Aldape_
_____
Aida Aldape, PREA Compliance Manager
The Geo Group

Firmwide:147251293.1 059218.1286

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998.4150

VERIFICATION

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 W. San Fernando, 15th Floor, San Jose, California 95113.2303. On May 2, 2017, I served the within document(s):

DEFENDANTS' THE GEO GROUP, INC., ET AL.'S RESPONSE TO PLAINTIFF'S SANTIAGO REQUEST FOR ADMISSIONS, SET ONE

VERIFICATION OF RESPONSE

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

Amir Mostafavi, Esq.                          Attorneys for Plaintiff Emanuel
Arshia B. Khan, Esq.                          Santiago
Robert J. Simmonds, Esq.
MOSTAFAVI LAW GROUP, APC
11835 W. Olympic Boulevard, Suite 1055
Los Angeles, CA 90064

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 2, 2017, at San Jose, California.

Pauline R. Lopez

# EXHIBIT 5

GEO's Supplemental Response to RFA

1    ELIZABETH STAGGS WILSON, Bar No. 183160
     estaggs-wilson@littler.com
2    MICHELLE RAPOPORT, Bar No. 247459
     mrapoport@littler.com
3    BROOKE DEARDURFF, BAR NO. 292433
     BDEARDURFF@LITTLER.COM
4    LITTLER MENDELSON, P.C.
     633 West 5th Street
5    63rd Floor
     Los Angeles, CA  90071
6    Telephone:  213.443.4300
     Facsimile:   213.443.4299
7

8    THE GEO GROUP, INC. and GEO
     CORRECTIONS AND DETENTION, LLC
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12   EMANUEL SANTIAGO, an            Case No.  5:16-CV-02263 – DOC - KK
     individual,
13                                   **DEFENDANTS THE GEO GROUP,**
                  Plaintiff,         **INC. ET AL.'S SUPPLEMENTAL**
14                                   **RESPONSE TO PLAINTIFF**
           v.                        **EMANUEL SANTIAGO REQUESTS**
15                                   **FOR ADMISSION, SET ONE**
     THE GEO GROUP, INC., a Florida
16   Corporation dba GEO CALIFORNIA,  Trial Date: January 23, 2018
     INC.; GEO Corrections and Detention,
17   LLC; DOES 1 - 10, individuals, and
     DOES, 11 - 20, business entities
18   inclusive,

19                Defendants.

20

21

22   **PROPOUNDING PARTY:**    **PLAINTIFF EMANUEL SANTIAGO**

23   **RESPONDING PARTY:**     **THE GEO GROUP, INC., et al.**

24   **SET NUMBER:**           **ONE**

25

26

27

28

DEFENDANTS' SUPPLEMENTAL                    5:16-CV-02263 – DOC - KK
RESPONSE TO RFA, SET ONE

1  **TO PLAINTIFF EMANUEL SANTIAGO AND HIS ATTORNEYS OF**

2  **RECORD:**

3       Pursuant to Fed. R. Civ. P. 36, Defendants The GEO Group, Inc. and GEO

4  Corrections and Detentions LLC ("Defendants") respond to the Request for

5  Admissions, Set One, served upon them by Plaintiff EMANUEL SANTIAGO

6  ("Plaintiff") as follows:

7              **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

8       The objections and responses are made solely for the purpose of this action and

9  are based on information presently known and available to Defendants.  Discovery is

10  still ongoing and Defendants reserve the right to supplement these responses with

11  subsequently discovered information and/or to introduce such information at the time

12  of trial.

13       Each response is subject to all objections as to competence, relevance,

14  materiality, proprietary subject matter, admissibility and any and all other objections

15  or grounds that would require exclusion of the responses or documents produced by

16  Defendant, or any part thereof, if any of these responses or documents were presented

17  at court.  All appropriate objections and grounds are hereby reserved and may be

18  interposed at trial regarding the introduction into evidence of a response by

19  Defendants in response to Plaintiff's Request for Admission, Set One.

20       No response to these requests constitutes or should be construed as an

21  admission respecting relevancy or admissibility of the disclosed information, or the

22  truth or accuracy of any statement, characterization or other fact contained in any

23  response to these requests.  Defendants expressly do not concede the relevancy or

24  materiality of any of these requests or the subject matter to which they refer.

25       The fact that Defendants have responded to or objected to any request or part

26  thereof may not be taken as an admission about the existence or non-existence of any

27  fact, or that such response constitutes relevant evidence.  The fact that Defendants

28  have responded to part or all of any request shall not be construed to be a waiver of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE            1.            5:16-CV-02263 – DOC - KK

1  any objection to part or all of any other request.  Nothing contained herein shall be

2  construed as an admission of the existence or nonexistence of any fact.

3      To the extent these requests call for information which constitutes material

4  prepared in anticipation of litigation or for trial, information or material protected by

5  the attorney-client privilege, the work product doctrine, the joint defense privilege

6  and/or the common interest privilege or any other privilege, Defendants object to each

7  and every such request and will not supply or produce any such information.  These

8  responses shall not constitute a waiver of any privilege or any other ground for

9  objecting to discovery with respect to such response, nor shall inadvertent disclosure

10  waive the right of Defendants to object to the use of such information during any

11  subsequent proceeding.

12      To the extent any request seeks documents relating to legal conclusions,

13  opinions, theories and/or research of Defendants and Defendants' counsel, Defendants

14  object and will not provide such documents.  No implied admissions whatsoever are

15  intended by these responses.  Moreover, in producing documents in response to any

16  request potentially calling for a legal conclusion, Defendants do not admit, either

17  expressly or impliedly, that any such produced document adopts any of the legal

18  conclusions contained in the request.

19      To the extent any request seeks information relating to confidential personnel or

20  other information of persons other than Plaintiff, Defendants object to each and every

21  request on the grounds that such request is overbroad, seeks information that is not

22  relevant to the subject matter of this lawsuit, is not reasonably calculated to lead to the

23  discovery of admissible evidence and invades the privacy rights of such other persons.

24      To the extent any request violates Defendants' right to privacy or calls for the

25  disclosure of confidential and/or proprietary information or information otherwise

26  protected as a trade secret, Defendants object to each and every such demand and will

27  not supply or produce any such information except pursuant to a Protective Order

28  governing the production of such documents entered in this matter.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                    2.                    5:16-CV-02263 – DOC - KK

1    Defendants object to each and every request on the grounds and to the extent

2    that they seek information that is not required to be provided and/or that they impose

3    obligations on Defendants that go beyond the scope of permissible discovery under

4    the Federal Rules of Civil Procedure.

5    Defendants object to each and every request on the grounds and to the extent

6    that they are harassing, overbroad, uncertain and fail to describe with reasonable

7    particularity the document sought as required under the Federal Rules of Civil

8    Procedure.  Defendants object to each and every request on the ground and to the

9    extent that they are vague and ambiguous, requiring speculation as to Plaintiff's

10   intended meaning.

11   **RESPONSE TO REQUESTS FOR ADMISSION**

12   **REQUEST FOR ADMISSION NO. 2:**

13   ADMIT that EMANUEL SANTIAGO does not qualify for the Administrative

14   Exemption as defined in Section I of the Industrial Welfare Commission Order No. 4-

15   2001.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

17   Defendants incorporate the objections set forth above in its Preliminary

18   Statement and General Objections.  Defendants object to this Request on the grounds

19   that it calls for a legal conclusion.  Defendants object to this Request because it is

20   vague and ambiguous. Defendants further object to this Request on the grounds that it

21   is compound.  Defendants further object to this Request on the grounds that it is

22   overly broad as to time and scope.  Defendants further object to this Request to the

23   extent that it seeks information pertaining to individuals, the disclosure of which

24   would constitute an unwarranted invasion of the affected individuals' constitutional,

25   statutory and/or common law rights to personal privacy and confidentiality.

26   Defendants further object to this Request on the grounds that it seeks information that

27   is not relevant and is not reasonably calculated to lead to the discovery of admissible

28   evidence.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                    3.                    5:16-CV-02263 – DOC - KK

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2       Subject to, and without waiving the foregoing objections, Defendants respond
3   as follows:  Defendants admit that Plaintiff was not classified as exempt, and was
4   properly paid for all hours worked, including overtime.  Unless specifically admitted
5   the request is otherwise denied.

6   **REQUEST FOR ADMISSION NO. 3:**

7       ADMIT that EMANUEL SANTIAGO does not qualify for the Professional
8   Exemption as defined in Section 1 of the Industrial Welfare Commission Order No. 4-
9   2001.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

11      Defendants incorporate the objections set forth above in its Preliminary
12  Statement and General Objections.  Defendants object to this Request on the grounds
13  that it calls for a legal conclusion.  Defendants object to this Request because it is
14  vague and ambiguous. Defendants further object to this Request on the grounds that it
15  is compound.  Defendants further object to this Request on the grounds that it is
16  overly broad as to time and scope.  Defendants further object to this Request to the
17  extent that it seeks information pertaining to individuals, the disclosure of which
18  would constitute an unwarranted invasion of the affected individuals' constitutional,
19  statutory and/or common law rights to personal privacy and confidentiality.
20  Defendants further object to this Request on the grounds that it seeks information that
21  is not relevant and is not reasonably calculated to lead to the discovery of admissible
22  evidence.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

24      Subject to, and without waiving the foregoing objections, Defendants respond
25  as follows:  Defendants admit that Plaintiff was not classified as exempt, and was
26  properly paid for all hours worked, including overtime. Unless specifically admitted
27  the request is otherwise denied.

28

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE            4.            5:16-CV-02263 – DOC - KK

1    **REQUEST FOR ADMISSION NO. 4:**

2    ADMIT that, at any time between March 18, 2013 and August 8, 2015,

3    Detention Officers who worked at the Adelanto Detention Facility's Segregation

4    Housing Unit were required per GEO policy to be authorized to do so.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

6    Defendants incorporate the objections set forth above in its Preliminary

7    Statement and General Objections.  Defendants object to this Request because it is

8    vague and ambiguous. Defendants further object to this Request on the grounds that it

9    is compound.  Defendants further object to this Request on the grounds that it is

10   overly broad as to time and scope.  Defendants further object to this Request to the

11   extent that it seeks information pertaining to individuals, the disclosure of which

12   would constitute an unwarranted invasion of the affected individuals' constitutional,

13   statutory and/or common law rights to personal privacy and confidentiality.

14   Defendants further object to this Request on the grounds that it seeks information that

15   is not relevant and is not reasonably calculated to lead to the discovery of admissible

16   evidence.   Defendants object because this Request seeks information that is

17   confidential and/or proprietary.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

19   Subject to, and without waiving the foregoing objections, Defendants respond

20   as follows: Defendants admit that Detention Officers who work at the Adelanto

21   Detention Facility must be authorized to do so, including those assigned to the

22   Restrictive Housing Unit. Defendants further admit to offering training to Detention

23   Officers assigned to the Restrictive Housing Unit at Adelanto Detention Facility.

24   Unless specifically admitted the request is otherwise denied.

25   **REQUEST FOR ADMISSION NO. 5:**

26   ADMIT that prior to June 2015, GEO had no policy in place that required

27   Detention Officers to receive Specialized Training in order to be authorized to work in

28   the Segregation Unit.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                    5.              5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object because this Request seeks information that is confidential and/or proprietary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  The term "Specialized Training" is undefined, and without further clarification Defendants cannot determine exactly what training Plaintiff references. Defendants admit to properly training Detention Officers for their assignments, and to providing appropriate training to Detention Officers assigned to the Restrictive Housing Unit at all times. Unless specifically admitted the request is otherwise denied.

**REQUEST FOR ADMISSION NO. 7:**

ADMIT that prior to June 2015, the policy of The Geo Group Inc., dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC in the Segregation Housing Unit with respect to detainee movement was that a two-officer escort is required for the First and Second shifts Detention Officers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants incorporate the objections set forth above in its Preliminary

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

6.

5:16-CV-02263 – DOC - KK

1  Statement and General Objections.  Defendants object to this Request because it is

2  vague and ambiguous. Defendants further object to this Request on the grounds that it

3  is compound.  Defendants further object to this Request on the grounds that it is

4  overly broad as to time and scope.  Defendants further object to this Request on the

5  grounds that it seeks information that is not relevant and is not reasonably calculated

6  to lead to the discovery of admissible evidence.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

8  Subject to, and without waiving the foregoing objections, Defendants respond

9  as follows:   Defendants deny that a two-officer escort was categorically required

10  within the Restrictive Housing Unit, but instead was determined on a case by case

11  basis. Unless specifically admitted the request is otherwise denied.

12  **REQUEST FOR ADMISSION NO. 10:**

13  ADMIT that GEO policy required Detention Officers to undergo Specialized

14  Training in order to be authorized to work in the Segregation Housing Unit.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

16  Defendants incorporate the objections set forth above in its Preliminary

17  Statement and General Objections.  Defendants object to this Request because it is

18  vague and ambiguous. Defendants further object to this Request on the grounds that it

19  is compound.  Defendants further object to this Request on the grounds that it is

20  overly broad as to time and scope.  Defendants further object to this Request to the

21  extent that it seeks information pertaining to individuals, the disclosure of which

22  would constitute an unwarranted invasion of the affected individuals' constitutional,

23  statutory and/or common law rights to personal privacy and confidentiality.

24  Defendants further object to this Request on the grounds that it seeks information that

25  is not relevant and is not reasonably calculated to lead to the discovery of admissible

26  evidence.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

28  Subject to, and without waiving the foregoing objections, Defendants respond

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

7.

5:16-CV-02263 – DOC - KK

1  as follows: The term "Specialized Training" is undefined, and without further
2  clarification Defendants cannot determine exactly what training Plaintiff references.
3  The time period referenced in this request is further undefined.   Defendants admit to
4  properly training Detention Officers for their assignments, and to providing
5  appropriate training to Detention Officers assigned to the Restrictive Housing Unit at
6  all times. Unless specifically admitted the request is otherwise denied.

7  **REQUEST FOR ADMISSION NO. 14:**

8  ADMIT that the GEO policy that was in effect on June 2015 required Detention
9  Officers to only issue shaving razors to detainees once the detainee is secured in the
10  shower.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

12  Defendants incorporate the objections set forth above in its Preliminary
13  Statement and General Objections.  Defendants object to this Request because it is
14  vague and ambiguous. Defendants further object to this Request on the grounds that it
15  is compound.  Defendants further object to this Request on the grounds that it is
16  overly broad as to time and scope.  Defendants further object to this Request to the
17  extent that it seeks information pertaining to individuals, the disclosure of which
18  would constitute an unwarranted invasion of the affected individuals' constitutional,
19  statutory and/or common law rights to personal privacy and confidentiality.
20  Defendants further object to this Request on the grounds that it seeks information that
21  is not relevant and is not reasonably calculated to lead to the discovery of admissible
22  evidence.

23  Without further clarification, Defendants cannot provide an intelligible
24  response.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

26  Subject to, and without waiving the foregoing objections, Defendants respond
27  as follows:  Defendants admit that a shaving razor could not be provided to a detainee
28  until after the detainee was secured in the shower.  Unless specifically admitted the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE          8.          5:16-CV-02263 – DOC - KK

1 request is otherwise denied.

2 **REQUEST FOR ADMISSION NO. 15:**

3 ADMIT that the GEO policy that was in effect on June 2015 with respect to

4 providing shaving razors to detainees in the shower does not explicitly mention what

5 the procedure is for the Detention Officer to follow if the detainee does not request a

6 shaving razor in the shower.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

8 Defendants incorporate the objections set forth above in its Preliminary

9 Statement and General Objections.  Defendants object to this Request because it is

10 vague and ambiguous. Defendants further object to this Request on the grounds that it

11 is compound.  Defendants further object to this Request on the grounds that it is

12 overly broad as to time and scope.  Defendants further object to this Request on the

13 grounds that it seeks information that is not relevant and is not reasonably calculated

14 to lead to the discovery of admissible evidence.   Without further clarification,

15 Defendants cannot provide an intelligible response.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

17 Subject to, and without waiving the foregoing objections, Defendants respond

18 as follows: Deny.

19 **REQUEST FOR ADMISSION NO. 16:**

20 ADMIT that Assistant Warden Love of the Adelanto Detention Facility had a

21 meeting on July 1, 2015, stating that showers were to remain unlocked unless the

22 detainee was given a razor.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

24 Defendants incorporate the objections set forth above in its Preliminary

25 Statement and General Objections.  Defendants object to this Request because it is

26 vague and ambiguous. Defendants further object to this Request on the grounds that it

27 is compound.  Defendants further object to this Request on the grounds that it is

28 overly broad as to time and scope.   Defendants further object to this Request on the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

9.

5:16-CV-02263 – DOC - KK

1  grounds that it seeks information that is not relevant and is not reasonably calculated
2  to lead to the discovery of admissible evidence.

3    Without further clarification, Defendants cannot provide an intelligible
4  response.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

6    Subject to, and without waiving the foregoing objections, Defendants respond
7  as follows: Deny.

8  **REQUEST FOR ADMISSION NO. 21:**

9    ADMIT that prior to June 2015, during the First and Second shifts in the
10  Segregation Housing Unit Geo policy required the presence of two officers at all times.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

12    Defendants incorporate the objections set forth above in its Preliminary
13  Statement and General Objections.  Defendants object to this Request because it is
14  vague and ambiguous. Defendants further object to this Request on the grounds that it
15  is compound.  Defendants further object to this Request on the grounds that it is
16  overly broad as to time and scope.  Defendants further object to this Request on the
17  grounds that it seeks information that is not relevant and is not reasonably calculated
18  to lead to the discovery of admissible evidence.

19    Without further clarification, Defendants cannot provide an intelligible
20  response.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

22    Subject to, and without waiving the foregoing objections, Defendants respond
23  as follows:  Defendants deny that the presence of two officers was categorically
24  required within the Restrictive Housing Unit, but instead was determined on a case by
25  case basis.  Unless specifically admitted the request is otherwise denied.

26  **REQUEST FOR ADMISSION NO. 22:**

27    ADMIT that detainee movement is highest during Second Shift when compared
28  to First and Third Shift.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE
10.
5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  This request encapsulates many factors, is not limited to any time period, and seeks specific statistical information regarding individual detainees. Circumstances change on a day by day basis, making a singular admission or denial to this request impossible. Accordingly, Defendants lack sufficient information to admit or deny this request and on those grounds deny it.

**REQUEST FOR ADMISSION NO. 25:**

ADMIT that there is no record of detainee Irias exhibiting unusual activity or behavior in his activity log at any time between March 18, 2013 and August 8, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

11.

5:16-CV-02263 – DOC - KK

1  statutory and/or common law rights to personal privacy and confidentiality.

2  Defendants further object to this Request on the grounds that it seeks information that

3  is not relevant and is not reasonably calculated to lead to the discovery of admissible

4  evidence.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

6       Subject to, and without waiving the foregoing objections, Defendants respond

7  as follows:   The terms of the request are undefined and susceptible of multiple

8  interpretations or variations, rendering the request impermissibly compound without

9  further clarification.   Defendants admit that Plaintiff was informed of his job duties

10  concerning detainees, including Irias, and was informed to take security precautions

11  with Irias on August 5, 2015. Unless specifically admitted the request is otherwise

12  denied.

13  **REQUEST FOR ADMISSION NO. 26:**

14       ADMIT that there are no General Incident Reports that were sent through the

15  Facility Administrator to detainee Irias Jimmy's [*sic*] file at any time between March

16  18, 2013 and August 8, 2015.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

18       Defendants incorporate the objections set forth above in its Preliminary

19  Statement and General Objections.   Defendants object to this Request because it is

20  vague and ambiguous. Defendants further object to this Request on the grounds that it

21  is compound.   Defendants further object to this Request on the grounds that it is

22  overly broad as to time and scope.   Defendants further object to this Request to the

23  extent that it seeks information pertaining to individuals, the disclosure of which

24  would constitute an unwarranted invasion of the affected individuals' constitutional,

25  statutory and/or common law rights to personal privacy and confidentiality.

26  Defendants further object to this Request on the grounds that it seeks information that

27  is not relevant and is not reasonably calculated to lead to the discovery of admissible

28  evidence.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

12.

5:16-CV-02263 – DOC - KK

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

2  Subject to, and without waiving the foregoing objections, Defendants respond

3  as follows: The terms of the request are undefined and susceptible of multiple

4  interpretations or variations, rendering the request impermissibly compound without

5  further clarification.  Defendants admit that Plaintiff was informed of his job duties

6  concerning detainees, including Irias. Unless specifically admitted the request is

7  otherwise denied.

8  **REQUEST FOR ADMISSION NO. 27:**

9  ADMIT that Irias Jimmy's [*sic*] activity record has no notation indicating that

10  Irias Jimmy has exhibited suicidal or assaultive behavior at any time between March

11  18, 2013 and August 5, 2015 [*sic*]

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

13  Defendants incorporate the objections set forth above in its Preliminary

14  Statement and General Objections.  Defendants object to this Request because it is

15  vague and ambiguous. Defendants further object to this Request on the grounds that it

16  is compound.  Defendants further object to this Request on the grounds that it is

17  overly broad as to time and scope.  Defendants further object to this Request to the

18  extent that it seeks information pertaining to individuals, the disclosure of which

19  would constitute an unwarranted invasion of the affected individuals' constitutional,

20  statutory and/or common law rights to personal privacy and confidentiality.

21  Defendants further object to this Request on the grounds that it seeks information that

22  is not relevant and is not reasonably calculated to lead to the discovery of admissible

23  evidence.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

25  Subject to, and without waiving the foregoing objections, Defendants respond

26  as follows: The terms of the request are undefined and susceptible of multiple

27  interpretations or variations, rendering the request impermissibly compound without

28  further clarification.  The request further seeks information that invades third persons'

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE      13.      5:16-CV-02263 – DOC - KK

privacy rights. Defendants admit that Plaintiff was informed of his job duties concerning detainees, including Irias. Unless specifically admitted the request is otherwise denied.

**REQUEST FOR ADMISSION NO. 28:**

ADMIT that detainee Irias Jimmy's [*sic*] Special Housing Activity Sheets included no records of suicidal or assaultive behavior at any time between March 18, 2013 and August 5, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows: The terms of the request are undefined and susceptible of multiple interpretations or variations, rendering the request impermissibly compound without further clarification. The request further seeks information that invades third persons' privacy rights. Defendants admit that Plaintiff was informed of his job duties concerning detainees, including Irias. Unless specifically admitted the request is otherwise denied.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

14.

5:16-CV-02263 – DOC - KK

1    **REQUEST FOR ADMISSION NO. 29:**

2        ADMIT that detainee Irias Jimmy's [*sic*] cell was not designated as a high

3    security cell at any time between March 18, 2013 and August 5, 2015.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

5        Defendants incorporate the objections set forth above in its Preliminary

6    Statement and General Objections.  Defendants object to this Request because it is

7    vague and ambiguous. Defendants further object to this Request on the grounds that it

8    is compound.  Defendants further object to this Request on the grounds that it is

9    overly broad as to time and scope.  Defendants further object to this Request to the

10   extent that it seeks information pertaining to individuals, the disclosure of which

11   would constitute an unwarranted invasion of the affected individuals' constitutional,

12   statutory and/or common law rights to personal privacy and confidentiality.

13   Defendants further object to this Request on the grounds that it seeks information that

14   is not relevant and is not reasonably calculated to lead to the discovery of admissible

15   evidence.

16   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

17       Subject to, and without waiving the foregoing objections, Defendants respond

18   as follows: The terms of the request are undefined and susceptible of multiple

19   interpretations or variations, rendering the request impermissibly compound without

20   further clarification.  The request further seeks information that invades third persons'

21   privacy rights. Defendants admit that Plaintiff was informed of his job duties

22   concerning detainees, including Irias. Defendants further admit that all detainees are

23   considered to be high security.  Unless specifically admitted the request is otherwise

24   denied.

25   **REQUEST FOR ADMISSION NO. 31:**

26       ADMIT that Geo Staff had not made a recommendation to the Facility

27   Administrator for Irias Jimmy [*sic*] to be designated as a high security detainee at any

28   time between March 18, 2013 and August 5, 2015 [*sic*]

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                    15.                    5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows: The terms of the request are undefined and susceptible of multiple interpretations or variations, rendering the request impermissibly compound without further clarification.  The request further seeks information that invades third persons' privacy rights. Defendants admit that Plaintiff was informed of his job duties concerning detainees, including Irias. Unless specifically admitted the request is otherwise denied.

**REQUEST FOR ADMISSION NO. 33:**

ADMIT that on August 5, 2015, EMANUEL SANTIAGO escorted detainee Irias to the shower around 4:20pm. [*sic*]

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE          16.          5:16-CV-02263 – DOC - KK

1  to the extent that it seeks information pertaining to individuals, the disclosure of

2  which would constitute an unwarranted invasion of the affected individuals'

3  constitutional, statutory and/or common law rights to personal privacy and

4  confidentiality.  Defendants further object to this Request on the grounds that it seeks

5  information that is not relevant and is not reasonably calculated to lead to the

6  discovery of admissible evidence.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

8      Subject to, and without waiving the foregoing objections, Defendants respond

9  as follows:  Defendants admit that Plaintiff escorted detainee Irias to the shower

10  around that time, but did not secure him in the shower as required.  Unless specifically

11  admitted the request is otherwise denied.

12  **REQUEST FOR ADMISSION NO. 35:**

13      ADMIT that EMANUEL SANTIAGO assisted Officer Patterson in returning

14  certain detainees in their cells and securing their cell doors around 4:25pm [*sic*]

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

16      Defendants incorporate the objections set forth above in its Preliminary

17  Statement and General Objections.  Defendants object to this Request because it is

18  vague and ambiguous. Defendants further object to this Request on the grounds that it

19  is compound.  Defendants further object to this Request on the grounds that it is

20  overly broad as to time and scope.  Defendants further object to this Request to the

21  extent that it seeks information pertaining to individuals, the disclosure of which

22  would constitute an unwarranted invasion of the affected individuals' constitutional,

23  statutory and/or common law rights to personal privacy and confidentiality.

24  Defendants further object to this Request on the grounds that it seeks information that

25  is not relevant and is not reasonably calculated to lead to the discovery of admissible

26  evidence.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

28      Subject to, and without waiving the foregoing objections, Defendants respond

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE          17.          5:16-CV-02263 – DOC - KK

1   as follows: Defendants admit. that, according to his written statement, Plaintiff

2   assisted Officer Patterson.  Defendants lack sufficient knowledge to otherwise admit

3   or deny this request and on those grounds deny it.

4   **REQUEST FOR ADMISSION NO. 36:**

5        ADMIT that on August 5, 2015 Adelanto Detention Facility Count commenced

6   at 4:30pm. [*sic*]

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

8        Defendants incorporate the objections set forth above in its Preliminary

9   Statement and General Objections.  Defendants object to this Request because it is

10  vague and ambiguous. Defendants further object to this Request on the grounds that it

11  is compound.  Defendants further object to this Request on the grounds that it is

12  overly broad as to time and scope.  Defendants further object to this Request to the

13  extent that it seeks information pertaining to individuals, the disclosure of which

14  would constitute an unwarranted invasion of the affected individuals' constitutional,

15  statutory and/or common law rights to personal privacy and confidentiality.

16  Defendants further object to this Request on the grounds that it seeks information that

17  is not relevant and is not reasonably calculated to lead to the discovery of admissible

18  evidence.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

20       Subject to, and without waiving the foregoing objections, Defendants respond

21  as follows:  Defendants admit that a detainee count began at 4:30 p.m. on August 5,

22  2015 in the Restrictive Housing Unit. Unless specifically admitted the request is

23  otherwise denied.

24  **REQUEST FOR ADMISSION NO. 38:**

25       ADMIT that in his 4:30pm detainee count on August 5, 2015, Officer Patterson

26  had accounted for detainee Irias.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

28       Defendants incorporate the objections set forth above in its Preliminary

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                18.              5:16-CV-02263 – DOC - KK

1  Statement and General Objections Defendants object to this Request on the grounds
2  that it calls for a legal conclusion.  Defendants object to this Request because it is
3  vague and ambiguous. Defendants further object to this Request on the grounds that it
4  is compound.  Defendants further object to this Request on the grounds that it is
5  overly broad as to time and scope.  Defendants further object to this Request to the
6  extent that it seeks information pertaining to individuals, the disclosure of which
7  would constitute an unwarranted invasion of the affected individuals' constitutional,
8  statutory and/or common law rights to personal privacy and confidentiality.
9  Defendants further object to this Request on the grounds that it seeks information that
10  is not relevant and is not reasonably calculated to lead to the discovery of admissible
11  evidence.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

13      Subject to, and without waiving the foregoing objections, Defendants respond
14  as follows:   Defendants admit that, according to his written statement, Plaintiff
15  counted Detainee Irias as in the shower.  Defendants lack sufficient knowledge to
16  otherwise admit or deny this request and on those grounds deny it.

17  **REQUEST FOR ADMISSION NO. 40:**

18      ADMIT that Officer Patterson was more experienced than EMANUEL
19  SANTIAGO with respect to working during the Second Shift at the administrative
20  segregation housing unit.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

22      Defendants incorporate the objections set forth above in its Preliminary
23  Statement and General Objections.  Defendants object to this Request because it is
24  vague and ambiguous. Defendants further object to this Request on the grounds that it
25  is compound.  Defendants further object to this Request on the grounds that it is
26  overly broad as to time and scope.  Defendants further object to this Request to the
27  extent that it seeks information pertaining to individuals, the disclosure of which
28  would constitute an unwarranted invasion of the affected individuals' constitutional,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

19.

5:16-CV-02263 – DOC - KK

1  statutory and/or common law rights to personal privacy and confidentiality.

2  Defendants further object to this Request on the grounds that it seeks information that

3  is not relevant and is not reasonably calculated to lead to the discovery of admissible

4  evidence.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

6  Subject to, and without waiving the foregoing objections, Defendants respond

7  as follows:  The term "experience" encapsulates many factors, none of which are

8  defined in this request.  Accordingly, Defendants lack sufficient information to admit

9  or deny this request and on those grounds deny it.

10  **REQUEST FOR ADMISSION NO. 41:**

11  ADMIT that once Officer Patterson and EMANUEL SANTIAGO completed

12  counting the administrative segregation housing unit, Officer Patterson took the count

13  paperwork to Central Control, thereby leaving EMANUEL SANTIAGO as the only

14  Detention Officer in the administrative segregation housing unit.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

16  Defendants incorporate the objections set forth above in its Preliminary

17  Statement and General Objections.  Defendants object to this Request because it is

18  vague and ambiguous. Defendants further object to this Request on the grounds that it

19  is compound.  Defendants further object to this Request on the grounds that it is

20  overly broad as to time and scope.  Defendants further object to this Request to the

21  extent that it seeks information pertaining to individuals, the disclosure of which

22  would constitute an unwarranted invasion of the affected individuals' constitutional,

23  statutory and/or common law rights to personal privacy and confidentiality.

24  Defendants further object to this Request on the grounds that it seeks information that

25  is not relevant and is not reasonably calculated to lead to the discovery of admissible

26  evidence.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

28  Subject to, and without waiving the foregoing objections, Defendants respond

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

20.

5:16-CV-02263 – DOC - KK

1  as follows:  Defendants lack sufficient information to admit or deny this request, and

2  on those grounds deny it. However, Defendants note the count was not completed

3  until 5:30 p.m., nearly 50 minutes after Detainee Irias had already been discovered

4  outside of the Restrictive Housing Unit.

5  **REQUEST FOR ADMISSION NO. 42:**

6  ADMIT that after Officer Patterson took the count paperwork to Central

7  Control, Officer Patterson went to relieve detention officers for lunch.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

9  Defendants incorporate the objections set forth above in its Preliminary

10  Statement and General Objections.  Defendants object to this Request because it is

11  vague and ambiguous. Defendants further object to this Request on the grounds that it

12  is compound.  Defendants further object to this Request on the grounds that it is

13  overly broad as to time and scope.   Defendants further object to this Request on the

14  grounds that it seeks information that is not relevant and is not reasonably calculated

15  to lead to the discovery of admissible evidence.

16  Without further clarification, Defendants cannot provide an intelligible

17  response.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

19  Subject to, and without waiving the foregoing objections, Defendants respond

20  as follows:  Defendants lack sufficient information to admit or deny this request, and

21  on those grounds deny it. However, Defendants note the count was not completed

22  until 5:30 p.m., nearly 50 minutes after Detainee Irias had already been discovered

23  outside of the Restrictive Housing Unit.

24  **REQUEST FOR ADMISSION NO. 43:**

25  ADMIT that on August 5, 2015 GEO Detention Officers were required by GEO

26  policy to conduct a security cheek [*sic*] at least once every 30 minutes.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

28  Defendants incorporate the objections set forth above in its Preliminary

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

21.

5:16-CV-02263 – DOC - KK

1  Statement and General Objections.  Defendants object to this Request because it is

2  vague and ambiguous. Defendants further object to this Request on the grounds that it

3  is compound.  Defendants further object to this Request on the grounds that it is

4  overly broad as to time and scope. Defendants further object to this Request on the

5  grounds that it seeks information that is not relevant and is not reasonably calculated

6  to lead to the discovery of admissible evidence.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

8  Subject to, and without waiving the foregoing objections, Defendants respond

9  as follows:  Admit.

10  **REQUEST FOR ADMISSION NO. 44:**

11  ADMIT that GEO policy in effect on June 2015 provides that Detainees will

12  have access to the showers.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

14  Defendants incorporate the objections set forth above in its Preliminary

15  Statement and General Objections.  Defendants object to this Request because it is

16  vague and ambiguous. Defendants further object to this Request on the grounds that it

17  is compound.  Defendants further object to this Request on the grounds that it is

18  overly broad as to time and scope. Defendants further object to this Request on the

19  grounds that it seeks information that is not relevant and is not reasonably calculated

20  to lead to the discovery of admissible evidence.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

22  Subject to, and without waiving the foregoing objections, Defendants respond

23  as follows:  Defendants admit that detainees are permitted to shower at appropriate

24  times with security measures by Detention Officers.  Unless specifically admitted the

25  request is otherwise denied.

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE          22.          5:16-CV-02263 – DOC - KK

**REQUEST FOR ADMISSION NO. 45:**

ADMIT that GEO policy in effect on June 2015 provides that Detainees under administrative segregation will retain the same privileges offered to detainees in general population.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections. Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound. Defendants further object to this Request on the grounds that it is overly broad as to time and scope. Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows: The term "same privileges" encapsulates various factors, some of which may vary on a day-by-day or on a person-by-person basis, making a singular admission or denial to this request impossible. Accordingly, Defendants lack sufficient information to admit or deny this request and on those grounds deny it.

**REQUEST FOR ADMISSION NO. 46:**

ADMIT that on average, between August 3, 2015 and August 5, 2015, Detainees in the administrative segregation housing unit used the showers during the Second Shift more often than the First or Third Shifts.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                    23.                    5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  This request is compound and seeks specific statistical information regarding individual detainees. Circumstances change on a day by day basis, making a singular admission or denial to this request impossible.  Accordingly, Defendants lack sufficient information to admit or deny this request and on those grounds deny it.

**REQUEST FOR ADMISSION NO. 49:**

ADMIT that unlocking the Segregation Unit Housing doors for an unescorted detainee is against GEO policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

24.

5:16-CV-02263 – DOC - KK

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

2  Subject to, and without waiving the foregoing objections, Defendants respond

3  as follows:  Admit.

4  **REQUEST FOR ADMISSION NO. 50:**

5  ADMIT that on August 5, 2015 Food Service Staff delivered dinner meals to

6  the administrative segregation housing unit sometime before or during the Adelanto

7  Detention Facility count had commenced.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

9  Defendants incorporate the objections set forth above in its Preliminary

10  Statement and General Objections.  Defendants object to this Request because it is

11  vague and ambiguous. Defendants further object to this Request on the grounds that it

12  is compound.  Defendants further object to this Request on the grounds that it is

13  overly broad as to time and scope.  Defendants further object to this Request on the

14  grounds that it seeks information that is not relevant and is not reasonably calculated

15  to lead to the discovery of admissible evidence.

16  Without further clarification, Defendants cannot provide an intelligible

17  response.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

19  Subject to, and without waiving the foregoing objections, Defendants respond

20  as follows: The terms of the request are impermissibly compound as to scope and time

21  period without further clarification.  Defendants admit that dinner meals are delivered

22  to detainees, and sometimes before or during a count has commenced.  Defendants

23  otherwise lack sufficient information to admit or deny this request and on those

24  grounds deny it.

25  **REQUEST FOR ADMISSION NO. 51:**

26  ADMIT that on August 5, 2015, the administrative segregation housing unit

27  housed approximately thirty-eight (38) detainees.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE          25.          5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  Admit.

**REQUEST FOR ADMISSION NO. 53:**

ADMIT that Master Control had announced a clear count before EMANUEL SANTIAGO proceeded to retrieve two detainee porters to facilitate distribution of meal trays.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

26.

5:16-CV-02263 – DOC - KK

1  response.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

3  Subject to, and without waiving the foregoing objections, Defendants respond

4  as follows: The terms of the request are undefined without further clarification.

5  Unless specifically admitted the request is otherwise denied.

6  **REQUEST FOR ADMISSION NO. 55:**

7  ADMIT that on August 5, 2015, the Segregation Housing Control Units were

8  not manned.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

10  Defendants incorporate the objections set forth above in its Preliminary

11  Statement and General Objections. Defendants object to this Request because it is

12  vague and ambiguous. Defendants further object to this Request on the grounds that it

13  is compound. Defendants further object to this Request on the grounds that it is

14  overly broad as to time and scope. Defendants further object to this Request on the

15  grounds that it seeks information that is not relevant and is not reasonably calculated

16  to lead to the discovery of admissible evidence.

17  Without further clarification, Defendants cannot provide an intelligible

18  response.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

20  Subject to, and without waiving the foregoing objections, Defendants respond

21  as follows: The term "manned" is undefined and ambiguous without further

22  clarification, particularly as to the time of day and the specific location or presence of

23  personnel as to what would be considered "manned," making a singular admission or

24  denial to this request impossible. Accordingly, Defendants can neither admit nor deny

25  this request, and on those grounds deny it.

26  **REQUEST FOR ADMISSION NO. 57:**

27  ADMIT that GEO required EMANUEL SANTIAGO to work without meal and

28  rest periods during his employment with GEO.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                    27.                    5:16-CV-02263 – DOC - KK

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request on the grounds that it calls for a legal conclusion.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is overly broad as to time and scope.  Defendants further object to this Request on the grounds that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without further clarification, Defendants cannot provide an intelligible response.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Subject to, and without waiving the foregoing objections, Defendants respond as follows:  Defendants admit that during Plaintiff's employment Defendants provided meal and rest periods to employees, including Plaintiff, in accordance with a lawful meal and rest period policy.  Defendants also admit that Plaintiff may have elected not to take break periods provided to him during his employment.  To the extent this request otherwise suggests improper conduct by Defendants, Defendants deny it on that basis.

**REQUEST FOR ADMISSION NO. 58:**

ADMIT that EMANUEL SANTIAGO did in fact, work without meal and rest breaks during his employment with GEO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Defendants incorporate the objections set forth above in its Preliminary Statement and General Objections.  Defendants object to this Request on the grounds that it calls for a legal conclusion.  Defendants object to this Request because it is vague and ambiguous. Defendants further object to this Request on the grounds that it is compound.  Defendants further object to this Request on the grounds that it is

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

28.

5:16-CV-02263 – DOC - KK

1  overly broad as to time and scope.

2  Without further clarification, Defendants cannot provide an intelligible

3  response.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

5  Subject to, and without waiving the foregoing objections, Defendants respond

6  as follows:  Defendants admit that during Plaintiff's employment Defendants provided

7  meal and rest periods to employees, including Plaintiff, in accordance with a lawful

8  meal and rest period policy.  Defendants also admit that Plaintiff may have elected not

9  to take break periods provided to him during his employment.  To the extent this

10  request otherwise suggests improper conduct by Defendants, Defendants deny it on

11  that basis.

12  **REQUEST FOR ADMISSION NO. 1:**

13  ADMIT that GEO often "collapsed" or canceled certain posts due to short

14  staffing at Adelanto Detention Facility.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

16  Defendants incorporate the objections set forth above in its Preliminary

17  Statement and General Objections.  Defendants object to this Request because it is

18  vague and ambiguous. Defendants further object to this Request on the grounds that it

19  is compound.  Defendants further object to this Request on the grounds that it is

20  overly broad as to time and scope.  Defendants further object to this Request on the

21  grounds that it seeks information that is not relevant and is not reasonably calculated

22  to lead to the discovery of admissible evidence.

23  Without further clarification, Defendants cannot provide an intelligible

24  response.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

26  Subject to, and without waiving the foregoing objections, Defendants respond

27  as follows:   The terms of the request are undefined and susceptible of multiple

28  interpretations or variations, rendering the request impermissibly compound without

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                29.                5:16-CV-02263 – DOC - KK

1  further clarification.  In particular, this request fails to specify any particular post or

2  time period, or to otherwise specify which posts Plaintiff believes were "collapsed" or

3  to define the term to "collapse" in this context.  The term "often" is also undefined.

4  Defendants cannot provide a singular response to a request that potentially

5  encapsulates different circumstances on different days, for an undefined period of

6  time.  Accordingly, Defendants can neither admit nor deny this request, and on those

7  grounds deny it.

8  **REQUEST FOR ADMISSION NO. 62:**

9      ADMIT that GEO Supervisors required EMANUEL SANTIAGO to initial that

10  he had received his state sanctioned rest breaks before EMANUEL SANTIAGO had

11  in fact received his rest breaks.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

13      Defendants incorporate the objections set forth above in its Preliminary

14  Statement and General Objections.  Defendants object to this Request on the grounds

15  that it calls for a legal conclusion.  Defendants object to this Request because it is

16  vague and ambiguous. Defendants further object to this Request on the grounds that it

17  is compound.  Defendants further object to this Request on the grounds that it is

18  overly broad as to time and scope.

19      Without further clarification, Defendants cannot provide an intelligible

20  response.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

22      Subject to, and without waiving the foregoing objections, Defendants respond

23  as follows:  The terms of the request are undefined and fail to specify any specific

24  time period or supervisor.  Defendants deny that Plaintiff was forced to initial that he

25  had received rest breaks he did not receive, and otherwise deny any improper conduct

26  by Defendants.

27  **REQUEST FOR ADMISSION NO. 63:**

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

30.

5:16-CV-02263 – DOC - KK

1   ADMIT that EMANUEL SANTIAGO had not received his contracted for two-
2   year work raise.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

4   Defendants incorporate the objections set forth above in its Preliminary
5   Statement and General Objections.  Defendants object to this Request on the grounds
6   that it calls for a legal conclusion.  Defendants object to this Request because it is
7   vague and ambiguous. Defendants further object to this Request on the grounds that it
8   is compound.  Defendants further object to this Request on the grounds that it is
9   overly broad as to time and scope.  Defendants further object to this Request on the
10  grounds that it seeks information that is not relevant and is not reasonably calculated
11  to lead to the discovery of admissible evidence.

12  Without further clarification, Defendants cannot provide an intelligible
13  response.

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

15  Subject to, and without waiving the foregoing objections, Defendants respond
16  as follows:  The terms of the request are undefined and the reference to a "contracted
17  for two-year work raise" is ambiguous, rendering the request unintelligible.
18  Defendants admit that at all times Plaintiff was properly paid.  To the extent this
19  request otherwise suggests improper conduct by Defendants, Defendants deny it on
20  that basis.

21  **REQUEST FOR ADMISSION NO. 65:**

22  ADMIT that EMANUEL SANTIAGO often worked more than forty (40) hours
23  per week during a workweek.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

25  Defendants incorporate the objections set forth above in its Preliminary
26  Statement and General Objections.  Defendants object to this Request on the grounds
27  that it calls for a legal conclusion.  Defendants object to this Request because it is
28  vague and ambiguous. Defendants further object to this Request on the grounds that it

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE                31.              5:16-CV-02263 – DOC - KK

1  is compound.  Defendants further object to this Request on the grounds that it is

2  overly broad as to time and scope.

3       Without further clarification, Defendants cannot provide an intelligible

4  response.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

6       Subject to, and without waiving the foregoing objections, Defendants respond

7  as follows: Defendants admit that at times Plaintiff worked more than 40 hours per

8  week and that Plaintiff was lawfully paid for any such work performed.  To the extent

9  this request otherwise suggests improper conduct by Defendants, Defendants deny it

10  on that basis.

11  **REQUEST FOR ADMISSION NO. 67:**

12       ADMIT that on or before August 5, 2015, it was is [*sic*] common practice at the

13  Adelanto Detention Facility for Detention Officers to conduct meal service while unit

14  count was in progress.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

16       Defendants incorporate the objections set forth above in its Preliminary

17  Statement and General Objections.  Defendants object to this Request because it is

18  vague and ambiguous. Defendants further object to this Request on the grounds that it

19  is compound.  Defendants further object to this Request on the grounds that it is

20  overly broad as to time and scope.  Defendants further object to this Request on the

21  grounds that it seeks information that is not relevant and is not reasonably calculated

22  to lead to the discovery of admissible evidence.

23       Without further clarification, Defendants cannot provide an intelligible

24  response.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

26       Subject to, and without waiving the foregoing objections, Defendants respond

27  as follows:  Defendants admit that a meal service could be conducted while detainee

28  count was in progress, but deny that it was "common practice."  Unless specifically

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

32.

5:16-CV-02263 – DOC - KK

1  admitted the request is otherwise denied.

2  **REQUEST FOR ADMISSION NO. 68:**

3  ADMIT that on or before August 5. 2015, it was is [*sic*] common practice at the

4  Adelanto Detention Facility for Detention Officers to allow detainees to use the

5  showers while unit count was in progress.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

7  Defendants incorporate the objections set forth above in its Preliminary

8  Statement and General Objections.  Defendants object to this Request because it is

9  vague and ambiguous. Defendants further object to this Request on the grounds that it

10  is compound.  Defendants further object to this Request on the grounds that it is

11  overly broad as to time and scope.  Defendants further object to this Request on the

12  grounds that it seeks information that is not relevant and is not reasonably calculated

13  to lead to the discovery of admissible evidence.

14  Without further clarification, Defendants cannot provide an intelligible

15  response.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

17  Subject to, and without waiving the foregoing objections, Defendants respond

18  as follows:  Defendants admit that on or before August 5, 2015, Plaintiff allowed a

19  detainee to remain in the shower while a count was in progress, but deny that it was

20  "common practice" for Detention Officers to do so.  Unless specifically admitted the

21  request is otherwise denied.

22  **REQUEST FOR ADMISSION NO. 69:**

23  ADMIT that on or before August 5. 2015, it was is [*sic*] common practice at the

24  Adelanto Detention Facility for Detention Officers to release detainee porters to assist

25  Officers to distribute meal service to detainees housed in the Segregation unit while

26  unit count is in progress.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

28  Defendants incorporate the objections set forth above in its Preliminary

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

33.

5:16-CV-02263 – DOC - KK

1  Statement and General Objections.  Defendants object to this Request because it is
2  vague and ambiguous. Defendants further object to this Request on the grounds that it
3  is compound.  Defendants further object to this Request on the grounds that it is
4  overly broad as to time and scope. Defendants further object to this Request on the
5  grounds that it seeks information that is not relevant and is not reasonably calculated
6  to lead to the discovery of admissible evidence. Without further clarification,
7  Defendants cannot provide an intelligible response.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

9      Subject to, and without waiving the foregoing objections, Defendants respond
10  as follows:  Defendants admit that on or before August 5, 2015, Plaintiff pulled
11  detainee porters to assist him while a count was in progress, but deny that it was
12  "common practice" for Detention Officers to do so.  Unless specifically admitted the
13  request is otherwise denied.

14

15  Dated:   October 27, 2017

16

17                                  */s/ Michelle Rapoport*
                                    ELIZABETH STAGGS WILSON
18                                  MICHELLE RAPOPORT
                                    LITTLER MENDELSON, P.C.
19                                  Attorneys for Defendants
                                    THE GEO GROUP, INC. and GEO
20                                  CORRECTIONS AND DETENTION,
                                    LLC
21

22
    Firmwide:150589825.4 059218.1286
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' SUPPLEMENTAL
RESPONSE TO RFA, SET ONE

34.

5:16-CV-02263 – DOC - KK