UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-2263-DOC (KKx)** | Date: | December 20, 2017 |
|---|---|---|---|
| Title: | ***Emanuel Santiago v. The Geo Group, Inc., et al.*** | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 31]**

On November 6, 2017, Plaintiff Emanuel Santiago ("Plaintiff") filed a Motion to Compel Further Responses to Requests for Production, Requests for Admission, and Special Interrogatories ("Motion"). ECF Docket No. ("Dkt.") 31. Plaintiff also requests an award of expenses incurred in bringing the Motion in the sum of $12,900.00. Id. For the reasons set forth below, (a) Plaintiff's Motion is GRANTED IN PART and DENIED IN PART, and (b) Plaintiff's request for expenses is DENIED.

I.
PROCEDURAL HISTORY

The action arises out of Plaintiff's alleged wrongful termination and various California Labor Code violations. Dkt. 1-2, Compl. Plaintiff was employed by Defendants The GEO Group, Inc. and GEO Corrections and Detention, Inc. ("Defendants"), a private prison company, at its Adelanto Detention Facility in San Bernardino County. Id. Plaintiff alleges he was terminated on the basis of his gender after an incident on August 5, 2015 when Plaintiff did not secure a high-security detainee, Jimmy Irias, who attempted to escape from his shower. Id. Plaintiff alleges another employee, Officer Marquez, who was pregnant at the time, was not treated similarly because she was not terminated as a result of the August 5, 2015 incident until she returned from maternity leave. Id.

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk ___

Plaintiff initiated this action in San Bernardino County Superior Court on July 18, 2016. Id. On October 28, 2016, the case was removed to federal court. Dkt. 1.

On January 13, 2017, the Court issued a Scheduling Order setting a deposition cut-off of October 23, 2017, discovery cut-off of October 30, 2017, service of discovery motions regarding insufficient responses cut-off of November 6, 2017, and trial for January 23, 2018. Dkt. 16.

On January 16, 2017, Plaintiff propounded Requests for Admission, Interrogatories, and Requests for Production on Defendants. Dkt. 31-1, Declaration of Amir Mostafavi ("Mostafavi Decl."), ¶ 3.

On May 2, 2017, Defendants served responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production. Id. ¶ 4.

On September 19, 2017, Plaintiff's counsel requested supplemental responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production. Id. ¶ 5, Ex. A.

On October 4, 2017, Defendants served additional documents in response to Plaintiff's request for supplemental responses to Requests for Production; however, many of the documents were redacted. Id. ¶ 8, Ex. C.

On October 16, 2017, Plaintiff filed an Ex Parte Application to compel supplemental responses to ninety-seven discovery requests including ten Interrogatories, forty-four Requests for Admission, and forty-three Requests for Production of Documents. Dkt. 23. On October 18, 2017, the Court denied Plaintiff's Ex Parte Application without prejudice. Dkt. 27.

On October 26, 2017, Plaintiff served on Defendants Plaintiff's portion of a Joint Stipulation pursuant to Local Rule 37-2 seeking supplemental responses to all ninety-seven discovery requests. Mostafavi Decl., ¶ 17.

On October 27, 2017, Defendants served supplemental responses to numerous, but not all, of the discovery requests, as well as the un-redacted documents. Id. ¶ 18.

On November 2, 2017, Defendants returned their portion of the Joint Stipulation addressing all ninety-seven discovery requests. Id. ¶ 21, Ex. J ("JS").

On November 6, 2017, Plaintiff filed the instant Motion to Compel arguing twelve discovery requests remained at issue, but there was insufficient time before the discovery motion cut-off to serve an amended joint stipulation. Dkt. 31. On November 16, 2017, Defendants filed an Opposition. Dkt. 37. On November 22, 2017, Plaintiff filed a Reply. Dkt. 48. The matter thus stands submitted.

///
///

**II.**
**APPLICABLE LAW**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii), (iv), "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

///
///
///

## III.
## DISCUSSION

### A.    REQUESTS FOR PRODUCTION

#### 1.    Relevant Law

In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Responses to requests for production "must be complete, explicit and responsive." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012).

#### 2.    The Requests for Production

Request for Production No. 25: "Any and all DOCUMENTS that in any manner relate, reflect or refer to any administrative or civil complaints or claims filed against YOU for unpaid wages during the last five (5) years" JS at 25.

Request for Production No. 39: "Any and all DOCUMENTS that in any manner relate, reflect or refer to the General Incident Report through August 5, 2015, which records any unusual activity or behavior of detainee Irias Jimmy upon detainee Jimmy Irias' placement in the Segregation Housing Unit." Id. at 62.

Request for Production No. 43: "Any and all DOCUMENTS that in any manner relate, reflect or refer to the Daily Call Sheet maintained on Augusts, 2015 [sic]." Id. at 79.

Request for Production No. 51: "Any and all DOCUMENTS that in any manner relate, reflect or refer to a Notification of a modification, or restriction to detainee Irias' program made out to the Facility Administrator." Id. at 99.

Request for Production No. 59: "Any and all DOCUMENTS that in any manner relate, reflect or refer to the fact that the segregation housing unit in the Adelanto Detention Facility had reduced staffing during the RELEVANT PERIOD." Id. at 125.

Request for Production No. 62: "Any and all DOCUMENTS that in any manner relate, reflect or refer to Adelanto Detention Facility undergoing construction expanding the Housing Unit." Id. at 129.

Request for Production No. 63: "Any and all DOCUMENTS that in any manner relate, reflect or refer to GEO's contract with Immigration and Customs Enforcement (ICE) providing that all Command Centers are to be properly staffed." Id. at 133-34.

Request for Production No. 69: "Any and all DOCUMENTS that indicate the number of showers requested by detainees on the segregation housing unit during the Second Shift of the Segregation Housing Unit of the Adelanto Detention Facility." Id. at 144.

Request for Production No. 70: "Any and all DOCUMENTS over the past five (5) years, that in any manner relate, reflect or refer any that indicate the number of showers requested by detainees on the segregation housing unit during the Second Shift of the Segregation Housing Unit of the Adelanto Detention Facility." Id. at 149.

### 3.     Defendants' Objections and Responses

Defendants object to each request on the grounds of various objections, including relevance. JS at 25-26, 62, 79, 99, 125-26, 130, 134, 144, 149. Defendants provided supplemental responses to Request Nos. 39, 51, 69, and 70, standing on their objections, including relevance. Rapoport Decl., Ex. F.

### 4.     Plaintiff's Arguments

In the Joint Stipulation, Plaintiff states as to each request, "the request seeks documents relating to Defendant's record-keeping which is pertinent to the causes of action filed in this matter." JS at 26, 63, 100, 126, 130, 134, 145, 149.

In the Motion, Plaintiff's entire argument regarding the relevance of the requests is limited to the following:

> This case involves Plaintiff being terminated due to a detainee he was responsible for. The detainee was in the shower but left and any documents notifying employees of special precaution[s] that needed to be taken due to prior incidents involving the detainee and records of shower requests are relevant to the case. Plaintiff alleges wage and hourly claims in his compliant as well as retaliation. As such any documents pertaining to administrative complaints are relevant.
> Furthermore, the Plaintiff's wrongful termination was due to short-staffing and as such any documents pertaining to reduction in staffing and ICE staffing requirements are relevant.

Dkt. 31 at 6.

### 5.     Analysis

Here, Plaintiff fails to satisfy his burden of explaining how the requested discovery is relevant to his claims. Bluestone Innovations LLC, 2013 WL 6354419, at *2. In fact, other than reciting the requests and setting forth his claims, Plaintiff makes no effort to articulate a theory of relevance.

First, Plaintiff fails to explain how documents relating to claims for unpaid wages made by anyone other than Plaintiff are relevant to Plaintiff's claim for unpaid wages. Therefore, Plaintiff's Motion to compel further response to Request for Production No. 25 is DENIED.

In addition, Plaintiff fails to explain how documents relating to notice of special precautions regarding detainee Irias, shower requests, or construction are relevant to Plaintiff's claim for wrongful termination. Therefore, Plaintiff's Motion to compel further responses to Request for Production Nos. 39, 51, 43, 69, 70, and 62 is DENIED.

Finally, Plaintiff fails to explain how documents relating to an alleged staff shortage resulted in his being terminated based on his gender or was a pretext for his termination. In fact, a theory that Defendants terminated Plaintiff due to short staffing seems to contradict Plaintiff's claim that he was terminated based on his gender. Therefore, Plaintiff's Motion to compel further responses to Request for Production Nos. 59 and 63 is DENIED.

## B.     INTERROGATORIES

### 1.     Relevant Law

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

### 2.     Interrogatory No. 13

Interrogatory No. 13: "Please IDENTIFY each and every DOCUMENT that supports your contention that a modification or restriction to detainee Irias Jimmy's individual program or privileges were made, and a notification of such was made to the Facility Administrator in writing." JS at 177.

Defendants object on the grounds the Interrogatory (a) is vague and ambiguous; (b) is compound; (c) is overbroad; (d) seeks information pertaining to individuals, the disclosure of which would constitute an invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality; (e) seeks irrelevant information; (f) violates the attorney-client privilege and/or the attorney work product doctrine; and (g) seeks confidential and/or proprietary information. Id.

Defendants' Supplemental Response states: "The interrogatory remains vague and ambiguous as to what is meant by a 'modification' or 'restriction' to Detainee Irias' 'individual program' and Plaintiff has taken no steps to clarify these terms. Further, the information sought

in this interrogatory violates privacy rights of third persons to this lawsuit.  Defendants cannot divulge specific information regarding detainees or detainees' status.  Further, Defendants do not contend that Plaintiff was required to secure Irias in the shower due to a modification or restriction specific to Irias.  Rather, all detainees must be secured in the shower."  Rapoport Decl., Ex. H.

In the Motion, Plaintiff argues the Interrogatory "is relevant as it goes to the issue of detainee Irias' dangerous propensity and notice to employees of such dangerous propensity."  Dkt. 31 at 9.

Plaintiff fails to satisfy his burden of explaining how documents relating to notice of special precautions regarding detainee Irias are relevant to Plaintiff's claims, particularly in light of Defendants' Supplemental Response explaining that Plaintiff was not terminated due to failure to take a precaution specific to detainee Irias.  Therefore, Plaintiff's Motion to compel further response to Interrogatory 13 is DENIED.

## C.    REQUESTS FOR ADMISSIONS

### 1.    Relevant Law

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  If a matter is not admitted, a denial must "state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Id.

### 2.    Request for Admission No. 13

Request for Admission No. 13: "ADMIT that the June 2015 Adelanto Detention Facility: Policy and Procedure Manual Post orders contained changes its policies and procedures with respect to staff member escort of detainees."  JS at 210.

Defendants object on the grounds the request (a) is vague and ambiguous; (b) compound; (c) overbroad as to time and scope; and (d) seeks irrelevant information.  Id.

Defendants argue it is unclear which document Plaintiff is seeking to compare to the June 2015 Policy and Procedure Manual, and Plaintiff fails to explain how the request pertains to Plaintiff's allegations.  JS at 212-13.  In the Motion, Plaintiff argues "any changes made prior to

or near the event in question is relevant" because "[o]ne of the main issues in the case involves the changes in policies and procedures." Dkt. 31 at 9.

While the request as phrased is vague, there is sufficient information for Defendants to fairly respond to the substance of the matter. However, the Court agrees the request is overbroad as to time and scope. Hence, Plaintiff's request for further response to Request No. 13 is GRANTED in part. Defendants shall provide a further response, qualified in good faith as necessary, and limited to comparison with policy manuals applicable during the time Plaintiff was employed by Defendants.

### 3. Request for Admission No. 18

Request No. 18: "ADMIT that on every time on or before August 4, 2015, EMANUEL SANTIAGO worked Second Shift but not in the Segregation unit." JS at 220.

Defendants object on the grounds the request (a) calls for a legal conclusion; (b) is vague and ambiguous; (c) is compound; (d) is overbroad as to time and scope; and (e) seeks irrelevant information. Id. at 220-21.

Defendants argue it is unclear whether Plaintiff is asking "whether Plaintiff only worked the second shift, or whether the only time he worked the second shift prior to the date in the request he was not working in the segregation unit." Id. at 222.

In the Motion, Plaintiff clarifies that this request asks Defendants to admit "that Plaintiff had never worked in second watch in segregation prior to August 4, 2015." Dkt. 31 at 8.

While the request as phrased is vague, there is sufficient information for Defendants to fairly respond to the substance of the matter, particularly in light of Plaintiff's clarification in the Motion. The request does not appear to call for a legal conclusion, nor is it overbroad as to time or scope. Hence, Plaintiff's request for further response to Request No. 18 is GRANTED as the request is clarified in the Motion.

### IV.
### SANCTIONS

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Applying this standard, the Court finds sanctions are not warranted.

Hence, the Court DENIES Plaintiff's request for sanctions.

///

# V.
# ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)     Plaintiff's Motion to Compel further responses to Request for Admission Nos. 13 and 18 is **GRANTED in part as set forth above**. ***Within five (5) days of the date of this Order***, Defendants shall provide Supplemental Responses to Requests for Admission Nos. 13 and 18;

(2)     Plaintiff's Motion to Compel further responses to Requests for Production Nos. 25, 39, 43, 51, 59, 62, 63, 69, and 70 and Special Interrogatory No. 13 is **DENIED**; and

(3)     Plaintiff's request for payment of reasonable expenses incurred in making the Motion to Compel is **DENIED**.