J. KEVIN LILLY, Bar No. 119981
klilly@littler.com
MICHELLE RAPOPORT, Bar No. 247459
mrapoport@littler.com
BROOKE DEARDURFF, Bar No. 292433
bdeardurff@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendants
THE GEO GROUP, INC. and GEO
CORRECTIONS AND DETENTION, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL SANTIAGO, an individual, | Case No. 5:16-CV-02263 – DOC – KK |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | |
| THE GEO GROUP, INC., a Florida Corporation dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC; DOES 1 - 10, individuals, and DOES, 11 - 20, business entities inclusive, | [L.R. 16-4] |
| Defendants. | Pretrial Conference:   January 8, 2018<br>Trial:   January 16, 2018 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

# TABLE OF CONTENTS

**PAGE**

I.   PLAINTIFF'S CLAIMS AND GEO'S KEY EVIDENCE IN OPPOSITION ................................................................................................1

   A.   Plaintiff's Claims ...................................................................................1

   B.   Elements Required to Establish Plaintiff's Claims .................................1

   C.   Brief Description of GEO's Key Evidence in Opposition .......................6

      1.   Plaintiff Cannot Establish Failure to Prevent Discrimination.........6

      2.   Plaintiff Cannot Establish Gender Discrimination .....................7

      3.   Plaintiff Cannot Establish Wrongful Termination in Violation of Public Policy.................................................................9

      4.   Plaintiff Cannot Establish Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)...........................................9

      5.   Plaintiff Cannot Establish Retaliation in Violation of Cal. Labor Code § 1102.5.............................................................10

      6.   Plaintiff Cannot Establish Failure to Provide Meal and Rest Periods .............................................................................11

      7.   Plaintiff Cannot Establish Failure to Pay Overtime Compensation...............................................................................12

      8.   Plaintiff Cannot Establish Failure to Provide Accurate Wage Statements .......................................................................13

      9.   Plaintiff Cannot Establish Failure to Pay Wages Upon Termination ...............................................................................13

      10.  Plaintiff Cannot Establish Failure to Pay Wages on Regularly Scheduled Paydays .....................................................14

II.  GEO'S AFFIRMATIVE DEFENSES AND KEY EVIDENCE IN SUPPORT ...............................................................................................14

   A.   GEO's Affirmative Defenses..................................................................14

   B.   Elements Required to Establish GEO's Affirmative Defenses...............15

   C.   Brief Description of GEO's Key Evidence in Support of the Affirmative Defenses............................................................................22

      1.   The Fifth Affirmative Defense of Res Judicata ...........................22

      2.   The Fourth Affirmative Defense of Estoppel ..............................22

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

3. The Sixth Affirmative Defense of Unclean Hands .......................23

4. The Seventh Affirmative Defense of Consent ..............................23

5. The Eighth Affirmative Defense of Waiver and Release ............23

6. The Tenth Affirmative Defense of Statute of Limitations...........24

7. The Eleventh Affirmative Defense of Avoidable Consequences and No Knowledge of Work ...................................24

8. The Twelve Affirmative Defense of No Employment Relationship..................................................................................25

9. The Thirteenth and Twenty-Seventh Affirmative Defenses of Good Faith or Bona Fide Disputes and Lack of Willful Conduct ..........................................................................................25

10. The Sixteenth and Seventeenth Affirmative Defenses of Failure to Mitigate.........................................................................25

11. The Eighteenth Affirmative Defense of Failure to Take Breaks Provided ............................................................................26

12. The Twenty-Eighth Affirmative Defense of De Minimis.............27

13. The Thirtieth Affirmative Defense of Failure to Timely Exhaust Administrative Remedies ...............................................27

14. The Thirty-Second Affirmative Defense of Legitimate Business Decision ..........................................................................27

15. The Thirty-Fifth Affirmative Defense of Mixed Motive .............28

16. The Thirty-Sixth and Thirty-Seventh Affirmative Defenses of Emotional Distress Caused by Other Sources .........................28

17. The Fortieth and Forty-Third Affirmative Defenses of Lack of Standing ....................................................................................28

18. The Forty-Seventh Affirmative Defense of LMRA Preemption....................................................................................29

III.   ADDITIONAL ISSUES ...............................................................................30

A. Jury Trial.............................................................................................30

B. Attorney's Fees...................................................................................30

C. Abandonment of Issues ......................................................................31

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agarwal v. Johnson,*
   25 Cal. 3d 932 (1979)..................................................................................21

*Alch v. Super. Ct.,*
   122 Cal. App. 4th 339 (2004) ....................................................................10

*Amaral v. Cintas Corp. No. 2,*
   163 Cal. App. 4th 1157 (2008) ..................................................................14

*Anderson v. Mt. Clemens Pottery,*
   328 U.S. 680 (1946)....................................................................................19

*Araquistain v. Pacific Gas & Electric Company,*
   229 Cal.App.4th 227 (2014) ........................................................ 11, 21, 26

*Associated Builders & Contractors v. Local 302 Int'l Bhd. of Elec.
   Workers,*
   109 F.3d 1353 (9th Cir. 1997)......................................................... 9, 11, 29

*Barton v. New United Motor Manufacturing, Inc.,*
   43 Cal. App. 4th 1200 (1996) ....................................................................24

*Brinker Restaurant Corp. v. Sup. Ct.,*
   53 Cal. 4th 1004 (2012) ............................................................... 12, 19, 26

*California Fair Employment & Housing Com. v. Gemini Aluminum
   Corp.,*
   122 Cal.App.4th 1004 (2004) ......................................................................7

*CrossTalk Productions, Inc. v. Jacobson,*
   65 Cal. App. 4th 631 (1998) ......................................................................16

*Dothard v. Rawlinson,*
   433 U.S. 321 (1977).....................................................................................28

*Everson v. Mich. Dep't of Corr.,*
   391 F.3d 737 (6th Cir.2004)........................................................................28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

iii

*Forrester v. Roth's I.G.A. Foodliner, Inc.*
(9th Cir. 1981) 646 F.2d 413.................................................................................18, 24

*Guz v. Bechtel Nat'l, Inc.,*
24 Cal. 4th 317 (2000) ...................................................................................................27

*Holmes v. Metott, Inc.,*
*2013 U.S. Dist. LEXIS 189925* (January 15, 2013) .................................................18

*Jerzak v. City of S. Bend,*
996 F. Supp. 840 (N.D. Ind. 1998) .............................................................................19

*Jones v. Sunset Oil Co.,*
118 Cal. App. 2d 668 (1953)....................................................................................17, 22

*Jong v. Kaiser Foundation Health Plan, Inc.,*
226 Cal.App.4th 391 (2014) ...................................................................................13, 18

*King v. United Parcel Service,*
152 Cal. App. 4th 436 (2007) ......................................................................................20

*Kirby v. Immoos Fire Prot., Inc.,*
53 Cal.4th 1244 (2012) ..................................................................................................13

*Kobold v. Good Samaritan Reg'l Med. Ctr.,*
832 F.3d 1024 (9th Cir. 2016)......................................................................................11

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) ................................................................................................10

*Lindow v. United States,*
738 F.2d 1057 (9th Cir. 1984).......................................................................................19

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992)........................................................................................................21

*Nogart v. Upjohn Co.,*
21 Cal.4th 383 (1999) ....................................................................................................17

*Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.,*
103 Cal.App.4th 1021 (2002) .........................................................................................7

*Plaisted v. The Dress Barn, Inc.,*
2013 U.S. Dist. LEXIS 10501 (C.D. Cal. 2013)........................................................19

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

iv.

*Ramirez v. Yosemite Water Co.*,
    20 Cal. 4th 785 (1999) ................................................................24

*Reich v. Monfort*,
    144 F.3d 1329 (10th Cir. 1998)..................................................19

*Renne v. Servantes*,
    86 Cal. App. 4th 1081 (2001) ....................................................10

*Robinson v. Fair Employment & Housing Com.*,
    2 Cal.4th 226 (1992) ..................................................................22

*Sedie v. United States*,
    2010 U.S. Dist. LEXIS 39123 (N.D. Cal. 2010) .......................19

*Skulnick v. Roberts Express, Inc.*,
    2 Cal. App. 4th 884 (1992) ..................................................16, 22

*Sneddon v. ABF Freight Systems*,
    489 F. Supp.2d 1124 (2007)..........................................................6

*State Dept. of Health Services v. Superior Court*,
    31 Cal. 4th 1026 (2003) .............................................................17

*State Personnel Bd. v. Fair Empl. & Hous. Comm'n*,
    39 Cal. 3d 422 (1985).................................................................21

*Tameny v. Atlantic Richfield Co.*,
    27 Cal. 3d 167 (1980).............................................................21, 24

*Teamsters Local Union No. 117 v. Washington Dep't of Corr.*,
    789 F.3d 979 (9th Cir. 2015.).....................................................28

*Texas Dep't of Cmty. Affairs v. Burdine*
    (1981) 450 U.S. 248 ...................................................................27

*Thomas v. Home Depot USA Inc.*
    (N.D. Cal. 2007) 527 F. Supp. 2d 1003 .....................................24

*Trujillo v. County of Santa Clara*,
    775 F.2d 1359 (9th Cir. 1985).....................................................15

*Trujillo v. County Trans. Dist.*,
    63 Cal.App.4th 280 (1998) ..........................................7, 16, 17, 22

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
        v.

*TRW, Inc. v. Super. Ct.,*
    25 Cal. App. 4th 1834 (1994) ............................................................9

*White v. Starbucks Corp.,*
    497 F. Supp. 2d 1080 (N. D. Cal. 2007) ..........................................9

*White v. Ultramar, Inc.,*
    21 Cal. 4th 563 (1992) ....................................................................21

**Statutes**

Cal. Bus. & Prof. Code
    § 17208 ..........................................................................................24
    § 17200, *et seq* ........................................................................9, 30

Cal. Code Regs. § 13520 ........................................................................18

Cal. Evid. Code § 623 ............................................................................22

Cal. Gov. Code
    §§ 12960(d), 12965(b) ..................................................................24
    § 12970 ..........................................................................................21
    §§ 12945.2, 12960, and 12965 ......................................................27
    § 12940(k) ........................................................................................7

California Code of Civil Procedure sections 335.1, 337-339, 340(a) and
    340(3) ..............................................................................................24

California Labor Code Section
    218 ..................................................................................................18
    203 ..................................................................................................13
    203(b), 203 and 226 ................................................................18, 24
    204 ..................................................................................................14
    226(a) ........................................................................................13, 25
    512(a) ........................................................................................11, 26
    512(e)-(f) ........................................................................................11
    510 ..................................................................................................12
    512(e)(2) ....................................................................................21, 26
    514 ............................................................................................12, 22
    1102.5 ............................................................................................10
    1102.5(b) ........................................................................................10
    1174 ................................................................................................25
    2699.3 ............................................................................................29

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

vi.

2698, *et seq.*.................................................................................................27, 29

Labor Management Relations Act ................................................................ 11, 21, 29

Labor Management Relations Act Section 301 ......................................... 8, 9, 11, 29

**Other Authorities**

CACI 336 .............................................................................................................17

CACI 358 .............................................................................................................19

CACI 2508 ...........................................................................................................20

CACI 2512 ...........................................................................................................20

CACI 2704 ...........................................................................................................18

California Civil Jury Instructions No. 1302.........................................................16

California Forms of Jury Instruction............................................................ 16, 17, 20

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

vii.

**TO THE HONORABLE COURT:**

Pursuant to Central District Local Rule 16-4, Defendants THE GEO GROUP, INC. and GEO Corrections and Detention, LLC (collectively "GEO") hereby submit the following Memorandum of Contentions of Fact and Law regarding this action filed by Plaintiff Emanuel Santiago ("Plaintiff").

**I.   PLAINTIFF'S CLAIMS AND GEO'S KEY EVIDENCE IN OPPOSITION**

Plaintiff has alleged 10 causes of action in this matter.

**A.   <u>Plaintiff's Claims.</u>**

Claim 1:  Failure to Prevent Discrimination

Claim 2:  Gender Discrimination

Claim 3:  Wrongful Termination in Violation of Public Policy

Claim 4:  Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*)

Claim 5:  Retaliation in Violation of Cal. Labor Code § 1102.5

Claim 6:  Failure to Provide Meal and Rest Periods

Claim 7:  Failure to Pay Overtime Compensation

Claim 8:  Failure to Provide Accurate Wage Statements

Claim 9:  Failure to Pay Wages Upon Termination

Claim 10:  Failure to Pay Wages on Regularly Scheduled Paydays

**B.   <u>Elements Required to Establish Plaintiff's Claims</u>**

***Claim 1:  Failure to Prevent Discrimination***

The essential elements of a claim for failure to prevent discrimination are:

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

1

1.    Plaintiff was an employee of GEO;

2.    Plaintiff was subjected to discrimination in the course of employment;

3.    GEO failed to take reasonable steps to prevent the discrimination;

4.    Plaintiff was harmed; and

5.    GEO's failure to take all reasonable steps to prevent discrimination was a substantial factor in causing Plaintiff's harm.

*See* CACI No. 2527 (Failure to Prevent Harassment, Discrimination or Retaliation – Essential Factual Elements – Employer or Entity Defendant (Gov. Code, § 12940(k)).

### Claim 2:  Gender Discrimination

The essential elements of a claim for gender discrimination are:

6.    GEO was an employer;

7.    Plaintiff was an employee of GEO;

8.    GEO terminated Plaintiff; and

9.    Plaintiff's gender was a substantial motivating reason for GEO's decision to terminated Plaintiff;

10.    Plaintiff was harmed; and

11.    GEO's conduct was a substantial factor causing Plaintiff's harm.

*See* CACI No. 2500 (Disparate Treatment – Essential Factual Elements (Gov. Code, § 12940(a)).

### Claim 3:  Wrongful Termination in Violation of Public Policy

The essential elements of a claim for wrongful termination in violation of public policy, based on gender discrimination, are:

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

2.

1. **1.**    Plaintiff was employed by GEO;

2. **2.**    GEO terminated Plaintiff;

3. **3.**    Plaintiff's gender was a substantial motivating reason for Plaintiff's termination; and

4. **4.**    The termination caused Plaintiff harm.

*See* CACI No. 2430 (Wrongful Discharge / Demotion in Violation of Public Policy – Essential Factual Elements).

### Claim 4:  Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, et seq.)

The essential elements of a claim for unfair business practices are:

**1.**    GEO engaged in an unlawful, unfair or fraudulent business practice;

**2.**    Plaintiff suffered an injury as the result of the practice; and

**3.**    Plaintiff lost money or property as the result of the practice.

*See* Cal. Bus. & Prof. Code §§ 17203 & 17204.

### Claim 5:  Retaliation in Violation of Cal. Labor Code § 1102.5

The essential elements of a claim for retaliation in violation of California Labor Code section 1102.5 are:

**1.**    GEO was Plaintiff's employer;

**2.**    Plaintiff disclosed information of legal noncompliance with a statute or regulation to a government or law enforcement agency or to a GEO employee with authority to investigate, discover, or correct the legal noncompliance;

**3.**    Plaintiff had reasonable cause to believe that the information disclosed noncompliance with a statute or regulation;

**4.**    Plaintiff was discharged from employment;

**5.**    Plaintiff's disclosure was a contributing factor in GEO's decision to discharge his employment;

**6.**    Plaintiff was harmed; and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

3.

7.      GEO's conduct was a substantial factor in causing Plaintiff's harm. *See* CACI No. 4603 (Whistleblower Protection – Essential Factual Elements (Lab. Code §1102.5)).

**Claim 6:  Failure to Provide Meal and Rest Periods**

The essential elements of a claim for failure to provide meal and rest periods are:

1.      GEO's CBA with the Union does not meet the exclusion provisions of Labor Code section 512(e)(2);

2.      Plaintiff worked shifts of sufficient length to entitle him to meal and/or rest breaks each shift;

3.      GEO did not provide Plaintiff with reasonable opportunity to take a meal period of at least 30 minutes and/or a rest period of at least 10 minutes when required;

4.      Plaintiff was not able to take  required meal and/or rest breaks;

5.      Plaintiff informed GEO that he was not able to take required meal and/or rest breaks, or GEO was aware that Plaintiff was not able to take required meal and/or rest breaks;

6.      The number of meal and/or rest breaks Plaintiff can prove GEO did not provide him.

*See* Labor Code §§ 512 & 512(e)(2); *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1038-40 (2012); *see also Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1000; *see also, Araquistain v. Pacific Gas & Elec. Co.*, 229 Cal.App.4th 227 (2014).

**Claim 7:  Failure to Pay Overtime Compensation**

The essential elements of a claim for failure to pay overtime compensation are:

1.      GEO's CBA with the Union does not meet the exclusion provisions of Labor Code section 514;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

4.

**2.**   Plaintiff performed work for GEO that he did not report to GEO through his time records;

**3.**   GEO knew that Plaintiff performed work that Plaintiff did not report as worked hours;

**4.**   GEO failed to pay Plaintiff for the unreported work hours; and

**5.**   The amount of unreported work hours GEO owes Plaintiff.

*See* CACI No. 2702 (Nonpayment of Overtime Compensation – Essential Factual Elements (Lab. Code, § 1194)); *see also* Lab. Code §§ 510 & 514.

### Claim 8:  Failure to Provide Accurate Wage Statements

The essential elements of a claim for failure to provide accurate wage statements are:

**1.**   GEO failed to provide Plaintiff with accurate wage statements with all of the required information;

**2.**   GEO's failure to provide the accurate wage statements was done knowingly;

**3.**   GEO's failure to provide the accurate wage statements was done intentionally; and

**4.**   Plaintiff suffered injury as a result of the inaccurate wage statements.

*See* Cal. Lab. Code § 226.

### Claim 9:  Failure to Pay Wages Upon Termination

The essential elements of a claim for failure to pay wages upon termination are:

**1.**   GEO knew that it owed Plaintiff an amount of wages that was not in dispute on the day Plaintiff's employment with GEO ended;

**2.**   GEO failed to pay Plaintiff the wages that were not in dispute on the day Plaintiff's employment with GEO ended;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

5.

3.    GEO failure to pay Plaintiff the wages that were not in dispute was willful; and

4.    The amount of unpaid wages that were not in dispute on the day Plaintiff's employment with GEO ended.

See Cal. Lab. Code §§ 201, 202 & 203.

***Claim 10:  Failure to Pay Wages on Regularly Scheduled Paydays***

The essential elements of a claim for failure to pay wages on regularly scheduled paydays are:

1.    GEO's CBA with the Union does not specify the timing of scheduled paydays during Plaintiff's employment;

2.    Plaintiff earned wages during scheduled paydays during his employment;

3.    The scheduled paydays did not regularly occur at least two times per month;

4.    GEO failed to pay Plaintiff his wages on regularly scheduled paydays at least two times per month; and

5.    The number of times GEO failed to pay Plaintiff wages on regularly scheduled paydays at least two times per month.

See Cal. Lab. Code § 204.

**C.    Brief Description of GEO's Key Evidence in Opposition.**

**1.    Plaintiff Cannot Establish Failure to Prevent Discrimination.**

Plaintiff's claim fails because he does not have a viable claim for discrimination under FEHA and because GEO took reasonable steps to prevent discrimination.

As provided below regarding Plaintiff's second cause of action for gender discrimination, Plaintiff has failed to establish that GEO discriminated against him because of his gender, so he similarly cannot state a claim for failure to prevent discrimination. *Sneddon v. ABF Freight Systems,* 489 F. Supp.2d 1124, 1132-1133 (2007) ("absent a showing of actionable discrimination, there can be no violation of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                    6.

1    Government Code § 12940(k).); *Trujillo v. County Trans. Dist.*, 63 Cal.App.4th 280,

2    289 (1998)  ("Employers should not be held liable to employees for failure to take

3    necessary steps to prevent such conduct, except where such actions took place and

4    were not prevented."); *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.*, 103

5    Cal.App.4th 1021, 1035 (2002).)

6        Further, Plaintiff's claim fails because GEO took reasonable steps to prevent

7    discrimination, including establishing and promulgating anti-discrimination policies,

8    and implementing effective procedures to handle complaints.    *California Fair*

9    *Employment & Housing Com. v. Gemini Aluminum Corp.*, 122 Cal.App.4th 1004

10   (2004).  There is no evidence that GEO failed to take steps to prevent discrimination,

11   and Plaintiff's first cause of action fails.

12                  **2.    Plaintiff Cannot Establish Gender Discrimination.**

13       Plaintiff, a former Detention Officer with GEO, was terminated when he failed

14   to secure a federal high-security detainee, who thereafter gained access through locked

15   doors that were opened by another officer and nearly escaped.    Plaintiff claims he

16   "was terminated because of his gender, while another employee, Officer Marquez,

17   who was pregnant at the time, was not treated similarly." However, Plaintiff also

18   concedes that "Officer Marquez was terminated related to the August 2015 incident

19   with detainee Irias. Geo terminated her at a different time than Officer Santiago

20   because at the time that this happened Officer Marquez was pregnant and she went out

21   on maternity leave the following day.  When she returned after having her baby in

22   May, she was terminated…"

23       Plaintiff's allegations are self-defeating.  First, he attempts to establish disparate

24   treatment by reference to a single other employee, but he concedes the other

25   employee, Officer Marquez, *was also terminated in connection with the same*

26   *incident.*  Officer Marquez requested and qualified for a leave of absence protected by

27   federal and state law immediately after the incident, and before GEO terminated her

28   employment.  As a result, GEO implemented its decision to terminate her employment

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                7.

1    at the conclusion of her leave.   What differentiates Plaintiff and Officer Marquez

2    (even if Plaintiff could establish they were similarly situated in all other respects with

3    regard to the August 2015 near escape) is her protected leave of absence, not their

4    gender, or Officer Marquez's pregnancy.   Officer Marquez's qualifying condition

5    happened to be related to pregnancy, but the nature of her qualifying condition is

6    coincidental and irrelevant.   A different qualifying condition, unrelated to pregnancy,

7    would have necessarily led to the same result.

8        In addition, Plaintiff cannot establish GEO was motivated to terminate him

9    *because of his gender*.   Plaintiff's failure to secure a detainee in the shower, which

10   unquestioningly contributed to the detainee's attempted escape is, quite clearly, a

11   legitimate business reason for his termination.   The essence of a Detention Officer's

12   job is to maintain security by ensuring detainees remain secured.   GEO was amply

13   justified in terminating his employment, and his gender discrimination claim fails.

14       Plaintiff attempts to justify his conduct by arguing that he was following policy.

15   But then he also argues that his failure to secure the detainee in the shower was GEO's

16   fault, because Adelanto was understaffed (an allegation that is not supported by any

17   evidence), and because other employees could have, but did not prevent the attempted

18   escape.   Neither of these contradictory rationales proffered by Plaintiff undercut the

19   singular reason for Plaintiff's termination: his role in the attempted escape on August

20   5, 2015.   In fact, Plaintiff fully concedes he was terminated because of the incident.

21   Plaintiff has not provided any evidence to suggest the reason GEO provided for his

22   termination is not the "true" reason for his termination, that GEO provided shifting

23   reasons for the termination, or that GEO was motivated to terminate his employment

24   by anything other than his role in August 5, 2015 incident.

25       Furthermore, any argument by Plaintiff that GEO did not have "just cause" to

26   terminate his employment concerns a claim preempted by Section 301 of the Labor

27   Management Relations Act ("Section 301").   Section 301 preempts state-law claims

28   that are either based on, or require interpretation of, a collective bargaining agreement

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

8.

1  ("CBA"). *Associated Builders & Contractors v. Local* 302 Int'l *Bhd. of Elec. Workers*,

2  109 F.3d 1353, 1356-1357 (9th Cir. 1997) (Section 301 is construed "quite broadly to

3  cover most state-law actions that require interpretation of labor agreements").

4      The CBA states in relevant part, "No Officer shall be disciplined or discharged

5  without Just Cause.  The Company shall provide the Officer and the Union with a

6  copy of all disciplinary action forms… The CBA also provides a representative list of

7  reasons that constitute Just Cause for immediate dismissal, which includes inattention

8  to one's post.  Plaintiff's arguments regarding the correctness of GEO's decision to

9  terminate his employment, the applicable policies, or any similar argument must be

10  litigated through a grievance, under the terms of the CBA that governed his

11  employment.  Yet, Plaintiff abandoned his union grievance and elected to pursue his

12  lawsuit alleging gender discrimination.  Having done so, he cannot now litigate

13  whether just cause supports his termination, and can only prevail by demonstrating the

14  decision to terminate his employment was discriminatory.

15          **3.**    **Plaintiff Cannot Establish Wrongful Termination in Violation**

16              **of Public Policy.**

17      In addition to claiming gender discrimination in violation of FEHA, Plaintiff

18  alleges wrongful termination in violation of FEHA.  Plaintiff may not assert a

19  wrongful termination claim as a fallback to a statutory claim where the underlying

20  statutory claim itself fails. *TRW, Inc. v. Super. Ct.*, 25 Cal. App. 4th 1834 (1994).

21  Plaintiff's third cause of action for wrongful termination fails because as discussed

22  above, the underlying statutory claim upon which this claim is premised – his gender

23  discrimination claim – fails.

24          **4.**    **Plaintiff Cannot Establish Unfair Business Practices (Cal. Bus.**

25              **& Prof. Code § 17200, *et seq.*).**

26      Plaintiff's unfair competition law ("UCL") claim is derivative of his underlying

27  wage and hour claims.  As addressed below, those claims fail, and thus Plaintiff's

28  UCL claim must also fail. *See White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

9.

1    90 (N. D. Cal. 2007); *Renne v. Servantes*, 86 Cal. App. 4th 1081, 1087 (2001).

2    In addition, to the extent the UCL claim is derivative of his FEHA or wrongful

3    termination claims, it fails because an UCL claim is limited to injunctive relief and

4    restitution, and not monetary damages such as lost wages and benefits. *See Korea*

5    *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003); *Alch v. Super.*

6    *Ct.*, 122 Cal. App. 4th 339, n.79 (2004).  Accordingly, his fourth cause of action fails.

7    **5.    Plaintiff Cannot Establish Retaliation in Violation of Cal.**

8    **Labor Code § 1102.5.**

9    In order to establish he engaged in a protected activity, Plaintiff must show he

10   reported a violation of state or federal law or regulation. Cal. Labor Code § 1102.5(b).

11   But he did not do so here.  Plaintiff concedes that his alleged "protected activity" is

12   reflected in the statement he provided at GEO's request as part of its investigation into

13   his role in the attempted escape on August 5, 2015.  He states he visited the ICE

14   website and looked up information, and then included some of "his findings from the

15   website" in his written statement, and otherwise mentioned "deviations from ICE

16   standards" to his supervisors at some undisclosed time during his employment.

17   Plaintiff fails to identify any specific federal or state law or regulation that he

18   believes was violated. Similarly, he does not provide any information that "ICE

19   Detentions Standards" are a statute or regulation.  Even if he could establish the "ICE

20   Detention Standards" are a statute or regulation, he does not identify what specific

21   standard is at issue, how GEO violated it, or what violation he reported to GEO.  He

22   likewise does not identify for the Court what specific concern he allegedly brought to

23   GEO's attention.

24   His bare allegation that the Adelanto facility was short staffed, without any link

25   to any specific law or regulation, is insufficient to constitute a protected activity, or to

26   place GEO on notice that he was engaging in a protected activity.  Indeed, even if

27   Plaintiff is given every benefit of the doubt, his statement regarding the incident does

28   not reference understaffing.  And even if Plaintiff could establish that he reported

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                    10.

1  concerns about "understaffing" and that the report constitutes a protected activity, he
2  cannot show that GEO terminated him for raising these concerns.  This is particularly
3  the case because Plaintiff freely admits he was terminated as a result of the August 5,
4  2015 attempted escape.  There is no dispute that Plaintiff was terminated due to his
5  role in the August 5, 2015 attempted escape.

6        **6.**    **Plaintiff Cannot Establish Failure to Provide Meal and Rest**
7                **Periods.**

8       Plaintiff cannot pursue his meal and rest break claim in this forum.  California
9  Labor Code Section 512(a) excludes from coverage employees covered by a CBA that
10 meets various criteria that are met here.  *See Araquistain v. Pacific Gas & Electric*
11 *Company*, 229 Cal.App.4th 227, 236 (2014).  Pursuant to California Labor Code
12 Section 512(e)-(f), the CBA provides for all of the requirements under the section,[1]
13 and thus, the proper procedure for Plaintiff to seek redress for his allegation is through
14 the union grievance process.

15      In addition, Plaintiff's position regarding missed breaks is based on his
16 argument about the working conditions and policies, or change in policies, in the
17 facility, including his belief that it was "understaffed."  But those policy and staffing
18 issues are all governed by, and require interpretation of, the CBA and thus Plaintiff's
19 dispute concerning them must be grieved and arbitrated pursuant to the CBA, not in
20 this forum, as it is preempted by the Labor Management Relations Act.  *Associated*
21 *Builders & Contractors v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353,
22 1356-1357 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover most
23 state-law actions that require interpretation of labor agreements").  *See also, Kobold v.*
24 *Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016) (concluding claims
25 for premium pay were preempted because the amount owed was dependent on an

---

27 [1]  In addition, the CBA in effect from April 25, 2011 until July 2, 2015 provided for
    wages ranging from $15.59 per hour to $18.19 per hour. The CBA in effect from July
28 3, 2015 provided for wages ranging from $16.54 per hour to $19.30.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW        11.

1 analysis of the CBA.)

2  Moreover, even if the claim is not preempted, Plaintiff cannot establish a claim

3 for missed meal or rest breaks.  GEO maintained a lawful meal and rest break policy,

4 and provided Plaintiff with reasonable opportunity to take all applicable breaks during

5 his employment.  *See Brinker Restaurant Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1051

6 (2012) (while employers must make meal and rest periods available to employees,

7 they need not ensure they are taken, as employees can voluntarily waive or forego

8 them).  Plaintiff's time records also demonstrate that he took breaks, and Plaintiff has

9 provided no evidence during the course of the litigation to suggest that GEO

10 prevented him from taking, or pressured him not to take, meal or rest breaks.

   **7. Plaintiff Cannot Establish Failure to Pay Overtime**
11

12    **Compensation.**

13  Plaintiff seeks compensation for alleged unpaid overtime wages under Labor

14 Code section 510.  But Plaintiff cannot maintain the claim in this forum, according to

15 Section 514 of the Labor Code, because the parties' CBA addresses the wages and

16 working conditions of Plaintiff's employment, and Plaintiff was paid at least 30

17 percent more than minimum wage.  As a result, Plaintiff is precluded from bringing a

18 claim for violation of Section 510, and he must address the claim within the scope of a

19 grievance with the Union.

20  Moreover, Plaintiff cannot establish that he worked any uncompensated

21 overtime hours.  Plaintiff's time records reveal he was properly paid for all hours

22 worked, and has not provided any evidence during this litigation to establish any

23 unpaid overtime.

24  To the extent Plaintiff attempts to claim any off-the-clock work, he cannot

25 overcome the presumption against him.  *See Brinker*, 53 Cal. 4th at 1051 ("that

26 employees are clocked out creates a presumption they are doing no work").  Plaintiff

27 must prove GEO's knowledge of the uncompensated work, and he has no evidence to

28 do so here.  Instead, "'where an employer has no knowledge that an employee is

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW  12.

1   engaging in overtime work and that employee fails to notify the employer or
2   deliberately prevents the employer from acquiring knowledge of the overtime work,
3   the employer's failure to pay for the overtime hours is not a violation . . . .'" *Jong v.*
4   *Kaiser Foundation Health Plan, Inc.*, 226 Cal.App.4th 391, 395 (2014) (quoting
5   *Forrester v. Roth's I.G.A. Foodliner, Inc.* (9th Cir. 1981) 646 F.2d 413).

6         **8.**    **Plaintiff Cannot Establish Failure to Provide Accurate Wage**
7                 **Statements.**

8         Plaintiff's derivative claim for wage statement violations fails because the meal
9   and rest break claim, upon which it is based, fails.  Even if Plaintiff could establish his
10  break claim, he cannot bring a claim for inaccurate wage statements based solely on
11  alleged missed breaks. There can be no section 226 claim for noncompliant wage
12  statements based only on meal or rest period violations because section 226(a) does
13  not require a wage statement to include itemized listings of premium payments. *Kirby*
14  *v. Immoos Fire Prot., Inc.*, 53 Cal.4th 1244, 1256 (2012).

15        Moreover, there is no evidence of any inaccurate wage statements, let alone any
16  evidence to demonstrate any "knowing and intentional" failure to comply with the
17  requirements of Section 226.  Similarly, there is no evidence that Plaintiff has suffered
18  any injury as a result of any alleged error on his paystubs.  Plaintiff's claim fails
19  accordingly.

20        **9.**    **Plaintiff Cannot Establish Failure to Pay Wages Upon**
21                **Termination.**

22        Plaintiff's derivative claim for failure to pay all wages upon termination fails
23  because his underlying wage claims fails. Furthermore, California Labor Code section
24  203 states, "[i]f an employer willfully fails to pay . . . any wages of an employee who
25  is discharged or quits, the wages of the employee shall continue as a penalty from the
26  due date thereof at the same rate until paid or until an action therefore is commenced;
27  but the wages shall not continue for more than 30 days." CAL. LAB. CODE § 203.
28  "The settled meaning of 'willful,' as used in section 203, is that an employer has

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

13.

intentionally failed or refused to perform an act that was required to be done." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008).

Not only is there no evidence to suggest a willful failure to pay wages, but there is no evidence of any unpaid wages.  Plaintiff has shown no evidence during the course of this litigation that he worked any uncompensated hours, or that he informed GEO that he was working without compensation.

### 10. Plaintiff Cannot Establish Failure to Pay Wages on Regularly Scheduled Paydays.

Plaintiff's derivative claim under Labor Code section 204 or 210 fails for the same reason his other wage and hour claims fail.  Further, as with most of his other wage and hour claims, Plaintiff did not provide any evidence at all during discovery to suggest he was not paid properly, or to demonstrate why GEO should be held liable for a violation of these statutes.   Accordingly, Plaintiff's claim fails.

## II. GEO'S AFFIRMATIVE DEFENSES AND KEY EVIDENCE IN SUPPORT

### A. GEO's Affirmative Defenses.

Defense 1:  The Fifth Affirmative Defense of Res Judicata.

Defense 2:  The Fourth Affirmative Defense of Estoppel.

Defense 3:  The Sixth Affirmative Defense of Unclean Hands.

Defense 4:  The Seventh Affirmative Defense of Consent.

Defense 5:  The Eighth Affirmative Defense of Waiver and Release.

Defense 6:  The Tenth Affirmative Defense of Statute of Limitations.

Defense 7:  The Eleventh Affirmative Defense of Avoidable Consequences and No Knowledge of Work.

Defense 8:  The Twelve Affirmative Defense of No Employment Relationship.

Defense 9:  The Thirteenth and Twenty-Seventh Affirmative Defenses of Good Faith or Bona Fide Disputes and Lack of Willful Conduct.

Defense 10:  The Sixteenth and Seventeenth Affirmative Defenses of Failure to

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

14.

Mitigate.

Defense 11:  The Eighteenth Affirmative Defense of Failure to Take Breaks Provided.

Defense 12:  The Twenty-Eighth Affirmative Defense of De Minimis.

Defense 13:  The Thirtieth Affirmative Defense of Failure to Timely Exhaust Administrative Remedies.

Defense 14:  The Thirty-Second Affirmative Defense of Legitimate Business Decision.

Defense 15:  The Thirty-Fifth Affirmative Defense of Mixed Motive.

Defense 16:  The Thirty-Sixth and Thirty-Seventh Affirmative Defenses of Emotional Distress Caused by Other Sources.

Defense 17:  The Fortieth and Forty-Third Affirmative Defenses of Lack of Standing.

Defense 18:  The Forty-Seventh Affirmative Defense of Preemption.

**B.**      **Elements Required to Establish GEO's Affirmative Defenses.**

***Defense 1:  The Fifth Affirmative Defense of Res Judicata.***

The essential elements of this defense are:

**1.**      The claim relates to the same "primary right" as a claim asserted in a prior action;

**2.**      The prior judgment was final and on the merits; and

**3.**      Plaintiff was a party or in privity with a party in the prior action.

*See Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir. 1985).

***Defense 2:  The Fourth Affirmative Defense of Estoppel.***

The essential elements of this defense are:

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

15.

**1.**     Plaintiff made representations to GEO with the intention that GEO would rely on it;

**2.**     Plaintiff knew the true state of facts;

**3.**     GEO was ignorant of the true state of facts; and

**4.**     GEO reasonably relied on Plaintiff's representation to GEO's injury.

California Forms of Jury Instruction (Matthew Bender & Co.) MB300F.27; *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998) ("Employers should not be held liable to employees for failure to take necessary steps to prevent such conduct."); *Skulnick v. Roberts Express, Inc.*, 2 Cal. App. 4th 884, 891 (1992) ("Silence in the face of a duty to speak may create an estoppel").

**Defense 3:  The Sixth Affirmative Defense of Unclean Hands.**

The essential elements of this defense are:

**1.**     Plaintiff's conduct underlying his overtime claim, meal and rest break claim, and payday claim was unconscionable;

**2.**     Plaintiff's conduct resulted in prejudice to GEO.

California Forms of Jury Instruction (Matthew Bender & Co.) MB300F.29; *CrossTalk Productions, Inc. v. Jacobson*, 65 Cal. App. 4th 631, 639-643 (1998) (discussing fact-dependent inquiry of unclean hands defense).

**Defense 4:  The Seventh Affirmative Defense of Consent.**

The essential elements of this defense are:

**1.**     Plaintiff expressed consent by words or acts or by silence of inaction; and

**2.**     Plaintiff's words or acts of consent or silence or inaction were reasonably understood by GEO as consent.

*See* California Judicial Council of California Civil Jury Instructions No. 1302.

**Defense 5:  The Eighth Affirmative Defense of Waiver and Release.**

The essential elements of this defense are:

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

16.

1.     Plaintiff knew GEO was required to compensate him for all worked hours, provide him with reasonable opportunity to take all required meal and rest breaks, and provide him with regularly scheduled paydays;

2.     Plaintiff freely and knowingly gave up his right to have GEO perform any one or more of these obligations.

CACI 336; California Forms of Jury Instruction (Matthew Bender & Co.) MB300F.20; *Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998) ("Employers should not be held liable to employees for failure to take necessary steps to prevent such conduct."); *Jones v. Sunset Oil Co.*, 118 Cal. App. 2d 668, 672-673 (1953) ("Waiver may result from words or conduct.").

***Defense 6:  The Tenth Affirmative Defense of Statute of Limitations.***

The essential elements of this defense are:

1.     The applicable statute of limitations for the claim asserted; and

2.     Plaintiff failed to timely file his claim(s) within the applicable period.

*See Nogart v. Upjohn Co.*, 21 Cal.4th 383, 397 (1999).

***Defense 7:   The Eleventh Affirmative Defense of Avoidable Consequences and No Knowledge of Work.***

The essential elements of this defense are:

1.     GEO took reasonable steps to prevent any lack of payment for hours worked and any lack of reasonable opportunity for meal and rest breaks;

2.     Plaintiff unreasonably failed to avail himself of the preventive and corrective policies and procedures GEO provided;

3.     The reasonable use of GEO's procedures would have prevented some or all of Plaintiff's harm.

*See State Dept. of Health Services v. Superior Court*, 31 Cal. 4th 1026, 1043

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  (2003) ("Under the avoidable consequences doctrine as recognized in California, a
2  person injured by another's wrongful conduct will not be compensated for damages
3  that the injured person could have avoided by reasonable effort or expenditure"); *Jong*
4  *v. Kaiser Foundation Health Plan, Inc.*, 226 Cal.App.4th 391, 395 (2014); *Forrester*
5  *v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413 (9th Cir. 1981) ("'where an employer
6  has no knowledge that an employee is engaging in overtime work and that employee
7  fails to notify the employer or deliberately prevents the employer from acquiring
8  knowledge of the overtime work, the employer's failure to pay for the overtime hours
9  is not a violation . . . .'").

10  **Defense 8:  The Twelve Affirmative Defense of No Employment Relationship.**

11      The essential elements of this defense are:

12      **1.**    GEO Group, Inc. did not exercise control over the wages, hours, or
13      working conditions of Plaintiff; and

14      **2.**    GEO Group, Inc. did not suffer or permit Plaintiff to work.

15  *See Holmes v. Metott, Inc., 2013 U.S. Dist. LEXIS 189925* (January 15, 2013)

16  **Defense 9:   The Thirteenth and Twenty-Seventh Affirmative Defenses of**
17  **Good Faith or Bona Fide Disputes and Lack of Willful Conduct.**

18      The essential elements of this defense are:

19      **1.**    GEO paid all wages concededly due to Plaintiff on the last day of
20      his employment;

21      **2.**    GEO had a reasonable belief that it had a legal defense that could
22      potentially preclude Plaintiff from recovering any additional wages
23      he claimed he was owed.

24  CACI 2704; Cal. Lab. Code §§ 203, 218; 8 Cal. Code Regs. § 13520.

25  **Defense 10:  The Sixteenth and Seventeenth Affirmative Defenses of Failure**
26  **to Mitigate.**

27      The essential elements of this defense are:

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

18.

1.   Plaintiff could have avoided with reasonable efforts some or all of the damages he claims;

2.   The amount of damages for harm that Plaintiff could have avoided with reasonable efforts.

CACI 358; *Sedie v. United States*, 2010 U.S. Dist. LEXIS 39123, *46 (N.D. Cal. 2010) ("If a plaintiff, by [her] own action, unnecessarily enhances [her] loss [she] may not recover for such enhanced loss."); *Brinker Restaurant Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1040 (2012) ("employees cannot manipulate the flexibility granted them by employers to use their breaks as they see fit to generate such liability").

**Defense 11:   The Eighteenth Affirmative Defense of Failure to Take Breaks Provided.**

The essential elements of this defense are:

1.   GEO provided Plaintiff with a reasonable opportunity to take a meal or rest break;

2.   Plaintiff chose not to take those breaks provided to him.

*Plaisted v. The Dress Barn, Inc.*, 2013 U.S. Dist. LEXIS 10501, *11-12 (C.D. Cal. 2013)

**Defense 12:   The Twenty-Eighth Affirmative Defense of De Minimis.**

The essential elements of this defense are:

1.   Plaintiff worked additional time beyond the time for which he was compensated;

2.   The additional amount of time Plaintiff worked consisted of only a small or insignificant amount of time.

*See Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 692 (1946), superseded on other grounds by statute; *Reich v. Monfort*, 144 F.3d 1329 (10th Cir. 1998)*; Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984)*; Jerzak v. City of S. Bend*, 996 F. Supp. 840 (N.D. Ind. 1998).

**Defense 13:   The Thirtieth Affirmative Defense of Failure to Timely Exhaust**

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

19.

1  ***Administrative Remedies.***

2        The essential elements of this defense are:

3      **1.**    Plaintiff did not timely file an administrative complaint within one

4          year of the date on which Plaintiff's alleged unlawful practice

5          occurred.

6      *See* CACI 2508.

7      ***Defense 14:   The Thirty-Second Affirmative Defense of Legitimate Business***

8  ***Decision.***

9        The essential elements of this defense are:

10      **1.**    GEO had a legitimate business reason for terminating Plaintiff's

11          employment;

12      **2.**    GEO had an honest belief in the stated reasons for Plaintiff's

13          termination.

14      *See King v. United Parcel Service*, 152 Cal. App. 4th 436 (2007).

15      ***Defense 15:  The Thirty-Fifth Affirmative Defense of Mixed Motive.***

16        The essential elements of this defense are:

17      **1.**    Plaintiff claims that he was discharged because of his gender,

18          which is an unlawful discriminatory reason;

19      **2.**    Discrimination was a substantial motivating reason for Plaintiff's

20          discharge;

21      **3.**    Plaintiff's inability to perform his job was also a substantial

22          motivating factor;

23      **4.**    The decision to terminate Plaintiff's employment would have been

24          made anyway based on his inability to perform the job, regardless

25          of any motivation by unlawful discrimination.

26      CACI 2512; California Forms of Jury Instruction (Matthew Bender & Co.).

27      ***Defense 16:   The Thirty-Sixth and Thirty-Seventh Affirmative Defenses of***

28  ***Emotional Distress Caused by Other Sources.***

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

20.

The essential elements of this defense are:

1.  Plaintiff suffered emotional distress;

2.  The emotional distress was not caused by any wrongdoing by GEO.

*See* Cal. Gov't Code § 12970; *State Personnel Bd. v. Fair Empl. & Hous. Comm'n*, 39 Cal. 3d 422, 434 (1985) (FEHA Claim); *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 178 (1980) (wrongful termination in violation of public policy); *Agarwal v. Johnson*, 25 Cal. 3d 932, 953 (1979) (disapproved on other grounds in *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1992).

**Defense 17:  *The Fortieth and Forty-Third Affirmative Defenses of Lack of Standing.***

The essential elements of this defense are:

1.  Plaintiff did not provide the Labor Workforce Development Agency with proper notification of the claims and/or the names of the allegedly "aggrieved current or former employees" on whose behalf he intends to seek penalties, including compliance with the timing requirement for the notice and appropriate filing with the State; or

2.  Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because he is not an allegedly "aggrieved employee."

*See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

**Defense 18:  *The Forty-Seventh Affirmative Defense of LMRA Preemption.***

The essential elements of this defense are:

1.  The parties have a collective bargaining agreement in place;

2.  The claims asserted by Plaintiff against GEO are based on, or require interpretation of, the collective bargaining agreement;

*See Araquistain v. Pacific Gas & Elec. Co.*, 229 Cal.App.4th 227 (2014); Labor

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

21.

1    Code § 512(e)(2); Labor Code § 514.

2    **C.**    **Brief Description of GEO's Key Evidence in Support of the**

3    **Affirmative Defenses.**

4    **1.**    **The Fifth Affirmative Defense of Res Judicata.**

5    Plaintiff's wage and hour claims, including but not limited to his Tenth Cause

6 of Action for failure to pay wages on regularly scheduled paydays, are barred to the

7 extent they are precluded by the settlement and judgment in *Victor Lopez v. The Geo*

8 *Group, Inc. dba Geo California, Inc.,* CV14-06639-PSG (PLAx).

9    **2.**    **The Fourth Affirmative Defense of Estoppel.**

10    Plaintiff alleges he is owed for unpaid work hours and missed meal and rest

11 breaks.  But prior to his lawsuit, Plaintiff did not inform GEO that he believed he was

12 owed such compensation.  Instead, Plaintiff informed GEO that he had been paid for

13 all hours worked and had taken, or chose not to take, all meal and rest breaks to which

14 he was entitled.  To the extent Plaintiff precedes to trial with his allegations, then

15 during his employment with GEO he concealed and misrepresented his actual work

16 hours and meal and rest period activities, and Plaintiff is estopped from obtaining any

17 damages.

18    This is because "[w]henever a party, by a statement or conduct, intentionally

19 and deliberately leads another to believe a particular thing to be true and to act on this

20 belief, he or she is not in any litigation arising out of the statement or conduct,

21 permitted to contradict it."  Cal. Evid. Code § 623; Robinson v. Fair Employment &

22 Housing Com., 2 Cal.4th 226, 244-245 (1992); see Trujillo v. North County Transit

23 Dist., 63 Cal. App. 4th 280, 289 (1998) ("Employers should not be held liable to

24 employees for failure to take necessary steps to prevent such conduct."); Jones v.

25 Sunset Oil Co., 118 Cal. App. 2d 668, 672-673 (1953) ("Waiver may result from

26 words or conduct."); Skulnick v. Roberts Express, Inc., 2 Cal. App. 4th 884, 891

27 (1992) ("Silence in the face of a duty to speak may create an estoppel.").

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW      22.

### 3.    The Sixth Affirmative Defense of Unclean Hands.

Plaintiff alleges he is owed for unpaid work hours and missed meal and rest breaks.  But prior to his lawsuit, Plaintiff did not inform GEO that he believed he was owed such compensation.  Instead, Plaintiff informed GEO that he had been paid for all hours worked and had taken, or chose not to take, all meal and rest breaks to which he was entitled.   To the extent Plaintiff precedes to trial with his allegations, then during his employment with GEO he concealed and misrepresented his actual work hours and meal and rest period activities, and Plaintiff is precluded from obtaining any damages.

### 4.    The Seventh Affirmative Defense of Consent.

Plaintiff alleges he is owed for unpaid work hours and missed meal and rest breaks.  But prior to his lawsuit, Plaintiff did not inform GEO that he believed he was owed such compensation.  Instead, Plaintiff informed GEO that he had been paid for all hours worked and had taken, or chose not to take, all meal and rest breaks to which he was entitled.  Thus, Plaintiff consented to any unpaid work hours and missed meal and rest breaks.

### 5.    The Eighth Affirmative Defense of Waiver and Release.

Plaintiff alleges he is owed for unpaid work hours and missed meal and rest breaks.  But prior to his lawsuit, Plaintiff did not inform GEO that he believed he was owed such compensation.  Instead, Plaintiff informed GEO that he had been paid for all hours worked and had taken, or chose not to take, all meal and rest breaks to which he was entitled.   To the extent Plaintiff precedes to trial with his allegations, then during his employment with GEO he concealed and misrepresented his actual work hours and meal and rest period activities, and Plaintiff waived any right to obtain damages.

Plaintiff was responsible for recording all of the time he worked and for submitting accurate time records each payroll period.  GEO relied on Plaintiff's time records to compensate him properly during his employment.  It is impermissible for

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                    23.

1    Plaintiff now to claim that he concealed his actual hours from GEO, only to now seek

2    damages and penalties related to those hours he concealed.  *See Ramirez v. Yosemite*

3    *Water Co.*, 20 Cal. 4th 785, 802 (1999) (employee cannot evade applicable law

4    concerning his employment status due to his own substandard performance);

5    *Forrester v. Roth's IGA Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (employee

6    did not demonstrate employer should have known he worked more hours than those

7    claimed on time sheets).

8            **6.        The Tenth Affirmative Defense of Statute of Limitations.**

9            Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of

10   limitations, including, but not limited to, those set forth in California Code of Civil

11   Procedure sections 335.1, 337-339, 340(a) and 340(3), California Labor Code section

12   203(b), 203 and 226, Cal. Gov. Code §§ 12960(d), 12965(b) and/or Business and

13   Professions Code section 17208; *See Barton v. New United Motor Manufacturing,*

14   *Inc.*, 43 Cal. App. 4th 1200, 1209 (1996) ("Because the primary nature of the right

15   sued upon in a *Tameny* wrongful termination action is personal, the trial court in this

16   case correctly applied the one-year statute of limitations specified in section 340(3)");

17   *Thomas v. Home Depot USA Inc.* (N.D. Cal. 2007) 527 F. Supp. 2d 1003, 1007-08

18   (finding "Plaintiff's PAGA claims...barred by CCP § 340(a) one-year statute of

19   limitations.").

20           **7.        The Eleventh Affirmative Defense of Avoidable Consequences**

21                      **and No Knowledge of Work.**

22           Defendants took reasonable steps to ensure Plaintiff was properly compensated

23   for all time worked, including good faith compliance with California law, and Plaintiff

24   unreasonably failed to use preventative and corrective opportunities provided to him,

25   and reasonable use of such procedures would have prevented at least some, if not all,

26   of the harm allegedly suffered.   Further, if Plaintiff "worked" hours for which

27   compensation was not paid, GEO had no knowledge, or reason to know, of such work

28   and such work was undertaken without the consent or permission of GEO.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                    24.

8. **The Twelve Affirmative Defense of No Employment Relationship.**

GEO Corrections and Detention, LLC was not Plaintiff's employer or joint employer, and thus none of Plaintiff's claims apply to GEO Corrections and Detention, LLC.

9. **The Thirteenth and Twenty-Seventh Affirmative Defenses of Good Faith or Bona Fide Disputes and Lack of Willful Conduct.**

Plaintiff's claims are barred because GEO exercised reasonable care and compensated Plaintiff in a manner that GEO believed, in good faith, complied with the applicable laws and provisions, including the Labor Code and the IWC Wage Orders. As such, a good faith dispute exists as to alleged monies, wages and/or penalties owed. Moreover, any alleged deficiencies were subject to cure, and therefore any penalties would be barred.

In addition, any alleged failure to provide Plaintiff with wage statements in conformity with Labor Code section 226(a), to maintain records pursuant to Labor Code section 1174, to pay Plaintiff timely and properly, or any other alleged violation of the California Labor Code was not knowing, intentional or willful and was not brought to the attention of management, if any.

10. **The Sixteenth and Seventeenth Affirmative Defenses of Failure to Mitigate.**

Plaintiff failed to exercise reasonable care to mitigate his damages by failing to seek alternative employment after his termination of employment with GEO. If it is determined that Plaintiff has the right to any recovery against GEO, such recovery should be reduced or eliminated by such failure.

To the extent Plaintiff precedes to trial with his allegations of unpaid overtime and missed meal and rest breaks, then during his employment with GEO he concealed and misrepresented his actual work hours and meal and rest period activities, and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

25.

1    Plaintiff is not entitled to any damages.  The damages Plaintiff seeks through those

2    claims are barred or should be reduced as a result of Plaintiff's own conduct in

3    concealing them during his employment.

4           **11.    The Eighteenth Affirmative Defense of Failure to Take Breaks**

5                  **Provided.**

6           AB 569 provides an exemption from Section 512(a) for, inter alia, security

7    officers covered by a collective bargaining agreement that "expressly provides for …

8    meal periods for those employees, final and binding arbitration of disputes concerning

9    application of its meal period provisions, premium wage rates for all overtime hours

10   worked, and a regularly hourly rate of pay of not less than 30% more than the state

11   minimum wage rate." Labor Code Section 512(e)(2); *see also, Araquistain v. Pacific*

12   *Gas & Elec. Co.*, 229 Cal.App.4th 227 (2014) (affirming summary judgment when a

13   CBA for covered employees included language regarding permission of employees to

14   eat meals during work hours.)  Here, the CBA provides Plaintiff with the remedy of

15   final and binding arbitration to resolve any disputes concerning their rights under the

16   Contract's meal and rest break period provision. By virtue of AB 569 and the

17   preemption doctrine, Plaintiff's sole remedy to resolve his claims regarding his meal

18   and rest breaks is through the grievance process, as provided in the CBA.

19          In addition, while employers must make meal and rest periods available to

20   employees, they need not ensure they are taken, as employees can voluntarily waive

21   or forego them. *Brinker*, 53 Cal. 4th at 1034, 1040-1041. In accordance with *Brinker*,

22   a missed meal or rest period by itself is not unlawful, as the employee also must prove

23   that the employer pressured or coerced the employee to miss the break. *Id.*

24          Plaintiff cannot establish a claim for missed meal or rest breaks because GEO

25   authorized and permitted him to take all appropriate breaks during his employment.

26   GEO also maintained a lawful meal and rest break policy, and Plaintiff understood the

27   policy and took his breaks.  Plaintiff's time records demonstrate that he took breaks,

28   and Plaintiff has provided no evidence during the course of the litigation to suggest

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                    26.

1  that GEO prevented him from taking, or pressured him not to take, meal or rest
2  breaks.

### 12.     The Twenty-Eighth Affirmative Defense of De Minimis.

4      Defendants took reasonable steps to ensure Plaintiff was properly compensated
5  for all time worked.  If Plaintiff worked time for which compensation was not paid,
6  the duration of the work was *de minimis* or insignificant and was not compensable.

### 13.     The Thirtieth Affirmative Defense of Failure to Timely Exhaust Administrative Remedies.

9      Plaintiff failed to properly and timely exhaust his administrative remedies under
10 the California Government Code sections 12945.2, 12960, and 12965, and California
11 Labor Code section 2698, *et seq.*

### 14.     The Thirty-Second Affirmative Defense of Legitimate Business Decision.

14     "The ultimate burden of persuading the trier of fact that the defendant
15 intentionally discriminated against the plaintiff remains at all times with the plaintiff."
16 (*Texas Dep't of Cmty. Affairs v. Burdine* (1981) 450 U.S. 248, 253.)  Plaintiff cannot
17 overcome his burden.

18     GEO had a legitimate, nondiscriminatory reason for Plaintiff's termination.
19 The question is not whether the decision was based on correct assumptions, but
20 whether the employer reasonably believed its reasons and validly exercised its
21 business judgment. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 358 (2000).  The
22 defendant's reasons do not need to be "wise or correct," and if the articulated reasons
23 are unrelated to the prohibited form of discrimination, then an honest belief, even if
24 foolish, trivial, or baseless suffices. *Guz*, 24 Cal. 4th, at 356.

25     Plaintiff was terminated for failing to secure a shower door with a detainee
26 inside.  While the detainee was in the first tier shower, Plaintiff then left for a period
27 of time to attend to other duties on a different tier.  The unescorted, unsupervised
28 detainee then gained unauthorized access through four locked doors.  Plaintiff's action

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW          27.

1  unquestioningly contributed to the detainee's near escape.  Security, of course, is the

2  paramount concern of prison administrators. As the Supreme Court has noted: "The

3  essence of a correctional counselor's job is to maintain prison security." *Dothard v.*

4  *Rawlinson*, 433 U.S. 321, 335 (1977); *see also Everson v. Mich. Dep't of Corr.*, 391

5  F.3d 737, 753 (6th Cir.2004) ("Unquestionably, the security of the prisons relates to

6  the essence of [prison business].") Security concerns are necessarily intertwined with

7  prison programs and objectives.  *Teamsters Local Union No. 117 v. Washington Dep't*

8  *of Corr.*, 789 F.3d 979, 990 (9th Cir. 2015.) A Detention Officer's failure to secure a

9  detainee, which contributes to the detainee's attempted escape is, quite clearly, a

10  legitimate business reason for termination.

11            **15.    The Thirty-Fifth Affirmative Defense of Mixed Motive.**

12            GEO did not engage in any unlawful or improper conduct regarding Plaintiff's

13  termination of employment, and did not discriminate against Plaintiff because of his

14  gender.   In the event that Plaintiff proves any wrongful acts by GEO, the adverse

15  actions about which Plaintiff complains would have been the same even if the alleged

16  wrongful motive played no role.

17            **16.    The Thirty-Sixth and Thirty-Seventh Affirmative Defenses of**

18                    **Emotional Distress Caused by Other Sources.**

19            Plaintiff has not suffered any actionable emotional distress based on GEO's

20  conduct, and any emotional distress Plaintiff has suffered was proximately caused by

21  factors other than Plaintiff's employment and the actions of GEO or anyone acting on

22  GEO's behalf.

23            To the extent Plaintiff has suffered any symptoms of mental or emotional

24  distress or injury, it was the result of pre-existing psychological disorders or

25  alternative causes, and not the result of any act or omission of GEO.

26            **17.    The Fortieth and Forty-Third Affirmative Defenses of Lack of**

27                    **Standing.**

28            Plaintiff is not entitled and lacks standing to recover civil penalties on behalf of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                           28.

1   himself and/or any allegedly aggrieved current or former employees under the Private

2   Attorneys' General Act, California Labor Code section 2698, *et seq.* because he failed

3   to exhaust his administrative remedies pursuant to Labor Code section 2699.3 and that

4   failure bars his claim.  Plaintiff failed to provide the Labor Workforce Development

5   Agency with proper notification of the claims and/or the names of the allegedly

6   "aggrieved current or former employees" on whose behalf he intends to seek

7   penalties, including compliance with the timing requirement for the notice and

8   appropriate filing with the State (i.e. SB 836), or proper notification to GEO.

9          Plaintiff lacks standing to bring claims for any civil penalties on behalf of

10  others because he is not an allegedly "aggrieved employee," pursuant to Section 2698,

11  *et seq.*

12         **18.    The Forty-Seventh Affirmative Defense of LMRA Preemption.**

13         The CBA states, in relevant part, "No Officer shall be disciplined or discharged

14  without Just Cause.  The Company shall provide the Officer and the Union with a

15  copy of all disciplinary action forms…"  The CBA also provides a representative list

16  of reasons that constitute Just Cause for immediate dismissal, which includes

17  inattention to one's post.  The CBA includes a grievance procedure, which requires

18  covered employees (and GEO) to resolve covered disputes through arbitration.

19         Any claim by Plaintiff that GEO did not have just cause to terminate his

20  employment is governed by the collective bargaining agreement ("CBA"), is

21  preempted by Section 301 of the Labor Management Relations Act ("Section 301"),

22  and must be grieved and arbitrated pursuant to the applicable CBA.  Section 301

23  preempts state-law claims that are either based on, or require interpretation of, a CBA.

24  *Associated Builders & Contractors v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d

25  1353, 1356-1357 (9th Cir. 1997) (Section 301 is construed "quite broadly to cover

26  most state-law actions that require interpretation of labor agreements").

27         In addition, the CBA provides a meal and rest break policy, governs the

28  payment of additional compensation for any overtime worked, and specifies    the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                29.

1   schedule for payment of wages.  The CBA also addresses the wages and working
2   conditions of Plaintiff's employment, and Plaintiff was paid at least 30 percent more
3   than minimum wage.  As a result, Plaintiff cannot bring a claim for violation of
4   Sections 510, 512, 204, and 210, in accordance with Sections 514 and 512, as Plaintiff
5   must address the claim within the scope of a grievance with the Union.

6   　　　　Further, Plaintiff's position regarding his wage and hour claims is based on his
7   argument about the working conditions and policies, or change in policies, in the
8   facility, including his belief that it was "understaffed."  But those policy and staffing
9   issues are all governed by, and require interpretation of, the CBA and thus Plaintiff's
10   dispute concerning them must be grieved and arbitrated pursuant to the CBA, not in
11   this forum.

12   **III.   ADDITIONAL ISSUES**
13   　　　　**A.   <u>Jury Trial.</u>**
14   　　　　GEO does not request a jury trial, but Plaintiff's complaint includes a demand
15   for a jury trial.  Plaintiff's fourth cause of action for Unfair Business Practices (Cal.
16   Bus. & Prof. Code § 17200, *et seq.*) is not triable to a jury as a matter of right.  GEO
17   requests that the Court bifurcate that equitable claim from Plaintiff's legal claims, and
18   decide it first along with GEO's equitable affirmative defenses, as addressed above.

19   　　　　**B.   <u>Attorney's Fees.</u>**
20   　　　　While certain of Plaintiff's claims carry the potential for an attorney's fee
21   award, GEO contends that Plaintiff is not entitled to attorneys' fees because his claims
22   are without merit and he will not be a prevailing party at trial.  In addition, to the
23   extent Plaintiff prevails on a claim for which he may be entitled to attorney's fees, the
24   Court should limit any attorney fee award to only those attorney's fees necessarily and
25   reasonably incurred for the prosecution of the specific prevailing claim(s) for which
26   Plaintiff may be entitled to attorney's fees, and not the prosecution of any other claim.
27
28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

30.

1

## C.   <u>Abandonment of Issues.</u>

GEO has not abandoned any issues with respect to Plaintiff's current claims and allegations.

Respectfully submitted,

Dated:   January 9, 2017

<u>/s/ *Michelle Rapoport*</u>
ELIZABETH STAGGS WILSON
MICHELLE RAPOPORT
BROOKE DEARDURFF
LITTLER MENDELSON, P.C.
Attorneys for Defendants
THE GEO GROUP, INC. and GEO
CORRECTIONS AND DETENTION, LLC

Firmwide:151620253.2 059218.1286

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW                    31.