AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
11835 W Olympic Blvd., STE 1055
Los Angeles, California 90064
Telephone: (310) 473-1111
Facsimile: (310) 473-2222
amir@mostafavilaw.com

Attorneys for Plaintiff EMANUEL SANTIAGO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL SANTIAGO, an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br><br>THE GEO GROUP, INC., a Florida Corporation dba GEO CALIFORNIA, INC.; GEO Corrections and Detention, LLC; DOES 1-10, individuals, and DOES, 11-20, business entities inclusive,<br><br>DEFENDANTS. | Case No. 5:16-cv-02263-DOC-KK<br><br>**PLAINTIFF EMANUEL SANTIAGO'S TRIAL WITNESS LIST**<br><br>Assigned to: Hon. David O. Carter<br>Courtroom: 9D – 9th Floor<br><br>Action Filed: July 18, 2016<br>Pretrial Conference: January 16, 2018<br>Trial Date: January 16, 2018 |

    Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A) and Central District of California Local Rule 16-5, Plaintiff Emanuel Santiago ("Plaintiff") provides the following list of witnesses it anticipates calling at trial, including time estimates for each witness it anticipates calling at trial. An asterisk is placed next to the names of those witnesses whom Plaintiff may call only if the need arises. Plaintiff reserves the right to modify and/or supplement the witnesses listed below

1

PLAINTIFF EMANUEL SANTIAGO'S TRIAL WITNESS LIST

to be called at trial and to call undisclosed witnesses for rebuttal and/or impeachment as permitted by the Federal Rules of Civil Procedure and Local Rules.

An asterisk is placed next to the names of those witnesses whom Plaintiff may call only if the need arises.

**JOINT WITNESS LIST**

| No. | Witness Name | Description of Testimony |
|---|---|---|
| 1. | Plaintiff Emanuel Santiago | Plaintiff has knowledge of the allegations in his Complaint, including the details regarding his employment with Defendants, as well as his claimed damages in this matter. |
| 2. | Warden James Janecka | During the relevant time period in this action, James Janecka was the Warden of the Adelanto Detention Center. Warden Janecka has knowledge regarding Defendant's policies and procedures, Plaintiff's employment, and his allegations. Mr. Janecka recommended and approved termination of plaintiff and officer Marquez in around mid-August 2015. |
| 3. | Assistant Warden Patricia Seibert-Love | During the relevant time period in this action, Patricia Seibert-Love was the Assistant Warden of the Adelanto Detention Center. Assistant Warden Seibert-Love has knowledge regarding Defendant's policies and procedures, Plaintiff's employment, and his allegations. Ms. Love have instructed the officers not to lock the showers in the administrative unit if razors are not used. |
| 4. | Lieutenant Regina Duran | During the relevant time period in this action, Regina Duran was a Lieutenant at the Adelanto Detention Center. Lt. Duran has knowledge of procedures in the Restricted Housing Unit and the incident on August 5, 2015, which led to |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
11835 W OLYMPIC BLVD. STE 1055, LOS ANGELES, CA 90064

| No. | Witness Name | Description of Testimony |
|---|---|---|
|  |  | Plaintiff's termination. |
| 5. | Lieutenant Ron Anderson | During the relevant time period in this action, Ron Anderson was a Lieutenant at the Adelanto Detention Center. Lt. Anderson has knowledge of procedures in the Restricted Housing Unit and the incident on August 5, 2015, which led to Plaintiff's termination. |
| 6. | Officer Brian Patterson | During the relevant time period in this action, Brian Patterson was an Officer at the Adelanto Detention Center who was supposed to work alongside Plaintiff on the day of the incident on August 5, 2015, which led to Plaintiff's termination. |
| 7. | Aida Aldape | During the relevant time period in this action, Aida Aldape was a human resources manager for the Adelanto Facility. Ms. Aldape's communication with the regional office an corporate is indicative of underlying basis for termination of plaintiff and not officer Marquez. |
| 8. | Chief of Security Joshua Johnson | Chief Johnson is familiar with facility procedures and protocols relating to timekeeping and security measures. |

## PAINTIFFS' WITNESS LIST

| No. | Witness Name | Description of Testimony |
|---|---|---|
| 1. | Sargent James Hutchinson, III | Sargent Hutchinson was the responsible Sargent on duty on the day of the incident on August 5, 2015, which led to Plaintiff's termination. Sargent Hutchinson was one of the supervisors who brought the detainee back to the Administrative unit. |
| 2. | Officer Joseph Lee Harris | Officer Harris worked at the Central Control unit along Officer Marquez on the day of the incident on August 5, 2015, which led to Plaintiff's termination. |
| 3. | Officer Elizabeth | Officer Marquez is the officer who |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
11835 W OLYMPIC BLVD. STE 1055, LOS ANGELES, CA 90064

| No. | Witness Name | Description of Testimony |
|---|---|---|
|  | Marquez | worked at the Central Control unit along Officer Marquez on the day of the incident on August 5, 2015, which led to Plaintiff's termination. Officer Marquez was placed on medical leave for about ten months after the incident whereas plaintiff was summarily terminated. |
| 4. | Officer N. Shelton | Officer Shelton drafted the internal memorandum confirming the directive he had received from Assistant Warden Love that showers in the Administrative Unit should not be locked/secured unless razor is used. |
| 5. | Officer Shanna Daniel Nowicki | Officer Nowicki is the Vice President of the Union at the Adelanto. Ms. Nowicki has knowledge about training as officers working in admin unit, staffing after division of segregation into admin and disciplinary units, requirement for locking showers, break logs, and change of policies at the Adelanto after the August 5, 2015 incident. |
| 6. | Officer Daniel Moreiko | Officer Moreiko has knowledge about duties specifics to the second shift where plaintiff worked including doing detainees' count while they are not in their cell, delivering meal to detainees, meal and rest breaks to employees, and non-manned control unit at the segregation unit. |
| 7. | Office E. Macias | Officer Macias has knowledge about criminal justice and detention facilities including safety measures required to protect safety of detainees, general public and employees of the detention facilities. Officer Macias worked at the segregation unit. Officer will testify on shower requirement, and escorting detainees to the shower, and different policies and procedures to handle detainees in disciplinary vs. admin units. Officer |

MOSTAFAVI LAW GROUP, APC
PRACTICE LIMITED IN EMPLOYMENT LAW
1835 W OLYMPIC BLVD. STE 1055, LOS ANGELES, CA 90064

| No. | Witness Name | Description of Testimony |
|---|---|---|
|  |  | Macias will also testify on practice of providing breaks at the Adelanto facility. |
| 8. | Dr. Reading | Dr. Reading is a retained expert for Plaintiff. Dr. Reading will testify as to plaintiff's extent of emotional damages he has suffered as the result of termination of his employment by Defendant GEO. |
| 9. | Officer J. Mora* | Officer Mora was one of the officers who saw Detainee Irias in the hallways before returning him to the admin unit on the day of incident on August 5, 2015 for which plaintiff was terminated. |
| 10. | Officer R. Ornales | Officer Ornales was one of the officers who saw Detainee Irias in the hallways before returning him to the admin unit on the day of incident on August 5, 2015 for which plaintiff was terminated. |

Date: January 14, 2018                   **MOSTAFAVI LAW GROUP, APC**

                                         By: _____
                                             Amir Mostafavi, Esq.
                                             Attorneys for Plaintiff
                                             EMANUEL SANTIAGO

PLAINTIFF EMANUEL SANTIAGO'S TRIAL WITNESS LIST